IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL B. O'KEEFE,** *et al.* | § | **PLAINTIFFS** |
| | § | |
| V. | § | **Civil No. 1:08CV600-HSO-LRA** |
| | § | |
| **STATE FARM FIRE & CASUALTY** | § | |
| **COMPANY,** *et al.* | § | **DEFENDANTS** |

<u>**ORDER AND REASONS DENYING**</u>
<u>**PLAINTIFFS' MOTION TO REMAND**</u>

This cause comes before the Court upon the Motion of Plaintiffs Daniel O'Keefe, Celeste Foster O'Keefe, and The Dancel Group, Inc., filed October 13, 2008 [33-1], to Remand the above styled and numbered civil action to the Circuit Court of Harrison County, Mississippi, First Judicial District. Defendant State Farm Fire & Casualty Company ["State Farm"] filed a Response in Opposition on October 30, 2008 [51-1]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiffs' Motion to Remand should be denied.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiffs contend that their residence in Ocean Springs, Mississippi, and business locations in New Orleans, Louisiana, and D'Iberville, Mississippi, were insured under policies issued by State Farm. *See* Second Am. Compl. [1-5], at pp. 2-3. Defendant Marshall J. Eleuterius ["Eleuterius"] was their local State Farm insurance agent in Mississippi. *See id.* at p. 4. Plaintiffs allege that they sustained covered losses during Hurricane Katrina and made claims to State Farm for those losses, which were not paid. *See id.* at pp. 7-8. Plaintiffs also allege that Eleuterius

made various misrepresentations to them regarding their insurance coverage, and failed to procure appropriate coverage for Plaintiffs' dwelling. *See id.* at pp. 5, 9-10.

Plaintiffs originally filed this case on August 28, 2006, in the Circuit Court of Harrison County, Mississippi, First Judicial District. *See* Compl. [1-2]. Plaintiffs filed an Amended Complaint on December 14, 2006. *See* Notice of Removal, at p. 1; Amended Complaint [4-1], at p. 61, attached as Ex. "A" to Notice of Removal. The most recent, and operative, complaint is the Second Amended Complaint, which Plaintiffs filed on January 19, 2007. *See* Second Am. Compl. [1-5]; Pls.' Mot. to Remand, at p. 1; Def.'s Resp., at p. 6. In that pleading, Plaintiffs assert claims including breach of contract, fraud, and bad faith against State Farm, and negligent procurement of adequate insurance coverage against Eleuterius. *See* Second Am. Compl. [1-5], at pp. 7-11.

On May 11, 2007, State Farm propounded written discovery requests to Plaintiffs Daniel and Celeste O'Keefe [the "O'Keefes"], requesting detailed information regarding the basis of their claims against State Farm. The O'Keefes served their signed discovery responses on July 3, 2007. *See* O'Keefes' Resps. to Def.'s Discovery Requests, attached as Ex. "B" to Notice of Removal. Plaintiffs' counsel later emailed the O'Keefes' draft amended and supplemental discovery responses to defense counsel on July 16, 2008. *See* Email dated July 16, 2008, attached as Ex. "4" to Pls.' Mot. to Remand. The O'Keefes served their final, sworn amended and supplemental discovery responses on August 13, 2008. *See* O'Keefes' Supplemental Resps. to Def.'s Discovery Requests, attached as Ex. "C" to Notice of

2

Removal.

Previously, on July 1, 2008, Plaintiffs filed a Motion to Amend in state court, seeking to file a Third Amended Complaint in order "to more clearly define the claims alleged against all Defendants and to join State Farm Mutual Automobile Insurance Company as an additional Defendant in this cause." Pls.' Mot. for Leave to Amend [4-1], at p. 3, attached as Ex. "A" to Notice of Removal; *see* Third Amended Compl., attached as Ex. "2" to Pls.' Mot. for Leave to Amend [4-1], at p. 3, attached as Ex. "A" to Notice of Removal. Before the state court ruled on the Motion to Amend, Defendants removed the case to this Court on September 11, 2008, alleging original federal question jurisdiction over the claims against Defendants under 28 U.S.C. § 1331, and contending the removal was timely based upon the "other paper" provision of 28 U.S.C. § 1446(b). Plaintiffs filed the present Motion to Remand [33-1] on October 13, 2008.

