IN THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY, MISSISSIPPI

DANIEL B. O'KEEFE,
CELESTE A. FOSTER O'KEEFE,
and THE DANCEL GROUP, INC.                                         PLAINTIFFS

VS.                                                    CIVIL ACTION NO. A2401-06 307

STATE FARM FIRE & CASUALTY
COMPANY and MARSHALL J. ELEUTERIUS              DEFENDANTS

---

## SECOND AMENDED COMPLAINT
[TRIAL BY JURY REQUESTED]

---

Daniel B. O'Keefe, Celeste A. Foster O'Keefe, and the Dancel Group, Inc. ("Mr. and Mrs. O'Keefe" and/or "Dancel") file this Amended Complaint against State Farm Fire & Casualty Company and Marshall J. Eleuterius. The grounds are:

### I. PARTIES

1. Mr. and Mrs. O'Keefe are adult resident citizens of Jackson County, Mississippi, residing at 12804 Cambridge Boulevard, Ocean Springs, Mississippi 39564. Prior to Hurricane Katrina, they were adult resident citizens of Jackson County, Mississippi, residing at 12901 Hanover Drive, Ocean Springs, Mississippi 39564.

2. The Dancel Group, Inc., formerly known as Dancel Visual Communications, Inc., is a Mississippi corporation with its principal place of business located in Harrison County, Mississippi at 10265 Rodriguez Street, D'Iberville, Mississippi 39540.

EXHIBIT 2

3. The Defendant State Farm Fire & Casualty Company ("State Farm") is an Illinois corporation, organized and existing in and by virtue of the laws of the State of Illinois, with its principal offices located in Bloomington, Illinois. State Farm can be served with process through the Mississippi Insurance Commissioner and through its registered agent, William E. Pina, 1080 River Oaks Drive, Suite B-100, Flowood, Mississippi 39232-8744.

4. The Defendant Mr. Marshall J. Eleuterius is an agent for State Farm. Mr. Eleuterius, individually, and as an employee/agent of State Farm Insurance can be served with process at 414 Security Square, Gulfport, Mississippi 39057.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper in the First Judicial District of the Harrison County Circuit Court. The amount in controversy exceeds the minimal jurisdictional limits. The insurance polices subject to this litigation were issued in Harrison County, Mississippi. A substantial part of the events giving rise to the claims involved in this litigation occurred within this jurisdiction. The venue is also proper in this court.

## III. INSURANCE POLICIES

6. The following insurance polices provided coverage to Mr. and Mrs. O'Keefe and/or Dancel, all of which are subject to this litigation:

- State Farm Business Policy No. 98-33-7526-2 covering Dancel's property and operations in New Orleans, Louisiana;

- State Farm Business Policy No. 99-B5-9935-5 covering Dancel's property and operations in D'Iberville, Mississippi;

- State Farm Homeowner's Policy No. 24-CD-9277-6 covering the O'Keefes' property at 12901 Hanover Drive, Ocean Springs, Mississippi; and

## IV. HURRICANE KATRINA

7. On August 24, 2005, Hurricane Katrina formed in the Atlantic Ocean as a tropical depression. The windstorm moved northwest through the Bahamas and gathered strength while moving over the Gulf Stream on August 25, 2005. Katrina became a hurricane a few hours before making landfall in the United States in the vicinity of Dade and Broward Counties in Florida. The storm passed through Florida and into the Gulf of Mexico. It was fueled by high water temperature. On August 28, 2005, Katrina went through a period of rapid intensification, and reached a Category 5 status as the storm approached the mouth of the Mississippi River. Katrina's winds reached a peak intensity of 175 miles per hour with a barometric pressure of 902 mb, one of the lowest barometric pressures ever recorded. In addition to the intensity of the wind activity, Katrina was categorized by its massive size. The Mississippi Gulf Coast was in the northeast quadrant, or the most dangerous area of this historic storm. On August 29, 2005, Hurricane Katrina made landfall on the Mississippi Gulf Coast with catastrophic winds in excess of 125 miles per hour. The property located on the Mississippi Gulf Coast, including the property which is the subject of this litigation, were hit by hurricane-force winds for several hours which resulted in massive wind damage across the entire Gulf Coast of Louisiana, Mississippi, and Alabama.

