UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDY M. GUICE                                                                       PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:06CV1-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                        DEFENDANT

### ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the Court is Plaintiff's [169] Motion for Leave to File a Second Amended Complaint. In her original complaint, Plaintiff named as Defendants State Farm Fire and Casualty Company, along with "State Farm John Does One through Ten," identified as "State Farm-affiliated companies or entities whose identities and/or proper corporate names are currently unknown." The deadline to join parties and amend pleadings was September 15, 2006. Plaintiff filed the instant motion on November 16, 2006, approximately one month past the deadline.

Plaintiff argues that its amendment does not add any substantive claims but is designed simply to identify as a proper Defendant one of the State Farm entities. Plaintiff argues, and the Court finds, that on October 10, 2006, Plaintiff became aware of the fact that an employee of State Farm Auto conceived and drafted the State Farm Wind Water Protocol. Although Plaintiff seeks to amend the complaint outside of the deadline established by the Scheduling Order, the Court finds that Plaintiff has shown good cause for not specifically identifying State Farm Auto prior to the instant motion. Moreover, State Farm has filed an unopposed [180] Motion to Amend the Scheduling Order requesting an extension in the motion deadline. An extension in the motion deadline would require a corresponding continuance of the May 2007 trial date.

EXHIBIT 9

Hence, Plaintiff's amended complaint will not be the sole cause of any continuance in the trial date. Defendant also argues that the amendment would be futile because Plaintiff will be unable to establish liability against State Farm Auto. The Court reserves judgment on whether State Farm Auto would be liable under Plaintiff's theory of the case, as that issue is best explored in a Motion to Dismiss or for Summary Judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the [169] Motion to Amend is GRANTED.

SO ORDERED, this the 10th day of January, 2007.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE