UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELISSA MARION and
ANDREW MARION                                                          PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. 1:06CV969-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY et al                      DEFENDANTS

### ORDER REGARDING DISCOVERY AND DEPOSITIONS

Before the Court are several discovery motions: [99] State Farm's Motion to Quash Deposition of Michael Carroll, [101] State Farm's Motion to Quash Deposition of Susan Hood, [106] Plaintiffs' Motion for Sanctions, or in the alternative [110] Motion to Compel, [108, 111] Plaintiffs Motions to Expedite. The Court conducted a telephone conference on October 2, 2007. Based on this conference and based on the pleadings and exhibits on file, the Court makes the following findings:

### [110] Motion to Compel

State Farm agreed to the production of certain documents and tangible things pursuant to the Court's [84] Order of July 26, 2007. Plaintiffs' motion to compel is granted to the extent that State Farm shall produce those documents and tangible things that it previously agreed to produce. The document production shall be completed by **October 26, 2007**. State Farm also shall produce a privilege log by October 26, 2007. Once this deadline has been reached, the parties are directed to meet and confer to discuss any outstanding discovery disputes. The parties are further directed to submit letters to the Court no later than **November 15, 2007**, detailing what, if anything, still needs to be resolved in the form of document production. The Court has scheduled an in-person status conference for **November 20, 2007 at 9 a.m.**, to resolve any

EXHIBIT 11

outstanding discovery issues.

The Plaintiffs' motion to compel is denied with respect to State Farm's responses to interrogatories. Plaintiffs argue that State Farm should be compelled to provide signed responses to Plaintiffs' *first* set of responses to Plaintiffs' interrogatories. The Court disagrees. State Farm served responses to Plaintiffs' interrogatories on August 8, 2007, in compliance with the Court's [84] Order. With respect to interrogatory responses, no further action is required from State Farm at this time.

In light of the Court's rulings, the remaining issues in Plaintiffs' motion to compel are rendered moot. The Court will re-visit any outstanding discovery issues at the status conference scheduled for November 20, 2007. Furthermore, the Court finds that the scheduling order deadlines, including the trial date, will need to be continued to accommodate the ongoing discovery. Plaintiffs' case involves more than a simple breach of contract between policyholders and their insurance company. Plaintiffs also allege institutional fraud and a top-down corporate conspiracy to deny payment of insurance proceeds to policyholders. These wide-ranging allegations and the massive scope of discovery involved in developing these theories, as well as the glacial pace at which State Farm has produced some of the discoverable documents, makes it clear to the Court that the trial cannot occur during the January 2007 trial calendar as currently scheduled. Therefore, the Court will enter an amended scheduling order.

### Steve Burke and Rick Moore Depositions

Plaintiffs motion to compel was prompted in part by the depositions of Steve Burke and Rick Moore scheduled for the latter part of this week. In anticipation of those depositions, State Farm shall produce the documents relating to Burke and Moore immediately after 1 p.m. on

Wednesday, October 3, 2007. Furthermore, Plaintiffs shall be allowed to use during the depositions documents from the CAT PL disks of Lecky King and David Haddock that were obtained in conjunction with other litigation. The Court finds that the use of the King and Haddock documents is not a violation of the confidentiality orders entered in the Owen & Galloway cases. Immediately after receiving the Burke and Moore documents from State Farm, Plaintiffs shall deliver to State Farm a CD containing the King and Haddock documents to be used in the Burke and Moore depositions. The Court does not preclude the possibility of supplemental depositions of Burke and Moore based on State Farm's further discovery responses.

### [106] Motion for Sanctions

Based on the foregoing, the Court finds that Plaintiffs' motion for sanctions should be denied.

### [99, 101] Motion to Quash Apex Depositions

State Farm has filed motions to quash the depositions of Susan Hood and Michael Carroll. Given the procedural posture of this case, ongoing discovery, and depositions yet to be taken of other State Farm employees, including a 30(b)(6) deposition, the Court finds that the Hood and Carroll depositions should be postponed and the motions to quash thereby rendered moot. The Court makes no finding as to the ultimate merits of State Farm's motion to quash. Ongoing discovery may shed light on whether in fact those depositions should be conducted.

### [108, 111] Motion to Expedite

Based on the foregoing, the Court finds that Plaintiffs' motions to expedite are now moot.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' [110] Motion to Compel is GRANTED in part and DENIED in part as provided in this Order.

IT IS FURTHER ORDERED that Plaintiffs' [106] Motion for Sanctions is DENIED.

IT IS FURTHER ORDERED that Defendants' [99, 101] Motions to Quash are MOOT.

IT IS FURTHER ORDERED that Plaintiffs' [108, 111] Motions to Expedite are MOOT.

SO ORDERED, this the 3rd day of October, 2007.

s/ Robert H. Walker<br>
UNITED STATES MAGISTRATE JUDGE