IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE, ET AL                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 1:08cv600-HSO-LRA

STATE FARM FIRE AND CASUALTY COMPANY AND
MARSHALL J. ELEUTERIUS                                    DEFENDANTS

## <u>ORDER</u>

This cause came before the Court for telephonic hearing on June 30, 2009, on

several motions, including the Emergency Motion to Quash Plaintiffs' Excess Discovery

Requests [#111] filed by State Farm Fire and Casualty Company [hereinafter "Defendant

State Farm"] and Marshal J. Eleuterius ["Defendant Eleuterius"] on May 29, 2009.

Additional case law was submitted subsequent to the hearing.  After a review of the

pleadings and the applicable law, and considering argument of counsel, the Court finds as

follows.

The complaint in this case was filed in the Circuit Court of Harrison County,

Mississippi, on August 28, 2006, and the case was litigated in that court for over two

years.  On September 11, 2008, new counsel appeared for Plaintiffs, and the case was

removed to federal court.  During the state court proceedings, Plaintiffs propounded

discovery, and State Farm responded to 27 interrogatories and 20 requests for

production.  Defendant Eleuterius responded to 16 interrogatories and 15 requests for

production.   Apparently no motions were filed relating to the sufficiency of the responses.

After removal to this Court, counsel were required to conduct an attorney

conference under Rule 26(f) and, under Rule 26(d), no party may serve or otherwise seek

1

discovery from any source until after the conference. The attorneys in this case contend that they did confer. Plaintiffs' counsel asserts that he did discuss serving additional discovery in federal court with counsel opposite, and it was his understanding that they agreed that new discovery would be propounded. Defense counsel contends that no such agreement was reached. Obviously, a misunderstanding occurred, and the undersigned will not make any finding as to counsel's agreement. Under any circumstances, all counsel certainly should have raised the issue with the undersigned at the case management conference. Their failure to do so is the cause of this controversy.

On May 1, 2009, Plaintiffs propounded 30 interrogatories to Defendant State Farm and 27 requests for production. Exhibit B (parts 1 & 2) to Defendant's Motion to Quash, #11. On May 4, 2009, Plaintiffs propounded 25 interrogatories to Defendant Eleuterius and 17 requests for production to Defendant Eleuterius. Exhibit B (part 1) to Defendant's Motion to Quash, #11. All of this discovery was referred to as being the "first sets," and some of it apparently duplicated the state court discovery.

The actual issue now before the Court is whether discovery propounded and responded to in state court is valid and enforceable and whether or not the limitations of 30 contained in the federal court case management order should be interpreted to include the already propounded state court discovery. Had counsel raised the issue, it is probable that the undersigned would have allowed a very limited amount of additional discovery. Because no attorney mentioned the prior discovery, the usual limitation of thirty was included in the case management order. Unaware of the state court discovery

when the order was entered, the undersigned had no "intent" either way by entry of the Order.

Counsel have both submitted pertinent cases. After the hearing, Plaintiffs submitted *Riley v. Walgreen Co.*, 223 F.R.D. 496 (S.D. Tex. 2005); *Wilson v. General Tavern Corp.*, 2006 WL 290490 (S.D. Fla. Feb. 2, 2006); *Dufrene v. Pellittieri,* 1996 WL 502459 (E.D. La. Sept. 4, 1996); and, *Murray v. Atkinson*, 2007 WL 2050815, at *2 (E.D. Mich. July 18, 2007). Some of the cases involve discovery propounded but not answered prior to removal. The law is clear that this discovery is no longer answerable, as Rule 26 specifically provides that no party shall serve or seek discovery from any source until after the attorney conference required in Rule 26(f). The law is less clear as to discovery which was both served **and** answered in state court. The case of *Murray v. Atkinson* involves such a situation. After removal, plaintiff filed a motion to compel defendants to respond more fully to requests for production filed and answered in state court. The Michigan court held that it could not compel the production of documents which were requested under state law absent an agreement among the parties that state law court discovery would be used in federal court. *Murray*, 2007 WL 2050815, at *2. Though instructive, the case does not directly involve the limitations on the number of discovery requests allowed.

Defendant State Farm has also provided case law regarding this issue, the Northern District of Mississippi case, *Maddox v. Heritage Properties, Inc.*, 2009 WL 1155389, at *2 (N.D. Miss. Apr. 28, 2009). In that case, Plaintiff filed a motion to clarify whether the parties were authorized to propound thirty interrogatories, requests for

3

production and requests for admission over and above the discovery requests

propounded in state court before removal of the case to federal court.  Judge Alexander

held as follows:

> The court holds that the limitation applies to all discovery in
> this case, whether propounded before or after removal from
> state court.  The total requests for production and requests for
> admission propounded by the plaintiffs are each, separately,
> less than thirty and therefore within the limits prescribed by this
> court.  The total interrogatories, however, number thirty-seven,
> and therefore exceed the maximum number allowed by the
> case management order; plaintiffs have not requested leave of
> court to propound additional interrogatories.  Accordingly, the
> court holds that the parties are limited by the case
> management order to thirty succinct questions and the limit will
> not be extended at this late date.

*Id.* at 2.

After careful review of the authorities, the undersigned adopts Judge Alexander's

ruling and finds that discovery propounded in state court [unless withdrawn after removal]

does count in the limitations on discovery contained in the case management order

entered in federal court.   However, when discovery has already been propounded in state

court, whether answered or not, all counsel should raise this issue at the case

management conference.  The Court will then determine the appropriate discovery

limitations in the federal court proceedings.

In the case now before the Court, the attorneys had a misunderstanding as to

whether objections would be made to additional discovery.  Because of the

misunderstanding, and because new counsel appeared for Plaintiffs upon the removal,

additional discovery will be allowed under these particular circumstances.  The

undersigned finds that each party may propound a total of forty-five requests for

admission and forty-five interrogatories.  That discovery propounded and responded to in state court will be included in the total number.  Plaintiffs may withdraw the discovery in controversy and revise it to conform with these limitations.

IT IS, THEREFORE, ORDERED that Defendants' Emergency Motion to Quash Excessive Discovery [#111] is **granted** to the extent set forth herein.

SO ORDERED, this the 10th day of July, 2009.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE