## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DANIEL B. O'KEEFE,**
**CELESTE A. FOSTER O'KEEFE,**
**and THE DANCEL GROUP, INC.**                                      **PLAINTIFFS**

**VS.**                                      **Civil Action No. 1:08cv600 HSO-LRA**

**STATE FARM FIRE AND CASUALTY**
**COMPANY and MARSHALL J. ELEUTERIUS**                 **DEFENDANTS**

_____

### PLAINTIFFS' REPLY TO MARSHALL ELEUTERIUS'
### [188] NOTICE OF SUPPLEMENTAL AUTHORITY RE:
### MOTION FOR SUMMARY JUDGMENT [115]

_____

COME NOW THE PLAINTIFFS, by and through undersigned counsel, and file this Reply to Marshall Eleuterius' [188] Notice of Supplemental Authority Re: Motion for Summary Judgment, as follows:

1.  First, Plaintiffs request that the Court strike and/or disregard Eletuerius' [188] Notice of Supplemental Authority. Eletuerius' assertion, in the first paragraph of the subject [188] Notice, that *Guideone Mutual Ins. Co. vs. Rock*, 2009 WL 2195047 (N.D. Miss. 2009) "was handed down after briefing for summary judgment was complete" is false. The last brief filed by Eleuterius with regard to the subject motion was Eleuterius' [163] Memorandum in Opposition re: [158] Rebuttal [163], which Eleuterius filed with this Court on August 5, 2009, some two weeks after the subject opinion was handed down.

2.  Additionally, and in the alternative, contrary to Eleuterius' representations, the opinion of the United States District Court for the Northern District of Mississippi in *Guideone Mutual Ins.*

*Co. vs. Rock*, 2009 WL 2195047 (N.D. Miss. 2009) does not support the Defendant's arguments related to the Plaintiffs' misrepresentation based claims in this case.

3.    First, *Guideone* acknowledged "fraud in factum is a 'misrepresentation as to the nature of a writing that a person signs **with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms**.'"   At *3 (citations omitted) (emphasis added). As demonstrated in the previous pleadings filed with the Court, Defendant has not demonstrated that the Plaintiffs were ever presented with a contract / policy of insurance from which they could have ascertained Eletuerius' representations were false, *even if* the language of the homeowner's and/or business insurance policy(s) *could* be shown to be contrary to Eleuterius' representations – prior to and/or at the time they purchased the subject policies of insurance in October, 2004 and July, 2005.  Plaintiffs affidavits establish that, in fact, Plaintiffs relied upon Eleuterius' misrepresentations when purchasing / renewing the subject policies *in October, 2004 and July, 2005*, and that Plaintiffs were not delivered a copy of the homeowner's policy until sometime *after* it was purchased in October, 2004; and were not delivered a copy of the business policy until sometime *after* it was purchased in July, 2005.

4.    Second, as shown in the prior pleadings filed with the Court, there is nothing in the plain language of either the business or homeowner's policy(s) that contradicts the representations Plaintiffs allege were made by Eleuterius.  At best for Defendant, the subject language in the policy(s) is ambiguous with regard to the representations Plaintiffs allege were made by Eleuterius, upon which Plaintiffs allege they relied to purchase the subject policies of insurance. As the Court in *Guideone* also acknowledged, under Mississippi law the existence of ambiguous policy language constitutes an exception to the doctrine that reliance on misrepresentations by an agent which are contrary to the language of the policy is per se unreasonable. *Id.*  Plaintiffs in

this case have alleged that the <u>plain language of the policy</u> is NOT contrary to the representations of the agent, but that its application to the Plaintiffs' claims is. However, Plaintiffs have further alleged, in the alternative, that the language of the subject policy with regard to the subject representations is ambiguous – placing Plaintiffs' claims squarely within the exception recognized in *Guideone* – and further demonstrating why the Plaintiffs' claims should not be denied through summary judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court enter its Order DENYING Eleuterius' [115] [116] Motion for Summary Judgment, and awarding any and all additional relief, in favor of the Plaintiffs, including but not limited to costs for having to respond to this motion, deemed appropriate by this Honorable Court.

Respectfully submitted, this the 2nd day of September, 2009.

        **DANIEL B. O'KEEFE, CELESTE A. FOSTER O'KEEFE, AND THE DANCEL GROUP, INC., PLAINTIFFS**

        By: */s/ Christopher C. Van Cleave*
           CHRISTOPHER C. VAN CLEAVE (MSB #10796)

CLYDE H. GUNN, III (MSB #5074)
CHRISTOPHER C. VAN CLEAVE (MSB #10796)
W. CORBAN GUNN (MSB #101752)
DAVID N. HARRIS, JR. (MSB #100790)
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
P.O. Drawer 1916
Biloxi, MS 39533-1916
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
Email: christopher@cgvclaw.com

3

## <u>CERTIFICATE OF SERVICE</u>

I, undersigned counsel of record, hereby certify that I have this day electronically filed

the foregoing with the Clerk of the Court using the EFC system which sent notification of such

filing to the following:


B. Wayne Williams, Esq.
Dan W. Webb, Esq.
Roechelle R. Morgan
Paige C. Bush, Esq.
Webb, Sanders, & Williams, PLLC
363 North Broadway
Post Office Box 496
Tupelo, Mississippi 38802
(662) 844-2137 (off)
wwilliams@webbsanders.com
RRM@webbsanders.com

**Attorneys for State Farm Fire & Casualty Company**
**And Marshall J. Eleuterius**


Respectfully submitted, this the 2nd day of September, 2009.

DANIEL B. O'KEEFE, CELESTE A. FOSTER
O'KEEFE, AND THE DANCEL GROUP, INC.,
PLAINTIFFS


By:*/s/ Christopher C. Van Cleave*
CHRISTOPHER C. VAN CLEAVE (MSB #10796)