IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL B. O'KEEFE,** *et al.* | § § | **PLAINTIFFS** |
| **V.** | § § | **Civil No. 1:08CV600-HSO-LRA** |
| **STATE FARM FIRE & CASUALTY COMPANY,** *et al.* | § § § | **DEFENDANTS** |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND AND DENYING AS MOOT PLAINTIFFS' MOTION TO EXPEDITE

This cause comes before the Court upon the Motions of Plaintiffs Daniel O'Keefe, Celeste Foster O'Keefe, and The Dancel Group, Inc., to Amend [85] their Complaint, and to Expedite Ruling [173] on the Motion to Amend. Defendant State Farm Fire & Casualty Company ["State Farm Fire"] filed a Response [96] to the Motion to Amend, and Plaintiffs a Rebuttal [101]. State Farm Fire then filed a Supplemental Response [106], to which Plaintiffs filed another Rebuttal [108]. State Farm Fire also filed a Response [195] to the Motion to Expedite. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiffs' Motion to Amend should be granted in part and denied in part, and that Plaintiffs' Motion to Expedite should be denied as moot.

I. DISCUSSION

A. Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2).

The Fifth Circuit has articulated five factors to consider in determining whether to grant a party leave to amend a complaint: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted)).

B.   Plaintiffs' Motion to Amend

Plaintiffs seek to more clearly define their claims against existing Defendants State Farm Fire and Marshall Eleuterius ["Eleuterius"], and to add an additional Defendant, State Farm Mutual Automobile Insurance Company ["State Farm Mutual"]. *See* Pls.' Mot. to Amend, at pp. 1-2; *see also* Proposed Am. Compl., attached as Ex. "1" to Pls.' Mot. to Amend. State Farm Fire's Response in opposition to Plaintiffs' Motion to Amend focuses primarily on the proposed addition of State Farm Mutual as a party, rather than on Plaintiffs' request to more clearly define their claims against the existing Defendants. *See* State Farm Fire's Resp. in Opp'n to Pls.' Mot. to Amend.

Plaintiffs' Motion to Amend is the first such motion filed by them in this Court, and it was filed prior to the deadline for amending pleadings. Based on the record, the Court is of the opinion that Plaintiffs' Motion should be granted to the extent that it seeks to amend Plaintiffs' claims against the existing Defendants in this case.

The remaining question is whether Plaintiffs should be permitted to amend their Complaint to add an additional Defendant, State Farm Mutual. State Farm Fire maintains that there is a suggestion of bad faith in Plaintiffs' attempt to add State Farm Mutual, and that allowing Plaintiffs to amend their Complaint to add this Defendant would result in undue delay and would be futile. *See* State Farm Fire's Resp. in Opp'n to Pls.' Mot. to Amend, at pp. 5-8.

The Fifth Circuit has interpreted "futility" in the amended pleading context to mean that an amended complaint fails to state a claim upon which relief can be granted, applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000) (internal quotations omitted). The United States Supreme Court has recently explained that,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 556-57, 570 (2007)).

Construing the proposed Amended Complaint liberally, Plaintiffs are attempting to assert claims of fraud, aiding and abetting fraud, fraudulent inducement, fraudulent concealment, breach of contract, bad faith, negligence,

3

failure to investigate, waiver, estoppel, fraudulent claims practices, and civil conspiracy against State Farm Mutual.  *See* Compl., at pp. 27-37.  This effort is not new to the Court.  *See, i.e., Robohm v. State Farm Fire & Cas. Co.*, No. 1:08CV490-LTS-RHW, 2009 WL 1293153, *1 (S.D. Miss. May 7, 2009).  Plaintiffs' theory for imposing liability on State Farm Mutual under an insurance policy to which State Farm Mutual was not a party has been consistently rejected.  *See id.*  Nor does the proposed amendment state any other plausible claims against State Farm Mutual. *See id.*  Based on the foregoing, the Court is of the opinion that Plaintiffs' Motion to Amend should be denied to the extent that it seeks to add State Farm Mutual as a Defendant.

## II.  CONCLUSION

For the reasons stated herein, the Court finds that Plaintiffs' Motion to Amend should be granted in part and denied in part.  Their Motion to Expedite will be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiffs' Motion to Amend [85] their Complaint should be, and is, hereby **GRANTED IN PART**, to the extent Plaintiffs seek to amend their claims against the current Defendants, and **DENIED IN PART**, to the extent Plaintiffs seek to add State Farm Mutual Automobile Insurance Company as a Defendant.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiffs shall file any revised Amended Complaint, in accordance with the rulings contained in this Order, on or before September 25, 2009.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiffs' Motion to Expedite Ruling [173] on the Motion to Amend is hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED,** this the 3rd day of September, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE