**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| DANIEL B. O'KEEFE, CELESTE A. FOSTER O'KEEFE, and THE DANCEL GROUP, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and MARSHALL J. ELEUTERIUS,<br><br>    Defendants. | CIVIL ACTION NO.: 1:08cv600-HSO-LRA |

**STATE FARM FIRE AND CASUALTY COMPANY'S
NOTICE OF RECORD SUPPLEMENT RE: OPPOSITION TO MOTION FOR
DECLARATORY AND SUMMARY JUDGMENT [67]
AND STATE FARM'S CROSS-MOTION FOR SUMMARY JUDGMENT [68] [69]**

State Farm Fire and Casualty Company respectfully submits this notice of record supplement regarding its opposition to Plaintiffs' motion for declaratory and summary judgment [67] and regarding its cross-motion for summary judgment, [68] [69], all of which are fully briefed and ripe for adjudication. [60], [61], [67], [68], [69], [74], [78], [79], [88]. In further support of its opposition to Plaintiffs' motion for summary judgment and in further support of its cross-motion for summary judgment, State Farm supplements the record as follows:

1.  After the subject motions were briefed by the parties, The Dancel Group, Inc.'s business insurer responded to a State Farm subpoena and produced numerous documents, including The Dancel Group Inc.'s business interruption insurance policy. This policy and excerpts from the claim file are attached as Exhibits A and B. Plaintiffs, in a motion to quash, attempted to prevent discovery of The Dancel Group, Inc.'s business insurance policy, claims under that policy, and payments from its insurer. [89]. Judge Anderson denied that motion and held "[t]he issue of whether the O'Keefe Plaintiffs maintained a separate business insurance policy for The Dancel Group, Inc., may be relevant to the

defense of the Complaint, and the information may lead to the discovery of admissible evidence in this regard." [141] at 1-2. As shown below, Judge Anderson was correct.

2.   Attached as Exhibit A is The Dancel Group, Inc.'s business policy through United States Fidelity and Guaranty Company ("USFG").[1] The "**Named Insured**" on the business policy is "DANCEL, INC." Ex. A at 100348 (emphasis in original). The Dancel Group, Inc. purchased insurance for, among other interests, its "**Business Personal Property**," "**Business Income[,] and Extra Expense**." *Id.* at 100358 (emphasis in original). Therefore, the record shows that The Dancel Group, Inc. purchased its business insurance from USFG, not State Farm.

3.   In her office of C.E.O. of The Dancel Group, Inc., Mrs. O'Keefe made clear in a letter that she knew The Dancel Group, Inc. purchased business interruption insurance from a company other than State Farm. In Mrs. O'Keefe's letter to the claims adjuster from St. Paul Travelers, she stated "[w]e are struggling to reestablish our business and your process and payment of our loss of income would make this much easier, this is why I purchased business interruption from your company." Ex. B at 100306. Likewise, in a February 13, 2006 email from Mrs. O'Keefe to St. Paul Travelers employee Sharon McKinney, Mrs. O'Keefe admitted: "The company listed on my policy is Dancel, Inc." *Id.* at 100177.

4.   Contrary to Plaintiffs' attempts to pierce the distinct corporate identity of The Dancel Group, Inc. in this case by classifying it as a "d/b/a/" for the O'Keefes, *see, e.g.*, Am. Compl. [85-1] at 1 (naming the O'Keefes "d/b/a The Dancel Group, Inc.") (emphasis omitted); Pls' Mot. Summ. J. [61] at 4 (alleging "the business 'operations' of Danny and Celeste O'Keefe, d/b/a the Dancel Group, are covered"), Mrs. O'Keefe was clear to USFG that The Dancel Group, Inc. is *not* an *alter ego* but a corporation. A USFG representative asked Mrs. O'Keefe if The Dancel Group, Inc.'s business policy

---

[1]   The policy states "Your Insurance Company is: United States Fidelity and Guaranty Company" and also bears the logo for St Paul Travelers. *See, e.g.*, Ex. A at 100358 (emphasis omitted).

was listed under "a DBA," and Mrs. O'Keefe clearly identified that the insured was a distinct corporation: "The company listed on my policy is Dancel *Inc.*" Ex. B at 100177 (emphasis added).

