IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL B. O'KEEFE, CELESTE A. FOSTER O'KEEFE, and THE DANCEL GROUP, INC.,**  **Plaintiffs,**  v.  **STATE FARM FIRE AND CASUALTY COMPANY, and MARSHALL J. ELEUTHERIUS,**  **Defendants.** | **Civil Action No. 1:08cv600-HSO-LRA** |

**STATE FARM FIRE AND CASUALTY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER [216] THE COURT'S SEPTEMBER 3, 2009 ORDER [214]**

Defendant State Farm Fire and Casualty Company ("State Farm Fire") respectfully submits this memorandum in opposition to Plaintiffs' "Motion to Alter or Amend the Findings and/or Judgment of the Court; For a New Trial On; and/or Seeking Relief from the Court's [214] Order Granting In Part and Denying In Part and Denying In Part Plaintiffs' Motion to Amend and Denying as Moot Plaintiffs' Motion to Expedite" [216] (the "Motion to Reconsider").

**INTRODUCTION**

Plaintiffs' criticisms of the Court's September 3, 2009 Order are completely unfounded. No less than 4 rulings of the Courts of the Southern District of Mississippi directly support the denial of Plaintiffs' attempt to expand this lawsuit by adding State Farm Fire's parent company, State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). There is simply no reason to inject State Farm Mutual as a party into this already complicated lawsuit which Plaintiffs began more than 3 years ago in state court where Plaintiffs combined multiple insurance claims across two states against State Farm Fire and insurance agent Marshall Eleutherius. Time and again, the Courts of the Southern District have found that State Farm Mutual does not belong in the lawsuits challenging State Farm Fire's handling of Hurricane

Katrina insurance claims. In their Motion to Reconsider, Plaintiffs repeat the same arguments they made in support of their motion to amend and reargue that that the prior rulings of the Courts of the Southern District of Mississippi do not apply to them. In making and remaking these arguments, Plaintiffs cannot change the fact that the O'Keefe Plaintiffs[1] made claims under their State Farm Fire insurance policies and that State Farm Fire adjusted their Hurricane Katrina insurance claims. Plaintiffs repeatedly fail to allege any facts supporting any viable claims against State Farm Mutual. There is simply no legitimate purpose to add State Farm Mutual to this lawsuit and there is certainly no ground to reconsider the Court's September 3, 2009 order. State Farm Fire respectfully requests that Plaintiffs' Motion to Reconsider be denied.

## ARGUMENT

Plaintiffs cite no authority supporting their reconsideration request. To the contrary, the authority Plaintiffs do cite should have counseled them that their motion is meritless. Plaintiffs cite this Court's denial of a motion to reconsider in *Fowler v. State Farm Fire and Casualty Company*, 2008 WL 3540180 (S.D. Miss. Aug. 8, 2008). This Court in *Fowler* set forth that "[t]he Fifth Circuit has instructed that '[r]econsideration of judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Fowler,* at *1, citing Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also* Plaintiffs' additional authorities: *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 525-27 (S.D. Miss. 1990) (Rule 11 sanction imposed for filing uwarranted motion to reconsider); *Shelter Insurance Co. v. Mercedes Benz, USA*, 2006 WL 1601770 (N.D. Miss. June 8, 2006) (noting that the Fifth Circuit "favors denial of motions to alter or amend a judgment"; Court denied motion to reconsider); *Sulfuric Acid Antitrust Litigation*, 446 F. Supp. 2d 910, 913, 926 (N.D. Ill. 2006) (motion to reconsider denied after court observed that "motions for reconsideration are viewed with a measure of

---

[1] Plaintiff Dancel Group, Inc. has no policy of insurance with State Farm Fire, State Farm Mutual, or any other State Farm entity.

skepticism" and are "generally disfavored"); *Willy v. Coastal Corp.*, 503 U.S. 131, 133, 139 (1991) (upholding sanctions against attorney and client for filings that "create[d] a blur of absolute confusion" and conduct that was "irresponsible at a minimum and at worst intentionally harassing").

