IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL B. O'KEEFE, *et al.* | § | PLAINTIFFS |
| | § | |
| V. | § | Civil No. 1:08CV600-HSO-LRA |
| | § | |
| STATE FARM FIRE & CASUALTY | § | |
| COMPANY, *et al.* | § | DEFENDANTS |

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT
STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO JOIN
INTERESTED PARTIES, OR IN THE ALTERNATIVE, TO DISMISS**

This cause comes before the Court upon the Motion [84] of Defendant State

Farm Fire and Casualty Company ["State Farm"] to Join Interested Parties, or in

the Alternative, to Dismiss.  Plaintiffs have filed a Response [99] and Supplemental

Evidence [103], and State Farm a Reply [104].  The Court, having considered the

pleadings on file, the briefs and arguments of the parties, and the relevant legal

authorities, finds that State Farm's Motion should be denied in part and granted in

part.

I.  DISCUSSION

State Farm argues that the insurance policies in question in this case include

additional insureds, or mortgagees, who have an interest in the property insured by

the policies, namely Countrywide Home Loans, Inc., and Coast Community Bank on

the homeowners policy, Coast Community Bank on the business policy, and Wells

Fargo Bank and its Successors and/or Assigns on the flood policy.  *See* Mot., at p. 1.

State Farm asserts that the absence of the mortgage lenders makes it impossible for

this action to finally resolve all the issues related to its potential liability.  State

Farm reasons that the adjudication of the merits of the claims asserted by Plaintiffs would not necessarily resolve the potential claims of the mortgage lender(s). *See id.* at p. 2.

Plaintiffs counter that the mortgage holders have changed since the policy was issued, and that Bank of America currently holds Plaintiffs' mortgage, while Coast Community Bank continues to hold a line of credit for Plaintiffs. *See* Resp., at pp. 1-2. Plaintiffs state that they are seeking to obtain "Agreement[s] to be Bound" from both entities. *See id.* at p. 2. Plaintiffs have procured such an Agreement from Coast Community Bank, and they maintain that it is not a necessary or indispensable party. *See* Supplemental Evidence [103]. Therefore, the only remaining mortgage lender at issue is Bank of America.

Federal Rule of Civil Procedure 19(a) reads as follows:

(a) Persons Required to Be Joined if Feasible.
    (1)    Required Party.
        A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
        (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i)    as a practical matter impair or impede the person's ability to protect the interest; or
            (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
    (2)    Joinder by Court Order.
        If a person has not been joined as required, the court must order that the person be made a party. A person who refuses

> to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>
> (3) Venue.
> If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Fed. R. Civ. P. 19(a).

The Court is mindful of the potential for the mortgage lenders in this and in similar cases to incur substantial expenses by participating as a party in the great number of insurance cases that have been filed in the wake of Hurricane Katrina. The Court is also mindful that the joinder of an additional party at this time may result in considerable delay in the event the current Scheduling Order must be amended to allow for meaningful participation by the mortgage lender.

The issue that State Farm raises can be resolved in one of three ways, and the Court is of the opinion that Bank of America should be afforded a choice in how to proceed. Accordingly, the Court will require Plaintiffs to mail, by certified mail, return receipt requested, a copy of this Order to Bank of America, and to file into the record in this case a certificate of mailing this document on or before October 2, 2009. The Court will afford Bank of America three alternatives:

1. Bank of America shall have the option of intervening in this action and participating as a party in alignment with Plaintiffs. In order to select this alternative, Bank of America shall file a Complaint for Intervention setting out a concise summary of its claim for relief and the facts that support its interest in the pending action. The Complaint in Intervention must be filed within thirty (30) days of service of this Order by Plaintiffs;

2. Bank of America shall have the option of approving and ratifying the actions of Plaintiffs in bringing and prosecuting this action and shall thereby agree to be bound by the ultimate decision in this action. In the

event Bank of America chooses this option, it must do so by filing a written statement into the record in this case indicating its approval and ratification of the prosecution of this action by Plaintiffs. This approval and ratification must be filed within thirty (30) days of service of this Order by Plaintiffs; or

3.      Bank of America may take no action. This will result in Bank of America being made a party Defendant under Federal Rule of Civil Procedure 19, subject to being realigned as a Plaintiff if its interests are found to be substantially identical to the interests of Plaintiffs vis the insurance contract.

*See Eikel v. States Marine Lines, Inc.*, 473 F.2d 959 (5th Cir. 1973); *Necaise v. Oak Tree Savings Bank, SSB*, 645 So. 2d 1311 (Miss. 1994).

In all events, any judgment which may ultimately be rendered in this action will be payable in accordance with Mississippi law and the insurance contract, as the interests of those who are shown as insureds and loss payees in the insurance contract may appear.

## II. CONCLUSION

The Court has considered the arguments and evidence advanced in support of and in opposition to State Farm's Motion to Join Interested Parties, or in the Alternative, to Dismiss. Based upon the record, the parties' submissions, and the relevant legal authorities, State Farm's Motion should be denied in part and granted in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Defendant State Farm Fire and Casualty Company's Motion [84] to Join Interested Parties, or in the Alternative, to Dismiss should be and is hereby **DENIED IN PART** and **GRANTED IN PART**, that insofar as State

Farm's Motion seeks dismissal of the Complaint or to join mortgage lenders other

than Bank of America, the Motion is **DENIED**, and that insofar as State Farm's

Motion seeks the joinder of Bank of America, the motion is **GRANTED**.

 **IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons

more fully stated herein, Plaintiffs shall, by certified mail, return receipt requested,

mail a copy of this Order to Bank of America; that Plaintiffs shall file into the

record in this case a certificate of mailing this document on or before October 2,

2009; and that Bank of America may exercise one of three options:

> 1.  Bank of America shall have the option of intervening in this action and participating as a party in alignment with Plaintiffs. In order to select this alternative, Bank of America shall file a Complaint for Intervention setting out a concise summary of its claim for relief and the facts that support its interest in the pending action. The Complaint in Intervention must be filed within thirty (30) days of service of this Order by Plaintiffs;

> 2.  Bank of America shall have the option of approving and ratifying the actions of Plaintiffs in bringing and prosecuting this action and shall thereby agree to be bound by the ultimate decision in this action. In the event Bank of America chooses this option, it must do so by filing a written statement into the record in this case indicating its approval and ratification of the prosecution of this action by Plaintiffs. This approval and ratification must be filed within thirty (30) days of service of this Order by Plaintiffs; or

> 3.  Bank of America may take no action. This will result in Bank of America being made a party Defendant under Federal Rule of Civil Procedure 19, subject to being realigned as a Plaintiff if its interests are found to be substantially identical to the interests of Plaintiffs vis the insurance contract.

 In all events, any judgment which may be ultimately rendered in this action

will be payable in accordance with Mississippi law and the insurance contract, as

5

the interests of those who are shown as insureds and loss payees in the insurance

contract may appear.

**SO ORDERED AND ADJUDGED,** this the 18th day of September, 2009.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE