**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **DANIEL B. O'KEEFE,** | |
| **CELESTE A. FOSTER O'KEEFE,** | |
| **AND THE DANCEL GROUP, INC.** | **PLAINTIFFS** |
| | |
| **VS.** | **CAUSE NO. 1:08cv600-HSO-LRA** |
| | |
| **STATE FARM FIRE & CASUALTY** | |
| **COMPANY and MARSHALL J. ELEUTERIUS and** | |
| **JOHN AND JANE DOES A, B, C, D, E, F, G and H** | **DEFENDANTS** |

**EMERGENCY MOTION TO QUASH DEFENDANT, STATE FARM'S DISCOVERY REQUESTS SERVED IN VIOLATION OF THE COURT'S ORDERS [57] [147]**

COME NOW THE PLAINTIFFS, Danny and Celeste O'Keefe, and the Dancel Group, by and through undersigned counsel, and file their Emergency Motion to Quash Defendant, State Farm's Discovery Requests Served in Violation of the Court's Orders [57] [147], as follows:

**INTRODUCTION**

1. The subject litigation involves, in essence, two separate lawsuits (each against multiple parties) filed in a single cause. One "suit" addresses claims under the Plaintiffs' State Farm business policy, which covers a business structure located at 10265 Rodriguez Street, D'Iberville, **Harrison** County, Mississippi, and loss of income sustained for the business operations conducted from those premises. The second suit addresses claims under Danny and Celeste O'Keefe's State Farm homeowner's policy, which covers their home, additional structures and personal contents located at 12901 Hanover Drive, Ocean Springs, **Jackson** County, Mississippi; and alternative living expenses arising from the Plaintiffs being unable to live there due to destruction of the home by Hurricane Katrina. The O'Keefes, and Dancel, have sued State Farm for breach of contract and related causes of action, and have also sued Eleuterius for failure to procure, misrepresentation, and other related causes

**PROCEDURAL BACKGROUND**

2. This Court entered its Case Management Order [57] on March 4, 2009. Therein, the Court limited the number of Requests for Admission, Interrogatories and Requests for Production each party could serve to 30 in number.

3. Plaintiffs served discovery requests on the Defendants in accordance with the initial Case Management Order entered by the Court. State Farm objected to the fact that the discovery requests served in the Federal Court proceeding, paired with discovery requests that had been served in the State Court proceeding prior to State Farm's removal to this Court, exceeded 30 Interrogatories and 30 Requests for Production. State Farm filed its *Emergency Motion to Quash Plaintiffs' Excess Discovery Requests* [111] – without responding to any of the discovery requests served by the Plaintiffs, on May 29, 2009. Ultimately, the United States Magistrate Judge entered an [147] Order on July 10, 2009 providing that "**each *party* may propound** a **total** of forty-five requests for [production] and forty-five interrogatories".[1] During the telephonic status conference leading to this ruling, where a limit of 45 requests was discussed, Counsel for Plaintiffs joked that Plaintiffs (who number 3) would then be able to serve 135 Interrogatories and Requests for Admission on State Farm. Based on Counsel for Plaintiffs' recollection, everyone agreed that such would not be the case - the Court would perhaps allow 45, instead of the usual 30, requests because the Plaintiffs' claims arose from the handling of claims on two entirely separate insurance policies – one on the Plaintiffs' home and one on their business (which were located in different counties).

4. Plaintiffs were thus forced to limit the total number of Interrogatories and Requests for Production they could serve on State Farm, regarding claims under both homeowner's and

---

[1] The Order was later modified to change a scrivener's error, where the word "admissions" was used rather than "production" (See Order [200]).

2

business policies, to 45 – *including* the discovery requests that had been served in the State Court proceeding. Pursuant to the Court's instruction to re-serve discovery requests previously served in April, 2009 to comply with this Order, Plaintiffs served Revised Interrogatories and Requests for Production on State Farm, and separately on Eleuterius, on July 17, 2009 [153] [154] [155] [156]. The Plaintiffs limited the number of Interrogatories and Requests for Production served on State Farm, including the discovery requests previously filed in State Court, to 45 or less – in accordance with the clear Order of the Court.

