IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANIEL B. O'KEEFE,**
**CELESTE A. FOSTER O'KEEFE,**
**and THE DANCEL GROUP, INC.**                                **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO. 1:08cv600-HSO-LRA**

**STATE FARM FIRE & CASUALTY**
**COMPANY and MARSHALL J. ELEUTERIUS**                        **DEFENDANTS**

**STATE FARM'S COMBINED RESPONSE TO PLAINTIFFS' MOTION TO QUASH**
**[244][1] AND MOTION TO COMPEL**

Plaintiffs have attempted at every turn to find ways not to answer simple, straight-forward discovery regarding their claim for damages in this case. Plaintiffs' latest attempt to avoid answering discovery is clearly a delay tactic and further is not consistent with this Court's prior case management order and other orders of this Court. It was made 6 days prior to the answers being due to discovery that was already in the possession of Plaintiffs the last time we conferred with the Court regarding this case. Moreover, much of it is the same as the discovery which was already responded to (albeit incompletely) prior to removal. This Court ordered that Plaintiffs and Defendants can serve **each** party with 45 interrogatories and 45 requests for production of documents. [Docs. 147 & 200] In other words, the plaintiffs (Mr. and Mrs. O'Keefe and Dancel) can serve State Farm with 45 requests for production and 45 interrogatories and can serve Eleuterius with 45 requests for production and 45 interrogatories. Defendants acknowledge the scope of the Court's order as evidenced by the fact Plaintiffs have served State Farm with 44 interrogatories and 44 requests for production and have served Eleuterius with 43

---
[1] Because the Motion that Plaintiffs have filed and the relief requested in this response also affect Defendant Eleuterius, this pleading is also submitted on his behalf as well.

interrogatories and 36 requests for production of documents. See Exhs. A and B. State Farm has responded to all of plaintiffs' discovery requests, including the many over limit subparts.

State Farm has propounded Plaintiffs Mr. and Mrs. O'Keefe 24 interrogatories and 21 requests for production of documents. State Farm has likewise propounded to plaintiff Dancel 35 interrogatories and 27 requests for production of documents. Clearly State Farm has not yet used all the interrogatories and requests for production allowed reserving the right to use same by Eleuterius and/or State Farm so as have no additional discovery filed on any party greater than a potential of 45 interrogatories and 45 requests for production. Admittedly, this last point is a very conservative reading of the orders but State Farm believes that is all that would be necessary: to at most, use the number of interrogatories and requests that it and/or Eleuterius were allowed, like Plaintiffs to file on any party. Plaintiffs have manufactured an 11th hour objection that is inconsistent with their own service of discovery and refuse to answer in total the propounded discovery. Plaintiffs basically contend it is proper for them to propound 45 interrogatories and requests for production to each defendant but State Farm and Eleuterius are precluded from doing so. This is preposterous. State Farm is entitled to the same kind and number of discovery devices plaintiffs enjoy and to say otherwise, as plaintiffs do, is disingenuous, intellectually dishonest and, as shown herein, inconsistent with this Court's case management order and clarifications of same. It is, however, consistent with the fact that Plaintiffs have also not properly disclosed the information providing the bases for their claims and have not agreed to do so as requested. See Exh. C.

Defendants, State Farm and Eleuterius, ask this Court to compel Plaintiffs to fully supplement their disclosures by October 3, 2009 (seven (7) days prior to the 30(b)(6) deposition of Dancel set for October 13, 2009) providing all information and documents that support their

claims for damages including but not limited to all information that supports the cost to repair plaintiffs' home at 12901 Hanover Drive.  Defendants further seek this Court to compel plaintiffs to fully provide complete responses to discovery due State Farm on September 28, 2009 that is the subject of the motion to quash.  Further it is asked that in the event Plaintiffs fail to provide complete disclosures and/or complete discovery responses by the dates indicated herein State Farm and Eleuterius move this Court to preclude plaintiffs from offering any proof supporting any alleged claims not provided by the dates herein and in no event, from offering any evidence or documents at trial that are not specifically disclosed in those responses.

The parties have been successful on scheduling several depositions and are working toward scheduling the remaining depositions in this case.  Permitting plaintiffs to continue avoiding their obligation to fully provide disclosures and discovery responses in this case jeopardizes the deposition schedule set by this Court and advanced by the parties to date.

**WHEREFORE, PREMISES CONSIDERED**, Defendant asks this Court to deny Plaintiffs' Motion to Quash [Doc. 244]; order plaintiffs to fully provide disclosures by October 3, 2009 and fully provide complete responses to discovery by September 28, 2009, the original due date for those responses and barring use of any other information concerning the issues inquired about other than that which is disclosed and  allowing Mr. Eleuterius and/or State Farm to use those interrogatories and requests for production that have not yet been utilized so long as no party has more than 45 each served upon them  and for such other and further relief to which it may be entitled.

**RESPECTFULLY SUBMITTED**, this the 24th day of September, 2009.

>**WEBB, SANDERS & WILLIAMS, P.L.L.C.**
>**363 NORTH BROADWAY**
>**POST OFFICE BOX 496**
>**TUPELO, MISSISSIPPI 38802**
>**(662) 844-2137**
>**DAN W. WEBB, MSB 7051**
>**B. WAYNE WILLIAMS, MSB 9769**
>**J. DOUGLAS FOSTER, MSB 100641**
>
>**BY:**   */s/ J. Douglas Foster*
>           **J. DOUGLAS FOSTER**

## CERTIFICATE OF SERVICE

I, J. Douglas Foster, one of the attorneys for Defendants, State Farm Fire and Casualty Company and Marshall J. Eleuterius, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following ECF participant:

**Christopher C. Van Cleave, Esq.**
**CORBIN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**Post Office Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS,** the 24th day of September, 2009.

>**BY:**   */s/ J. Douglas Foster*
>           **J. DOUGLAS FOSTER**