## II. DISCUSSION

A.  Standard of Review

28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441.

Where a case is removed and there is a defect in removal procedure, remand is appropriate. *See* 28 U.S.C. § 1447(c). A motion to remand on the basis of any

3

defect in removal, other than lack of subject matter jurisdiction, must be made within thirty days after the filing of the notice of removal. *See id.* The time for filing a removal petition is governed by 28 U.S.C. § 1446(b), which provides in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days of the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party or parties seeking removal, Defendants in this case, bear the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388

(5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B. <u>Defendants' Removal</u>

In their Motion to Remand, timely filed within thirty days of the Notice of Removal, Plaintiffs assert both procedural defects in the removal and an absence of subject matter jurisdiction. Specifically, Plaintiffs contend that (1) they are not pursuing any federal claims which would give rise to this Court's original federal question jurisdiction; (2) Defendants' removal was untimely pursuant to 28 U.S.C. § 1446(b); (3) Defendants' Notice of Removal failed to comply with 28 U.S.C. § 1446(a); and (4) Defendants have waived their right to remove this matter to federal court through their actions and conduct in the state court proceeding. *See* Mot. to Remand, at pp. 1-3.[1] Plaintiffs therefore assert that remand is required.

1. <u>Subject Matter Jurisdiction</u>

Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). A plaintiff may not, however, avoid removal jurisdiction by simply failing to plead a necessary federal question in the complaint. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983).

"Under limited circumstances, courts have looked to 'other paper' to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is

---

[1] These arguments were presented in a different order in Plaintiffs' brief, but the Court is of the opinion that the question of subject matter jurisdiction must be addressed first, as the remaining arguments presuppose jurisdiction.

5

one that would be preempted by federal law." *Eggert v. Britton*, 223 Fed. App'x 394, 397 (5th Cir. 2007). The "other paper" must clarify the federal nature of an *existing* claim, and not relate to a putative claim that has not yet been pled. *See id.* at 397-98*; see also Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999) (holding that "deposition testimony that does not tend merely to clarify the federal nature of an existing claim but which relates to a putative claim *which has not been pled*, is not 'other paper' from which it may be ascertained that the case is or has become removable.") (emphasis in original) (*citing Gruner v. Blakeman,* 517 F. Supp. 357, 361 (D. Conn. 1981)).

As for the conversion of an initially non-removable case into a removable one, "[t]he Fifth Circuit has indicated that the 'other paper' conversion requires a *voluntary act by the plaintiff." See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (emphasis in original) (*citing Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 254 (5th Cir. 1961)). It has also "held that the defendant's subjective knowledge cannot convert a case into a removable action." *Id.* (*citing Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

Defendants contend that the federal nature of Plaintiffs' existing claims asserted in the Second Amended Complaint was clarified by the O'Keefes' Supplemental Responses to Defendants' Interrogatories, sworn copies of which were served on August 13, 2008. *See* Resp. in Opp'n to Pls.' Mot. to Remand, at p. 11; O'Keefes' Supplemental Resps. to Def.'s Discovery Requests, attached as Ex. "C" to Notice of Removal. Defendants rely upon several supplemental responses by

6

Plaintiffs, including the O'Keefes' Response to Interrogatory No. 16:

**INTERROGATORY NO. 16:** If you contend as alleged in paragraph 18 of O'Keefes' Complaint that "State Farm engaged in a scheme to make the claims and adjusting process difficult and confusing," please state and describe with specificity each factual and legal basis for said allegations, identifying each such scheme you reference, and how each was designed to and whether you contend it did pressure adjusters/investigators/employees to pay less than the fair market value of the claim, to create unfair advantage over competitors, and its insured, and if so how, and identify all witnesses and documents which you contend either support, contradict or relate in any way to said claims.