8. Hurricane Katrina was the most extensive and costly natural windstorm disaster in the history of the United States. On the Mississippi Gulf Coast over 262,000 homes and business structures were destroyed. An additional estimated 77,0000 homes and structures suffered

extensive damage. Tens of thousands of Mississippi residents were left homeless and displaced, including Mr. and Mrs. O'Keefe.

## V. DANCEL HISTORY

9. Dancel was formed in 1984, by Daniel O'Keefe and Celeste Foster O'Keefe. Initially, the company was located in New Orleans, Louisiana. All operations of Dancel were originally conducted out of the New Orleans' location. In 1995, Dancel opened an office in D'Iberville, Harrison County, Mississippi. At that time, all insurance coverage of Dancel was provided by State Farm Insurance Company and its agent, Steve Barrios in New Orleans, Louisiana. As Dancel began its Mississippi operations, Mrs. O'Keefe contacted Mr. Barrios and asked that he provide coverage for the Mississippi business. Mr. Barrios indicated that he was unable to provide coverage in Mississippi, but he would have a local agent contact her. Subsequently, Mr. Eleuterius contacted Mrs. O'Keefe. Between 1995 and August 29, 2005, Mr. Eleuterius provided Mr. and Mrs. O'Keefe and/or Dancel with all of their insurance coverage except for a business policy issued by St. Paul Travelers Insurance Company. At all times associated with this Complaint, Mr. Eleuterius was responsible for providing advice and assistance regarding applicable and necessary coverages, and renewing coverage, based on the particular needs of Mr. and Mrs. O'Keefe and Dancel. Mr. and Mrs. O'Keefe and/or Dancel relied on Mr. Eleuterius to provide competent, professional, and accurate advice regarding coverage and to procure appropriate and adequate insurance coverage for their particular needs.

## VI. STATE FARM INSURANCE CONTRACTS

10. On August 29, 2005, Mr. and Mrs. O'Keefe's residence located at 12901 Hanover Drive, Ocean Springs, Mississippi 39564 was insured by a policy of insurance issued by State

Farm. The insurance contract was Policy No. 24-CD-9277-6. The O'Keefes are not in possession of a complete and accurate copy of this policy, although Mrs. O'Keefe has requested a copy from State Farm on multiple occasions. State Farm has failed or refused to provide a copy of the policy.

11. Under the terms and conditions of the State Farm homeowners' policy, State Farm insured Mr. and Mrs. O'Keefe for loss of, or damage to, their dwelling and for loss of personal property, as well as other benefits referenced in the contract of insurance. In particular, the policy covered the damage caused by Hurricane Katrina to the O'Keefes' dwelling and personal property. State Farm has failed to pay all of the benefits to which the O'Keefes are entitled under the policy.

12. Mr. Eleuterius was consulted regarding coverage on Mr. and Mrs. O'Keefe's principal dwelling. Mr. Eleuterius instructed Mr. and Mrs. O'Keefe to purchase State Farm Homeowners' policy, but advised against purchasing a federal flood insurance policy, insisting that the O'Keefes' dwelling was not located in a flood zone. Mr. Eleuterius further indicated to Mrs. O'Keefe that there was no need to purchase additional flood insurance, despite its availability, based on the fact that the wind coverage under the policy would be in addition to the flood coverage - i.e. would pick-up where the flood coverage ended and provide coverage for any damage to the O'Keefes' dwelling above and beyond the limits of the flood coverage. The O'Keefes, despite Mr. Eleuterius' advice regarding the federal flood insurance, purchased such a policy. However, they did not purchase any additional flood coverage based on Mr. Eleuterius' representations that the wind coverage under their State Farm Homeowners' policy would "kick in" and pay for any damages above and beyond the flood coverage. Subsequent to the losses

discussed below, Mr. Eleuterius confirmed these representations and warranties to Mrs. O'Keefe. To the extent, if any, that the hurricane damage to the O'Keefes' dwelling and personal property is not covered by the State Farm Homeowner's policy, Mr. Eleuterius is liable to the O'Keefes for his failure to provide accurate advice regarding necessary coverage and his failure to procure adequate insurance coverage for all risks of loss to the O'Keefes' dwelling and personal property.