5. Shortly after Hurricane Katrina, The Dancel Group, Inc. submitted a claim to United States Fidelity and Guaranty Company under that business policy. *See, e.g., id.* at 100148-51. In a November 20, 2007 letter from Mrs. O'Keefe as the C.E.O. of The Dancel Group, Inc. to St. Paul Travelers, The Dancel Group, Inc. made clear that it was "submitting our business interruption claim resulting from Hurricane Katrina." *Id.* at 100249. United States Fidelity and Guaranty Company paid The Dancel Group, Inc. for its covered losses under its business policy for, among other things, business personal property and business interruption. *See, e.g., id.* at 100136, 10039-43. The Dancel Group, Inc. received at least $425,239.25 from USFG, including $227,326 for business income, $187,913.25 for business personal property, and $10,000 for loss data preparation. *Id.* at 100139-40, 100325, 100343.

6. While the business interruption claim was being adjusted for The Dancel Group, Inc., Mrs. O'Keefe told the USFG representative that "she know[s] she did not have enough coverage and that is her loss." *Id.* at 100148-49. The Dancel Group, Inc.'s admitted it was underinsured for its business losses. As a result, and in an attempt to make up for that loss, The Dancel Group, Inc. is now attempting to obtain business coverage under the O'Keefes' State Farm policy as a stopgap for its insufficient coverage with USFG.

7. The record supplements show that The Dancel Group, Inc. purchased business personal property and business interruption insurance from USFG, not State Farm. Plaintiffs utterly failed to provide these documents in discovery, continued to obfuscate their existence, and attempted to quash State Farm's efforts to obtain them in an attempt to prevent this Court from being fully apprised of all pertinent information. Now that these documents have come to light, they show that The Dancel Group, Inc. is trying to recover twice for the same loss, contrary to the plain and unambiguous language of the State Farm policy. Despite The Dancel Group, Inc. filing a claim under its business policy with USFG

and receiving at least $425,239.25 for its covered losses, Plaintiffs sued State Farm for the *exact* same alleged business loss that USFG adjusted and paid. The Dancel Group, Inc. knew it had a business personal property policy with USFG and not with State Farm. Nevertheless, The Dancel Group, Inc. is attempting to recover from State Farm under a policy for which it is not insured. The documents attached hereto, along with all of the information previously provided to this Court in conjunction with State Farm's Motion for Summary Judgment [68] demonstrate that The Dancel Group, Inc. is not entitled to coverage under the subject business policy.

      8.    Accordingly, in light of these record supplements and the arguments and authorities set forth in State Farm's motion papers, State Farm respectfully urges the Court deny Plaintiffs' summary judgment motion [60] and grant State Farm's cross-motion for summary judgment in its entirety. [68].

**RESPECTFULLY SUBMITTED**, this 10th day of September, 2009.

                **WEBB, SANDERS & WILLIAMS, P.L.L.C.**
                **363 NORTH BROADWAY**
                **POST OFFICE BOX 496**
                **TUPELO, MISSISSIPPI 38802**
                **(662) 844-2137**
                **DAN W. WEBB, MSB 7051**
                **B. WAYNE WILLIAMS, MSB 9769**
                **PAIGE C. BUSH, MSB 101072**

                **BY:**    **/s/ Dan W. Webb**
                            **DAN W. WEBB**

## **CERTIFICATE OF SERVICE**

      I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following ECF participant:

**Christopher C. Van Cleave, Esq.**
**CORBAN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**Post Office Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS,** the 10th day of September, 2009.

                                                **BY:**   **/s/ Dan W. Webb**
                                                         **DAN W. WEBB**