As set forth in *Fowler*, the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration. *Fowler*, at *1. As a result, the Court reviews a motion to reconsider filed within 10 days of the challenged ruling as a motion pursuant to Rule 59(e). *Id.* Under Rule 59(e), there are "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or to prevent a manifest injustice." *Id.*

While Plaintiffs cited the *Fowler* case, they did not follow the guidance set forth in the opinion. Plaintiffs present no change in controlling law, identify no new evidence, and do not identify any clear error of law or any manifest injustice. Instead, Plaintiffs' motion for reconsideration simply rehashes the same arguments they have previously made.

      **A.**     **Plaintiffs' Motion for Reconsideration Presents Nothing New.**

This Court in *Fowler* instructed that "[a] motion for reconsideration 'is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Fowler*, at *1. And this Court emphasized that a motion reconsideration is not intended to give "an unhappy litigant one additional chance to sway the judge." *Id*. Plaintiffs offer no new arguments in their motion to reconsider. Instead, Plaintiffs reargue the same stale mischaracterizations of the *Fonte v. Audubon* case and the Master Services Agreement.

Plaintiffs repeatedly point to the *Fonte v. Audubon* case, and even attach a copy of case to the Motion to Reconsider suggesting that the Court did not previously consider the case because it was not cited in the Court's September 3, 2009 Order. Plaintiffs' position is incongruous.

Plaintiffs cited the *Fonte v. Audubon* case in their Motion for Leave to File Amended Complaint [No. 85] as well as in their Rebuttal [No. 101]. Certainly the Court was aware of the decision. And certainly anyone reading the decision would know that it has no application to this case.

In *Fonte*, the Audubon Insurance Company adjusted Plaintiff's insurance claim under a policy it issued through the Mississippi Windstorm Underwriting Association. *Fonte v. Audubon Ins. Co.*, 8 So. 3d 161 (Miss. 2009). Plaintiff claimed that Audubon improperly adjusted his insurance claim. *Id.* at 163, 167. Audubon sought be relieved of liability under the theory that it was the agent to a disclosed principal, the Mississippi Windstorm Underwriting Association. *Id*. at 164-65. Plaintiff successfully argued that a question of fact existed as to whether Audubon was an agent or a co-principal. *Id*. at 166.

The *Fonte* case has no application to any claim against State Farm Mutual. To begin, Plaintiffs ignore the radically different relationship involving Audubon and its participation in a windstorm association and the relationship between State Farm Fire and its parent company, State Farm Mutual. But more importantly, Plaintiffs ignore the fact that State Farm Mutual did not adjust their insurance claims. In *Fonte*, Audubon was directly involved with Plaintiff and adjusted his claim. Plaintiffs do not and cannot allege that State Farm Mutual adjusted any of their claims involved in this suit.[2]

Similarly, Plaintiffs reargue their same misguided reading of the Master Services Agreement. As Plaintiffs attached the Master Services Agreement to their Motion for Leave to Amend [No. 85] and further addressed it in Rebuttal [No. 101], the agreement is certainly not new evidence and none of Plaintiffs' arguments regarding it are new. And the Court was aware of the Master Services Agreement. In fact, this Court specifically found in *Bridgewater v. State Farm Fire & Casualty Co. et al.*, 1:07-cv-01273-HSO-RHW, that, as a matter of law, this same

---

[2] Plaintiffs' repeated citations to *Gallagher Basset Services, Inc. v. Jeffcoat*, 887 So. 2d 777 (Miss. 2004) are similarly inapt as the *Gallagher* case addressed the liability of an adjuster who adjusted an insured's claim.

Master Services Agreement did not establish a "direct role State Farm Mutual employees have played in [the plaintiff's] injuries" and did not establish any purported control over State Farm Fire by State Farm Mutual. Apr. 10, 2008 Order (Docket No. 14), at 5.