### State Farm's Discovery Requests to the Plaintiffs Violate Two Orders of This Court

5. State Farm served discovery requests on the Plaintiffs in this Federal Court proceeding, for the first time, on August 24, 2009 [204] [205] [206] [207] [208]. The discovery propounded by State Farm on the Plaintiffs on August 24, 2009, regarding Plaintiffs' claims under both their homeowner's and business policies, is in **violation of the Court's Order [147] limiting the number of Interrogatories and Requests for Production "each party may propound" to 45; and is in violation of the Court's Order [57] limiting Requests for Admission to 30 in number**. (See combined Interrogatories, Requests for Production and Requests for Admission served on Danny and Celeste O'Keefe, attached as "Exhibit 1"; and combined Interrogatories and Requests for Production served on Dancel, attached as "Exhibit 2"). Specifically:

    (a)    State Farm propounded 24 interrogatories to Danny and Celeste O'Keefe and 35 Interrogatories to Dancel, **for a total of 59 Interrogatories to the Plaintiffs regarding their insurance claims against State Farm**. (See Exhibits 1 and 2)

    (b)    State Farm also propounded 21 Requests for Production to Danny and Celeste O'Keefe and 27 Requests for Production to Dancel, **for a total of 48 Requests for**

3

**Production of Documents to the Plaintiffs regarding their insurance claims against State Farm**. (See Exhibits 1 and 2)

(c) The discovery Requests State Farm served on the Plaintiffs on August 24, 2009 **also included 33 numbered Requests for Admission (actually 44 counting sub-parts which amount to separate requests) – <u>in clear violation of this Court's Case Management Order [57] limiting the amount of Requests for Admission each party can serve to 30</u>**. (See Exhibit 1). Plaintiffs served qualified responses to these excessive requests for admission on September 23, 2009, out of an abundance of caution, and subject to and without waiving their objection that the requests violate the Court's Order and should be stricken.

**<u>Plaintiffs Made A Good Faith Effort To Resolve This Dispute Without Court Intervention</u>**

6. On September 22, 2009, Counsel for Plaintiffs advised Counsel for State Farm that State Farm's discovery requests are in violation of the Court's Order, and offered a very reasonable compromise that would advance discovery and litigation of this case on the merits:

Gentlemen:

The Court's July 10, 2009 Order [147] provides that "<u>each party may propound</u> a **total** of forty five requests for [production] and forty five interrogatories".

As such, the Plaintiffs (understanding the clear intent of the Order to combine discovery on all claims notwithstanding the fact there are technically three plaintiffs) were forced to limit the TOTAL number of interrogatories and Requests for Production to State Farm, regarding claims under BOTH homeowner's and business policies, to 45.

The discovery propounded by State Farm on August 23, 2009 is in violation of the Court's Order [147]. Specifically, State Farm propounded 24 interrogatories to Danny and Celeste O'Keefe AND 35 interrogatories to Dancel - for a total of 59 interrogatories to the Plaintiffs - **<u>14 more than the maximum amount of interrogatories the "party" [State Farm] is allowed to propound by Order of the Court.</u>** Similarly, State Farm propounded 21 Requests for Production to Danny and Celeste O'Keefe AND 27 Requests for Production to Dancel, for a

4

total of 48 Requests for Production - **3 more than the maximum amount of requests for production the "party" [State Farm] is allowed to propound by Order of the Court.**

I am writing this correspondence as a good faith effort to resolve a discovery dispute without the necessity of Judicial Intervention. When you perceived the Plaintiffs had served too many discovery requests, you insisted that Plaintiffs completely withdraw their discovery requests and file new requests (starting a new response deadline) that complied with the Court's Order. When we refused, you refused to answer any of the discovery requests, choosing instead to file a Motion to Protective Order (thereby further delaying the discovery process).

I am going to offer a remedy that is much more accommodating, in the spirit of advancing this litigation on its merits. If you simply tell me which 14 interrogatories you wish to withdraw, and which 3 requests for production you wish to withdraw - I will agree to serve responses to the remaining discovery requests within one week (7 days) of said notification. If you will not agree to this accommodation, I will be forced to file a Motion for Protective Order with the Court in lieu of serving any responses -- just as you did earlier in this litigation.

I hope we can amicably resolve this matter without the necessity of Judicial intervention.

**AND**

Gentlemen:

State Farm's Requests for Admission, filed on August 23, 2009, are likewise in violation of the Court's Order. The [57] Case Management Order limited Requests for Admission to 30. This number was not modified by the Court's subsequent [147] Order which, as modified, only increased the number to 45 or Interrogatories and Requests for Production.

As numbered, the Requests for Admission served on the Plaintiffs number 33. Actually, counting the sub-parts as the separate requests they are, the Requests served on August 23 number 44 - **14 more than the number allowed by Order of the Court**.

In an effort to avoid Judicial intervention, I make a similar offer of accommodation to that I made with regard to the Interrogatories and Requests for Production. Simply tell me which 14 requests and/or sub-parts you wish to withdraw, and I will respond to the remaining 30 within 7 days from the date of your notification (with of course your agreement that responses filed in that time frame are timely). If you do not agree to this accommodation, I will have no choice but to file appropriate motions and/or objections with the Court.

5

(See separate emails dated September 22, 2009, attached as "Exhibit 3").