**RESPONSE TO NO. 16:** The O'Keefes object to Interrogatory No. 16 to the extent that it misquotes, mischaracterizes, and/or misconstrues the allegations of the Complaint. O'Keefes further object to Interrogatory No. 16 on the grounds that it is overly broad and unduly burdensome to the extent that it seeks to require the O'Keefes to recount in an interrogatory response every fact known by any witness, or contained in any document that relates to the subject matter of the interrogatory. The O'Keefes further object to Interrogatory No. 16 on the grounds that it is sufficiently broad to encompass information and/or documents that would be protected from disclosure by the attorney-client privilege and/or work product doctrine. Without waiving these objections, the O'Keefes state that State Farm, through its agents, failed to adequately investigate their homeowners' claim and repeatedly demanded information that the O'Keefes had already provided, while accusing the O'Keefes of failing to provide the requested information. The O'Keefes are also informed and believe that State Farm engaged in a course of bad faith conduct toward all of its Mississippi Gulf Coast customers whereby State Farm attempted to force and/or induce its agents and contractors to minimize State Farm's claims exposure by manipulating or fabricating evidence regarding the apportionment of property between damage between wind and storm surge causes of loss. To the extent the O'Keefes possess documentary evidence of such a scheme, it shall be produced.

**AMENDED/SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:** Subject to and without waiving their objections see Supplemental/Amended Response to Interrogatory No. 2. Additionally, Plaintiffs claim that the Wind Water Protocol was drafted by Defendants as part of a top down, institutional scheme to wrongfully deny coverage under the subject policy of insurance. Plaintiffs would show that the subject protocol, as admitted by representatives of State Farm, contains extra contractual requirements for coverage not contained

7

> in the subject policy of insurance. *Plaintiffs would also show that, unbeknownst to Plaintiffs, State Farm drafted and proposed amended guidelines for handling State Farm administered NFIP claims to the Federal government. As part of State Farm's scheme of institutional fraud, these amended guidelines were utilized to allow State Farm to pay policy limits on flood claims, such as Plaintiffs', without making any determination as to the cause of loss. State Farm then uses this payment, which was made without any determination as to the cause of loss by Defendant or admission of cause of loss by Plaintiffs, to urge that Plaintiffs have admitted damage was caused by flood, in an effort to avoid meeting State Farm's absolute, non-delegable duty to either pay Plaintiffs' loss and/or prove loss was caused by a peril excluded under the subject policy of insurance.* Plaintiffs *also* refer the Defendants to the allegations in their proposed Third Amended Complaint. As discovery in this matter is ongoing, Plaintiffs specifically reserve the right to supplement this response.

O'Keefes' Supplemental Resps. to Def.'s Discovery Requests, at pp. 22-24, attached as Ex. "C" to Notice of Removal (emphasis added).

42 U.S.C. § 4072 provides that the district court has original and exclusive jurisdiction over lawsuits against the Director of the Federal Emergency Management Agency for denials of claims made by insured individuals pursuant to their Standard Flood Insurance Policy ["SFIP"] under the National Flood Insurance Program ["NFIP"]. *See* 42 U.S.C. § 4072. In the case of a SFIP issued by a "Write Your Own" ["WYO"] private insurer authorized by the NFIP to sell flood insurance, such as State Farm in this case, the Fifth Circuit has held that "state law tort claims arising from claims handling by a WYO are preempted by federal law." *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 390 (5th Cir. 2005). This Court has similarly and consistently held that while federal question jurisdiction does not exist when a plaintiff's claim relates to the procurement of a SFIP, *see, e.g., McCall v. Trustmark Nat. Bank*, Civil No. 1:07cv8-LTS-RHW, 2007 WL 1977730, *2 (S.D.

8

Miss. July 2, 2007), jurisdiction does exist when a plaintiff's claim relates to the administration or adjustment of that policy, *see, e.g., Nilson v. Nationwide Mut. Ins. Co.*, Civil No. 1:07cv990-LTS-RHW, 2008 WL 3200681, *2 (S.D. Miss. Aug. 6, 2008); *Jones v. Mississippi Farm Bureau Mut. Ins. Co.*, Civ. No. 1:06cv734-LTS-RHW, 2007 WL 3010336, *1 (S.D. Miss. Oct. 10, 2007).