13. On August 29, 2005, Mr. and Mrs. O'Keefe and/or Dancel were covered by business insurance contracts issued by Defendant State Farm. The insurance contracts were issued under policy numbers: 98-33-7526-2 and 99-B5-9935-5. All premiums for these policies were paid through Dancel. The business insurance contract provided Mr. and Mrs. O'Keefe and/or Dancel with coverage for various risks or perils including interruption of the business operations of Dancel. State Farm agreed to pay Mr. and Mrs. O'Keefe and/or Dancel for loss of business income, as well as other benefits referenced in the insurance contracts. State Farm is equitably estopped from asserting the Dancel was not a covered entity under the insurance contracts. A copy of the business interruption contract policy for Dancel's New Orleans' location is attached as Exhibit "A." The State Farm business policy issued for Dancel's Mississippi location is believed to be identical to the Louisiana policy.

14. Business coverage policy 98-33-7526-2 was issued through State Farm's agent Mr. Barrios and covered business operations in New Orleans, Louisiana. Initially following Hurricane Katrina, State Farm indicated to Mr. and Mrs. O'Keefe and Dancel, that the policy provided interruption business coverage, but that coverage was limited as a result of the mandatory evacuation. State Farm initially indicated that Mr. and Mrs. O'Keefe and/or Dancel could expect to receive payment under this policy of insurance.

15. After the events of Hurricane Katrina, State Farm indicated that the policy on Mr. and Mrs. O'Keefe and/or Dancel's operations in Harrison County, Mississippi (no. 99-B5-9935-5) did not provide for business interruption coverage. Mr. and Mrs. O'Keefe and/or Dancel subsequently informed State Farm that it was providing such business interruption coverage under Policy No. 98-33-7526-2. Caught in 'the horns of its own dilemma,' State Farm subsequently declared that no coverage existed under either Policy No. 98-33-7526-2 or 99-B5-9935-5.

## VIII. PROXIMATE CAUSE

16. The hurricane force winds spawned by Hurricane Katrina, when the storm struck the Mississippi Gulf Coast on August 29, 2005, set in motion an unbroken sequence between the risk and perils insured by State Farm and the ultimate losses suffered by Mr. and Mrs. O'Keefe and/or Dancel. The hurricane force winds associated with Hurricane Katrina were the proximate cause and/or a contributing proximate cause of Mr. and Mrs. O'Keefe and/or Dancel's losses. Under the insurance contracts entered into between the parties, State Farm is liable for those losses. Alternatively, State Farm's agent Mr. Eleuterius is liable for the losses due to his negligence in providing advice to Mr. and Mrs. O'Keefe regarding, and properly procuring, necessary and adequate coverage.

## IX. BREACH OF CONTRACT AND FRAUD BY STATE FARM

17. As a direct and proximate result of the windstorm associated with Hurricane Katrina, Mr. and Mrs. O'Keefe and/or Dancel sustained covered losses. The losses were timely reported to State Farm. State Farm initiated the claims process, but ultimately advised Mr. and Mrs. O'Keefe and/or Dancel that State Farm would not be responsible for the losses associated with

Hurricane Katrina, despite the fact that their dwelling, personal property, and business interruption were insured by State Farm for hurricane-related damages.