Nonetheless, Plaintiffs argue again that the Master Services Agreement is "very similar" to Audubon's agreement with the Mississippi Windstorm Underwriting Association. Plaintiffs offer no support for this incorrect legal conclusion. As Plaintiffs allege in their proposed amended Complaint, State Farm Fire retains "ultimate control and responsibility" over any of the services employees of State Farm Mutual may provide to State Farm Fire. (Proposed Amended Complaint, para. 12.) In contrast, the Mississippi Windstorm Underwriting Association had no authority to even supervise Audubon's work. *Fonte*, 8 So. 3d at 166. Plaintiffs cannot re-write the Master Services Agreement in an attempt to shoehorn this case into the facts of the *Fonte* decision. Moreover, Plaintiffs do not and cannot make any factual allegation that would make this case look like the *Fonte* case. After all, in the *Fonte*, Audubon adjusted plaintiff's claim. *Id*. at 163, 167. Plaintiffs do not and cannot allege that State Farm Mutual adjusted Plaintiffs' claims.

      **B.**    **Plaintiffs Cannot Identify Any Manifest Injustice.**

While Plaintiffs suggest that the Court's September 3, 2009 leads to a "miscarriage of justice" (Motion to Reconsider at 1), Plaintiffs offer nothing to support this hyperbolized assertion. As reflected in a case Plaintiffs themselves cite, the Courts of the Southern District of Mississippi have cautioned any litigant considering bringing a motion to reconsider based upon "need to correct a clear error of law or prevent manifest injustice" to evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 262 (S.D. Miss. 1990). Likewise, in another case Plaintiffs cite, the court offered the following guidance when deciding whether to file a motion to reconsider:

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law of fact since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (motion to reconsider dismissed where motion was simply a reargument of previous argument).

Plaintiffs have conducted no evaluation of their motion to reconsider as contemplated by the very cases they cite. Unable to identify any "manifest injustice", Plaintiffs simply make the same arguments they have made prior to the Court's ruling. Moreover, Plaintiffs do not and cannot claim that the absence of State Farm Mutual in this lawsuit would in any way impede their opportunity to collect any further amounts they claim are due to them under their State Farm Fire policies.

At the same time, State Farm Fire undoubtedly will be prejudiced if Plaintiffs' proposed amendment is allowed. And the Court would be burdened with an unnecessarily complicated lawsuit. This lawsuit began more than 3 years ago in state court and it involves multiple insurance claims over two states, including a claim against the O'Keefe Plaintiffs' Mississippi insurance agent. If State Farm Mutual were added to this lawsuit, the parties would need to engage in additional dispositive motion practice, the issues relating to Plaintiffs' discovery demands will expand, and the litigation would otherwise become even more complicated. That alone is grounds for denying Plaintiffs' motion for leave to amend *See Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004) (denial of motion for leave to add claim upheld where new claim would cause undue delay and would cause undue prejudice to opposing party). There is simply no miscarriage of justice for the Court seeking to advance the case at hand. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (affirming district court's denial of motion to amend where "[a]mendment of the pleadings would provide ***no***

***benefit*** to [the plaintiffs] under these circumstances" (emphasis added)) (also citing *Shivangi v. Dean Witter Reynolds, Inc.,* 825 F.2d 885, 890 (5th Cir. 1987)).

   **C.**  **Plaintiffs Allege No Facts Supporting a Claim Against State Farm Mutual.**

As cited in the Court's September 3, 2009 Order, the United State Supreme Court has now reestablished the standards by which the sufficiency of a complaint will be assessed. For example, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), the Supreme Court has articulated a two-part inquiry for determining whether a complaint contains sufficient factual matter to survive a motion to dismiss. First, because only factual allegations are assumed to be true, the Court must separate factual allegations from legal conclusions, which are not entitled to an assumption of truth. Second, the Court must draw from judicial experience and common sense to determine whether a particular factual allegation, if assumed true, raises a plausible claim for relief. *Id.* In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citation omitted).