7.  What followed were numerous email exchanges by and between Counsel for Plaintiffs and Dan Webb (Counsel for State Farm who was not involved in the status conference that led to the Court's July 10, 2009 Order [147]).  (See series of emails by and between Counsel for State Farm and Counsel for Plaintiffs dated between September 22, 2009 and September 23, 2009, attached as "Cumulative Exhibit 4").  Therein, Counsel for State Farm maintained that State Farm is allowed to serve a total of 45 Interrogatories and Requests for Production on the O'Keefes, **and** a total of 45 Interrogatories and Requests for Production on Dancel – for a total of **90 Interrogatories and Requests for Production to the Plaintiffs about their claims under the two separate insurance policies at issue in this litigation**. *Id.* Where Plaintiffs, combined, were clearly limited to a total of 45 Interrogatories and 45 Requests for Production to State Farm regarding BOTH of Plaintiffs' insurance policies at issue in this litigation, it is clear that State Farm is continuing to pursue this litigation with the belief it is somehow entitled to broader discovery than the Plaintiffs.

8.  Counsel for State Farm also queried whether Eleuterius would be able to serve discovery requests on the Plaintiffs, and in what number.  Plaintiffs responded that clearly Eleuterius would be permitted to serve 45 requests for production and 45 interrogatories **related to the claims and defenses by and between the Plaintiffs and Eleuterius** – but pointed out that, as of this date, Eleuterius has not served *any* discovery requests in this Federal Court proceeding. Plaintiffs will certainly respond to such requests that are served in accordance with the rules of procedure and the Orders of this Court.  (See "Exhibit 4").

9.  Ultimately, Counsel for State Farm refused to accept the <u>very reasonable accommodation</u> offered by the Plaintiffs, or to offer any other reasonable accommodation other than to seek guidance from the Court.  Counsel for Plaintiffs confirmed that, if the parties were going to have to seek the Court's intervention despite the Plaintiffs' best efforts to reach a compromise with the Defendants on their violation of the Court's Orders, such would better be accomplished with filed motions in the Record.  Notwithstanding Plaintiffs' position, Counsel for State Farm contacted the Court.  (See Exhibit 4).

### **Conclusion**

The issue before the Court is not complicated.  State Farm clearly violated the Court's Order [57] limiting the number of Requests for Admission it can serve to 30.  State Farm clearly violated the Court's Order [147] that "<u>each party may propound</u> a **total** of forty five requests for [production] and forty five interrogatories".  State Farm refused to modify its discovery requests to comply with the Court's Orders when requested to do so by the Plaintiffs, and instead insisted on the Court's intervention.  Plaintiffs were thus forced to file the current Motion with the Court. Plaintiffs respectfully request the Court enter an Order quashing the discovery requests State Farm served on August 24, 2009, and each of them.  Plaintiffs further request the Court grant any additional relief deemed appropriate by the Court, including but not limited to an Order compelling State Farm to pay Plaintiffs' costs, expenses and reasonable attorney fees for having to prepare and file this motion, together with any other relief deemed appropriate by this Honorable Court.  State Farm must not be allowed to play by a different set of discovery rules than the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court enter an Order Quashing State Farm's discovery requests that violate the Court's Orders [57] [147];

and granting any and all additional relief in favor of the Plaintiffs deemed appropriate by this Honorable Court.

    Respectfully submitted, this the  23rd  day of September, 2009.

                                DANIEL B. O'KEEFE,
                                CELESTE A. FOSTER O'KEEFE, and
                                DANCEL GROUP, INC., PLAINTIFFS

                    By:    */s/ Christopher C. Van Cleave*
                                CHRISTOPHER C. VAN CLEAVE

Clyde H. Gunn, III, (MSB #5074)
Christopher C. Van Cleave, (MSB #10796)
W. Corban Gunn, (MSB #101752)
David N. Harris, Jr. (MSB# 100790)
CORBAN, GUNN & VAN CLEAVE, PLLC
P.O. Drawer 1916
Biloxi, Mississippi 39533-1916
Telephone: (228) 432-7826
Facsimile:  (228) 456-0998
christopher@cgvclaw.com

## CERTIFICATE OF SERVICE

I, undersigned counsel of record, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the EFC system which sent notification of such filing to the following:

B. Wayne Williams, Esq.
Dan W. Webb, Esq.
Roechelle R. Morgan, Esq.
Paige C. Bush, Esq.
Webb, Sanders & Williams, PLLC
363 North Broadway
Post Office Box 496
Tupelo, Mississippi 38802
(662) 844-2137 (off)

wwilliams@webbsanders.com
RRM@webbsanders.com

This the  23rd   day of September, 2009.

                                            */s/ Christopher C. Van Cleave*
                                            CHRISTOPHER C. VAN CLEAVE