In their Second Amended Complaint, Plaintiffs asserted claims for breach of contract, fraud, and bad faith against State Farm, which were not facially removable. *See* Second Am. Compl. [1-5], at pp. 7-11. Plaintiffs were asked to explain their allegation that State Farm engaged in a scheme to make the claims and adjusting process difficult and confusing, and to state and describe with specificity each factual and legal basis for that allegation. *See* Interrogatory No. 16, O'Keefes' Supplemental Resps. to Def.'s Discovery Requests, at p. 22, attached as Ex. "C" to Notice of Removal (emphasis added). Through Plaintiffs' Amended/Supplemental Responses served on August 13, 2008, they acted voluntarily, clarified their causes of action, and detailed their allegations, which the Court is persuaded relate to the administration of the NFIP and adjustment of Plaintiffs' SFIP. *See* Pls.' Amended/Supplemental Resp. to Interrogatory No. 16, O'Keefes' Supplemental Resps. to Def.'s Discovery Requests, at p. 22, attached as Ex. "C" to Notice of Removal (emphasis added). A federal question has been presented.

The Court is therefore of the opinion that these Amended/Supplemental Responses constituted "other paper" within the meaning of 28 U.S.C. § 1446(b). *See*

*Eggert*, 223 Fed. App'x at 397-98; *Trotter*, 47 F. Supp. 2d at 792. Original and exclusive federal question jurisdiction exists over those claims related to the administration of NFIP and the adjustment of Plaintiffs' SFIP, including their breach of contract and fraud claims. *See Nilson*, 2008 WL 3200681, at *2; *Jones*, 2007 WL 3010336, at *1.

    2.    <u>Timeliness of Removal under 28 U.S.C. § 1446(b)</u>

A plain reading of Plaintiffs' initial Complaint, First Amended Complaint, and Second Amended Complaint demonstrates that the case was not initially removable from the face of those pleadings. The Court has already determined that it has original and exclusive federal question jurisdiction over Plaintiffs' claims against State Farm based on the clarification by the O'Keefes in their Amended/Supplemental Responses to State Farm's discovery requests. The question now presented is whether the case was timely removed by Defendants.

Pursuant to the second paragraph of 28 U.S.C. § 1446(b), when a case is not initially removable on the complaint's face, a notice of removal must be "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b). Plaintiffs contend that the operative date for determining the timeliness of the removal of this case is either July 1, 2008, the date that Plaintiffs filed in state court their Motion for Leave to Amend their Complaint and attached their proposed Third Amended Complaint, or July 16, 2008, the date that a draft of the O'Keefes'

10

supplemental interrogatory responses was emailed to defense counsel. *See* Pls.' Mot. to Remand, at p. 4. Using either of these dates, Defendants' Notice of Removal, filed on September 11, 2008, would be untimely. *See* Notice of Removal [1-1]. Defendants counter that the proper date to consider is August 13, 2008, the date that the sworn, final copy of the O'Keefes' Amended/Supplemental Discovery Responses was served. Using this date would make removal timely. *See* Resp. in Opp'n to Pls.' Mot. to Remand, at pp. 4-6.

The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Court is of the opinion that neither Plaintiffs' Motion for Leave to Amend, filed in state court with an attached proposed Third Amended Complaint, nor the O'Keefes' draft supplemental interrogatory responses, emailed to defense counsel, were sufficiently unequivocally clear and certain to start the thirty day removal clock under section 1446(b). *See* 28 U.S.C. § 1446(b)*; Bosky*, 288 F.3d at 211. The Motion for Leave to Amend was never granted, and the Third Amended Complaint was never signed, dated, or filed. *See Bosky*, 288 F.3d at 211*; Bolden v. McMillin*, Civil No. 3:06cv567LN, 2006 WL 3694599, *1 (S.D. Miss. Dec. 13, 2006); *see also Blanks v. Lockheed Martin Corp.*, Civil No. 4:05cv137LN, 2006 WL