18. State Farm breached its obligations under the polices of insurance listed above, as well as other contracts. State Farm also engaged in a scheme to make the claims and adjusting process difficult and confusing. State Farm, through its agent Mr. Eleuterius and otherwise, made specific representations regarding the nature and extent of coverage provided by the subject insurance contracts upon which Mr. and Mrs. O'Keefe relied.

19. In particular, State Farm, through the actions of its agent Mr. Eleuterius, its actions in accepting premium payments from Dancel, and other actions to be determined, led Mr. and Mrs. O'Keefe and/or Dancel to believe that the subject insurance contracts provide appropriate and adequate coverage for the damages and/or losses to Plaintiffs' dwelling, personal property, and business income. Mr. and Mrs. O'Keefe and Dancel, in reliance on representations by Mr. Eleuterius and State Farm, chose not to procure any other insurance coverage for their home and the business of Dancel. To the extent that State Farm now takes the position that the subject policies do not provide coverage for all of the losses and damages suffered by the Plaintiffs as a result of Hurricane Katrina, such a position constitutes a breach of the insurance contracts, and State Farm's previous actions constituted fraud. State Farm's denials of benefits to Mr. and Mrs. O'Keefe and/or Dancel were made without any arguable basis, and thus constitutes a bad faith breach of contract.

20. The Plaintiffs have suffered extensive destruction of their residential dwelling; a total loss of their personal and business property; as well as a substantial interruption of their business operations. Mr. and Mrs. O'Keefe and/or Dancel have suffered damages that were

insured under the subject contracts of insurance. Under the insurance contracts, State Farm is obligated for all damages sustained by Mr. and Mrs. O'Keefe and/or Dancel to the dwelling; for the loss of personal property; and for the loss of their business and/or business interruption. . Mr. and Mrs. O'Keefe and/or Dancel are entitled to a specific performance of the contract and indemnification from State Farm for all losses they have suffered, including consequential losses occasioned by State Farm's wrongful breach of the contracts existing between the parties.

## XI. **ERRORS, OMISSIONS, AND NEGLIGENCE OF MARSHALL J. ELEUTERIUS**

21. Since 1995 Mr. and Mrs. O'Keefe and/or Dancel have relied on Mr. Eleuterius to procure for them adequate and appropriate insurance coverage for all perils and/or risks associated with both their dwelling and their business operations. Mr. and Mrs. O'Keefe and/or Dancel trusted and relied on Mr. Eleuterius to provide competent and professional information and advice regarding their insurance coverage needs, and to insure they were provided all relevant and accurate information pertaining to their coverages, as well as the limits and/or limitations of their coverage. Mr. Eleuterius breached the duties and obligations owed to Mr. and Mrs. O'Keefe and/or Dancel and was negligent in his failure to procure adequate coverage in the event of a hurricane, windstorm, and/or storm surge. Specifically, and without limitation, Mr. Eleuterius was negligent in the following respects:

    a.    He failed to procure appropriate coverage for Mr. and Mrs. O'Keefe's dwelling;

    b.    He failed to procure additional flood coverage, or inform Mr. and Mrs. O'Keefe that such additional coverage was available;

 c. He represented to, and assured, Mr. and Mrs. O'Keefe that their personal property was adequately insured based on the fact that their homeowners' policy would pay in addition to, or on top of, applicable flood coverage for any losses sustained;

 d. He failed to offer or procure appropriate and adequate flood insurance for the 10265 Rodriguez Street operations;

 e. Based on State Farm's denial of business interruption coverage, he failed to procure adequate and complete coverage regarding the business operations of Dancel; and

 f. Multiple other breaches of the applicable standard of care and/or negligence, as will be identified during discovery.

## XII. **INTENTIONAL ACTS/BAD FAITH**

22. At present, Mr. and Mrs. .O'Keefe and/or Dancel do not know the full extent of State Farm's handling of their claims. Mr. and Mrs. O'Keefe and/or Dancel assert that State Farm engaged in a scheme to wrongfully deny or limit coverage and payments under policies of insurance. State Farm failed to adequately investigate Plaintiffs' claims prior to denying same. State Farm's actions amount to fraud, fraudulent misrepresentation, and/or bad faith conduct toward an insured.