Plaintiffs' proposed amended Complaint is utterly devoid of facts supporting Plaintiffs' claims against State Farm Mutual. These deficiencies include:

- no facts to suggest that State Farm Mutual had any contractual relationship with the Plaintiffs; indeed, Plaintiffs acknowledge that all of the State Farm insurance contracts they have are with State Farm Fire;

- no facts to suggest that State Farm Mutual adjusted Plaintiffs' claims; indeed, Plaintiffs acknowledge that their insurance claims were adjusted by State Farm Fire;

- no facts to suggest that State Farm Mutual made any representations to Plaintiffs;

- no facts to suggest that State Farm Mutual had any relationship with Plaintiffs in respect to the policies or claims at issue;

- no facts to suggest that State Farm Mutual disregarded corporate formalities.

Indeed, one can search high and low in the proposed amended Complaint for allegations of State Farm Mutual's "own acts" and none will be found. Likewise, one can search high and low in Plaintiffs' Motion to Reconsider to find any recitation of allegations of State Farm Mutual's "own acts" and none will be found.

Particularly telling is Plaintiffs' accusation in their Motion to Reconsider that State Farm Fire is the "puppet" of State Farm Mutual. (Motion to Reconsider, at 2) Plaintiffs appear to have lost track of their invention that they claim that State Farm Mutual and State Farm Fire are "co-principals." Such rants amplify the point that Plaintiffs have no facts supporting their claims against State Farm Mutual.

    **D.**    **Plaintiffs' Theories Have Been Repeatedly Rejected.**

This Court, in conjunction with the other Courts of the Southern District of Mississippi, have addressed and rejected attempts to sue State Farm Fire's parent company, State Farm Mutual, in connection with Hurricane Katrina–related litigation.

- On April 11, 2008, this Court granted a motion to dismiss State Farm Mutual from another Hurricane Katrina–related case with essentially the same allegations and claims Plaintiffs are now pursuing here. In particular, the Court noted that "the Complaint contain[ed] no specific factual allegations of actionable conduct by State Farm Mutual or of disregard of corporate formalities sufficient to state a claim." Order (Apr. 11, 2008), *Bridgewater v. State Farm Fire & Cas. Co. et al.*, 1:07-cv-01273-HSO-RHW (Docket No. 14).

- This Court's ruling in *Bridgewater* embraced a similar opinion by Judge Senter in *Perkins v. State Farm Gen. Ins. Co.*, No. 1:07-cv-00116-LTS-RHW, 2007 WL 4375208 (S.D. Miss. Dec. 12, 2007). As Judge Senter noted, there (as here) "State Farm Fire and Casualty Company ha[d] a contractual relationship with the Plaintiffs, owe[d] contractual obligations to them, and ha[d] the legal responsibility to fairly evaluate their claims in good faith and respond appropriately." *Id*. As a result, Judge Senter dismissed two State Farm entities (including State Farm Mutual) where "there [was] no contractual relationship between Plaintiffs and either of [those] State Farm entities," "there was no evidence that the three named State Farm defendants ha[d] not respected the corporate form in conducting their business, and there [was] no indication that the parent, State Farm Mutual Automobile Insurance Company, ha[d] disregarded the formalities necessary to accomplish the lawful purpose of maintaining these forms." *Perkins* Order, 2007 WL 4375208 at *1.

- Likewise, on June 17, 2008, Judge Senter granted a motion to dismiss State Farm Mutual from another Hurricane Katrina-related case in which the plaintiffs attempted to bring claims against State Farm Mutual — despite the fact that State Farm Fire had issued their policies. *Abney v. State Farm Fire & Cas. Co.*, No. 1:07CV0711 LTS-JMR, 2008 WL 2509755, *2 (S.D. Miss. June 19, 2008). Judge Senter concluded that "[i]n the absence of any substantive allegations of misconduct by Mutual, and in the absence of any allegations which would support the contention that the Court should disregard the corporate form of business under Mississippi law, the plaintiffs have not stated a cause of action against Mutual." *Abney,* 2008 WL 2509755 *2. Applying the reasoning of *Abney*, Judge Senter subsequently dismissed State Farm Mutual from **more than a hundred** copycat cases.