11

1139941, *2-3 (S.D. Miss. Apr. 25, 2006).[2]  The draft supplemental interrogatory responses sent to defense counsel on July 16, 2008, were not signed by Plaintiffs and had not been finalized.  The Court is of the opinion that the case became removable on August 13, 2008, the date that the O'Keefes' signed Amended/Supplemental Discovery Responses were served.  Therefore, Defendants' Notice of Removal was timely pursuant to the second paragraph of section 1446(b).

3.  Compliance with 28 U.S.C. § 1446(a)

28 U.S.C. § 1446(a) requires a defendant removing a case from a state court to

> file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

---

[2] The Court notes that there is conflicting case law in this district regarding whether a Motion to Amend itself can be an "other paper" if a state court has not ruled upon it.  *Compare Morrison v. National Benefit Life Ins. Co.*, 889 F. Supp. 945, 948 (S.D. Miss. 1995) (stating that "[w]hether or not the lower court has approved Plaintiffs' Motions to Amend, the Motions certainly constitute 'other paper from which it may be first ascertained that the case is one which is or has become removable....'") (*quoting* 28 U.S.C. § 1446(b)), *with Schoonover v. West American Ins. Co.*, 665 F. Supp. 511, 514 (S.D. Miss. 1987) (finding that the motion for leave to amend the complaint "did not show that the case had become removable, as required by the plain language of 28 U.S.C. § 1446(b), because the state court retained discretion to deny leave to amend") (internal citations omitted).  However, both *Morrison* and *Schoonover* were district court cases dated before the Fifth Circuit's decision in *Bosky*, which delineated the "unequivocally clear and certain" requirement.  *See Bosky*, 288 F.3d at 211.  Both *Blanks* and *Bolden* were decided after *Bosky*.  In the present case, unlike in *Blanks*, Plaintiffs did not do all that was strictly necessary to effect an amendment prior to Defendants' removal, and therefore, the Court is of the opinion that, under the facts of this case, the Motion to Amend filed in state court was not an "other paper" which would have started the thirty day removal clock.  *See Blanks*, 2006 WL 1139941, at *3; *see also Bolden*, 2006 WL 3694599, at *1 (explaining that "[i]mplicit in the court's opinion [in *Blanks*] was its conclusion that until such time as the state court granted the motion to amend, the case was not removable.").

Plaintiffs contend that Defendants' Notice of Removal failed to comply with the statute because it did not include copies of all process, pleadings, and orders served upon Defendants, requiring remand. *See* Pls.' Mot. to Remand, at p. 3. Plaintiffs point out that the attachments to the Notice of Removal were not filed on this Court's CM/ECF system until September 15, 2008, more than thirty days after August 13, 2008, the date that the case became removable. State Farm insists that it did physically file the state court record in this Court on September 11, 2008.

The Court has been advised by the Clerk's Office that the electronic filing procedure at the time of the removal of this case was to electronically file the Notice of Removal with limited other documents. The remainder of the state court files in cases removed at that time were maintained in hard copy in the file in the Clerk's Office. Such was the situation here. As noted in the Clerk's docket entry [1-1] of September 11, 2008, the "State court record [is] maintained in file." The Court has reviewed the file in the Clerk's Office, and it appears from the Clerk's records that all process, pleadings, and orders served upon Defendants in state court were filed with the Court on September 11, 2008, as was the Notice of Removal. *See* 28 U.S.C. § 1446(a). State Farm subsequently electronically filed these attachments on September 15, 2008. *See* Attachments to Notice of Removal [3-1], [4-1], [5-1], & [6-1]. The Court is of the opinion that the requisite documents were timely filed, and remand on this alleged procedural defect is inappropriate.