## XIII. **ACTUAL DAMAGES**

23. Mr. and Mrs. O'Keefe and/or Dancel are entitled to full insurance coverage under the contracts of insurance issued by State Farm for damages sustained to their dwelling, personal property, and business operations. Mr. and Mrs. O'Keefe and/or Dancel are entitled to actual damages to cover the loss of their dwelling, actual damages for the loss of their personal

property, actual damages for Dancel's business interruption, and all other damages that are covered under the contracts of insurance, as may later be identified.

## XIV. CONSEQUENTIAL DAMAGES

24. As a direct and proximate result of St. Farm's breach of contract and as a result of the negligence of Mr. Eleuterius, Mr. and Mrs. O'Keefe and/or Dancel have suffered, and will continue to suffer, consequential damages including attorneys' fees, expert witness fees, and other costs occasioned by State Farm's breach of contract, and/or Mr. Eleuterius' negligence, for which Mr. and Mrs. O'Keefe and/or Dancel should be reimbursed.

## XV. OTHER RELIEF - PUNITIVE DAMAGES

25. Mr. and Mrs. O'Keefe and Dancel pray for other relief as the Court deems appropriate, including, but not limited to an award of punitive damages. State Farm's denials of Mr. and Mrs. O'Keefe and/or Dancel's claims were unreasonable and without arguable basis, and therefore in bad faith. Due to State Farm's bad faith denial of the claims, Mr. and Mrs. O'Keefe and/or Dancel are entitled to recover punitive damages.

## XV. REMEDIES

26. Mr. and Mrs. O'Keefe and/or Dancel are entitled to full insurance coverage under the contracts of insurance with State Farm. Mr. and Mrs. O'Keefe and/or Dancel are entitled to the relief set forth in this Complaint, including, but not limited to:

a.  Loss of and/or damage to their dwelling in accordance with the contract of insurance issued by State Farm;

b.  Loss of personal property in accordance with the contract of insurance issued by State Farm;

11

c. Loss of business income and/or business interruption in accordance with the contracts of insurance issued by State Farm;

d. Consequential damages associated with State Farm's breach of contract, including, but not limited to attorneys' fees, and costs of litigation;

e. If deemed appropriate by the Court, punitive damages in a sum to be determined by the trier of fact;

f. Prejudgment interest and post-judgment interest; and

g. Any and all other legal relief as deemed appropriate by the Court.

**ACCORDINGLY**, Daniel B. O'Keefe and Celeste A. Foster O'Keefe, and the Dancel Group, Inc. request that upon a trial of this case a Judgment will be entered against State Farm Fire and Casualty Insurance Company and Mr. Eleuterius. for the damages to their dwelling, personal property, loss of business and/or business interruption, and all other relief, including consequential damages and other monetary remedies itemized above.

**DATED:** January 17, 2007.

Respectfully submitted,

**DANIEL B. O'KEEFE, CELESTE A. FOSTER O'KEEFE, and DANCEL GROUP, INC.**

By: _____
One of Their Attorneys

...ᵤᵦ No. 5778
... Wells, MSB No. 99705
. Doyle, MSB No. 100729
ᵤUMS, DALLAS & MORRISON, PLLC
,rror Lake Plaza, Suite 1650
₂829 Lakeland Drive
Jackson, Mississippi 39232
Telephone:  601.933.2040
Facsimile:  601.933.2050

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER G. WELLS**, do hereby certify that I have this day caused to be delivered via United States Postal Service, first class, postage prepaid, a true and correct copy of the above and foregoing Second Amended Complaint to:

> Mr. Dan W. Webb
> Ms. Paige C. Bush
> Webb Sanders & Williams
> Post Office Box 496
> Tupelo, Mississippi 38802

**THIS** the 17 day of January, 2007.

_____
Christopher G. Wells