- In *Robohm v. State Farm Fire & Cas. Co.*, No. 1:08CV490-LTS-RHW, 2009 WL 1293153 (S.D. Miss. May 7, 2009), Judge Senter dismissed State Farm Mutual with prejudice from dispute arising from a State Farm Fire insurance policy where insured could set forth nothing but a conclusory allegations against State Farm Mutual. Judge Senter also denied plaintiff's motion for leave to file an amended complaint.

This Court cited the *Robohm* decision in particular in support of its September 3, 2009 decision. The *Robohm* decision was the most recent of the lengthy series of decisions supporting the dismissal of State Farm Mutual from Hurricane Katrina cases. As Judge Senter noted in *Robohm*:

> No matter how Plaintiffs' label State Farm Mutual's alleged wrongdoing – as a "top-down conspiracy, post-catastrophe fraudulent claims handling scheme," or as "institutional," or as part of a "civil conspiracy," or as fraudulent – and try as they might to assert that they are not really trying to pierce the corporate veil or refer to State Farm and State Farm Mutual collectively, Plaintiffs' assertions against State Farm Mutual remain conclusory.

*Robohm* at 1-2.

Likewise, this Court correctly noted that "[t]his effort is not new to the Court." (September 3, 2009 Order, p. 4) The Court further correctly noted that "Plaintiffs' theory for imposing liability on State Farm Mutual under an insurance policy to which State Farm Mutual was not a party has been consistently rejected." (*Id.*) To be sure, Plaintiffs cite Judge Walker's rulings from January 2007 in *Guice* and *Marion* granting leave to add State Farm Mutual into pending litigation. However, these rulings pre-dated the unbroken series of ruling by Judge Senter and this Court. Moreover, in his ruling in *Guice*, Judge Walker observed that "[t]he Court

reserves judgment on whether State Farm Auto would be liable under Plaintiffs' theory of the case as that issue is best explored in a Motion to Dismiss or for Summary Judgment." January 10, 2007 Order, *Guice v. State Farm Fire and Casualty Co.*, No. 1:06-CV-00001-LTS-RHW, Docket No. 193 at 2. Those issues have now been decided in motions to dismiss in the *Abney*, *Perkins*, *Bridgewater*, and *Robohm* cases. And as Judge Senter noted in Robohm, the "theory for imposing liability on State Farm Mutual . . . has been rejected consistently." *Robohm*, at 1

### E.  Plaintiffs Offer No Reasons for a Hearing on their Motion to Reconsider.

Rule 7.2(F)(1) of the Uniform District Court Rules sets forth that "[a]ll motions shall be decided by the court without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel . . ." This rule establishes a presumption that no oral argument will be had on a motion. Plaintiffs, however, offer nothing to rebut this presumption. Indeed, Plaintiffs fail to suggest any reason why they must express their arguments orally rather than in writing. Plaintiffs' silence is particularly telling in light of the Court's September 2, 2009, text order where the Court found that oral argument would not be necessary or helpful in deciding the underlying motion to amend the complaint.

### CONCLUSION

For all of the foregoing reasons, State Farm Fire respectfully requests that this Court deny Plaintiffs' Motion to Reconsider.

**RESPECTFULLY SUBMITTED,** this the 17<u>th</u> day of September, 2009.

             **WEBB, SANDERS & WILLIAMS, P.L.L.C.**
             **363 NORTH BROADWAY**
             **POST OFFICE BOX 496**
             **TUPELO, MISSISSIPPI 38802**
             **(662) 844-2137**
             **DAN W. WEBB, MSB # 7051**
             **B. WAYNE WILLIAMS # 9769**
             **ROECHELLE R. MORGAN, MSB #100621**
             **J. DOUGLAS FOSTER # 100641**
             **PAIGE C. BUSH, MSB #101072**

   **By**:  */s/ Dan W. Webb*
       **DAN W. WEBB**

## CERTIFICATE OF SERVICE

I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company, do hereby certify that on September 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF with will send a notice of electronic filing to the following:

**Christopher C. Van Cleave, Esq.**
**CORBIN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**P.O. Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS,** the 17th day of September, 2009.

*/s/ Dan W. Webb*
**DAN W. WEBB**