4. <u>Waiver</u>

Plaintiffs contend that "Defendants have waived their right to remove this

matter to Federal Court through their actions and conduct in the State Court proceeding." Pls.' Mot. to Remand, at p. 2. Plaintiffs maintain that, because Defendants asked for, and received, an Agreed Order for Extension of Time in which to file a response to Plaintiffs' Motion for Leave to Amend their Second Amended Complaint, and because State Farm subsequently filed a Response and Memorandum in Opposition to the Motion for Leave to Amend, Defendants have waived their right to remove this case by voluntarily submitting the issues raised in the Third Amended Complaint to the jurisdiction of the state court. *See id.* at pp. 2-3; Pls.' Mem. in Supp. of Mot. to Remand, at pp. 2, 12-14.

Plaintiffs further contend that Defendants voluntarily submitted to the jurisdiction of the state court by filing various other pleadings, including a Motion to Dismiss on February 22, 2007, and by noticing the Motion to Dismiss for hearing on September 4, 2008. *See* Pls.' Mem. in Supp. of Mot. to Remand, at pp. 13-14. Several days before this scheduled hearing, the state court contacted the parties' counsel and advised that the hearing would be canceled, and that it was ordering the parties to mediation. *See id.* at p. 13. On September 11, 2008, the day the case was removed, the state court entered an order requiring the parties to submit to mediation on or before October 3, 2008. *See id.* Plaintiffs assert that Defendants' removal was in response to this purported "adverse ruling" by the state court, or "at least a signal of an adverse ruling to come," making the removal, in essence, an appeal from an adverse ruling in state court, such that Defendants waived their right to remove. *See id.* at p. 14 n.2 (*citing McKnight v. Illinois Central Railroad,*

14

967 F. Supp. 182, 186 (E.D. La. 1997)). State Farm disputes these allegations.

In *McKnight v. Illinois Central Railroad*, 967 F. Supp. 182 (E.D. La. 1997), cited by both Plaintiffs and State Farm, the United States District Court for the Eastern District of Louisiana stated that

> The right to remove a case to federal court may be waived by acts taken in the state court, *subsequent to the creation of the right to remove*, that indicate the defendant has invoked the jurisdiction. . . . Also a defendant will be deemed to have waived the right of the removal where the removal is, in essence, an appeal from an adverse ruling of the state court.... As a general rule, the right of removal is not lost by action in the state court *short of proceeding to an adjudication on the merits.*

*McKnight*, 967 F. Supp. at 186 (emphasis added) (internal quotations and citations omitted).

"[W]aiver is 'the intentional relinquishment or abandonment of a known right.'" *Tedford v. Warner-Lambert*, 327 F.3d 423, 428 n.15 (5th Cir. 2003) (*quoting In re Al Copeland Enters., Inc.*, 153 F.3d 268, 271 (5th Cir. 1998)). "A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Id.* at 428 (internal citations omitted).

The Court has determined previously herein that the triggering event for removal of this case was receipt of the O'Keefes' finalized Amended/Supplemental Interrogatory Responses. The case was not removable before that time. The Court finds that, under the facts of this case, any action by Defendants in state court prior to the creation of the right to remove did not waive their right to remove. *See Tedford*, 327 F.3d at 428 n.15; *see also McKnight*, 967 F. Supp. at 186. The Court agrees with State Farm's argument that cancellation of a noticed hearing and

15

ordering a case to mediation are not akin to an adjudication on the merits. *See Tedford,* 327 F.3d at 428; *see also McKnight*, 967 F. Supp. at 186. The Court is of the opinion that there was no clear and unequivocal waiver of the right to remove by Defendants, and remand on this ground is therefore inappropriate.

     5.    Supplemental Jurisdiction

As discussed earlier, the Court concludes that it has original federal question jurisdiction over Plaintiffs' claims related to the administration of their NFIP. The Court is of the opinion that it should exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(a), because the remaining claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(a). The Court further finds that there is no reason for it to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c).

### III. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiffs' Motion to Remand must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiffs' Motion to Remand [33-1] the above styled and numbered cause to state court, filed October 13, 2008, should be, and is, hereby **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 13th day of January, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE