**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DANIEL B. O'KEEFE,
CELESTE A. FOSTER O'KEEFE,
AND THE DANCEL GROUP, INC.**                                       **PLAINTIFFS**

**VS.**                                          **CAUSE NO. 1:08cv600-HSO-LRA**

**STATE FARM FIRE & CASUALTY
COMPANY and MARSHALL J. ELEUTERIUS and
JOHN AND JANE DOES A, B, C, D, E, F, G and H**        **DEFENDANTS**

**PLAINTIFFS' REBUTTAL TO STATE FARM'S [246] RESPONSE TO PLAINTIFFS
[244] EMERGENCY MOTION TO QUASH DEFENDANT, STATE FARM'S
DISCOVERY REQUESTS SERVED IN VIOLATION
OF THE COURT'S ORDERS [57] [147]**

COME NOW THE PLAINTIFFS, Danny and Celeste O'Keefe, and the Dancel Group, by and through undersigned counsel, and file their Rebuttal to State Farm's [246] Response to Plaintiffs' [244] Emergency Motion to Quash Defendant, State Farm's Discovery Requests Served in Violation of the Court's Orders [57] [147], as follows:

1. In State Farm's [246] Response, State Farm asserts:

   In other words, the **plaintiffs (Mr. and Mrs. O'Keefe and Dancel) can serve State Farm** with 45 requests for production and 45 interrogatories **and can serve Eleuterius** with 45 requests for production and 45 interrogatories.

(pg. 1, emphasis added). Note, State Farm chose to enumerate the "plaintiffs" as <u>one party</u>, collectively combining Mr. and Mrs. O'Keefe and Dancel. On the other hand, State Farm (recognizing there are distinguishable claims between the State Farm and Eleuterius) delineated the Defendants as <u>two parties</u>, noting the Plaintiffs could serve 45 interrogatories and requests for production <u>each</u> on "State Farm" and "Eleuterius". This is an accurate interpretation of the Court's Order, and is how the Plaintiffs proceeded with discovery in this cause.

2. Plaintiffs served:

    (a)    44 Interrogatories and 44 Requests for Production **on "State Farm"** on or about June 17, 2009 (See "Exhibit A" to Defendants' [246] Response); and

    (b)    44 Interrogatories and 36 Requests for Production **on "Eleuterius"** on or about July 17, 2009 (See "Exhibit B" to Defendants' [246] Response).

3. Pursuant to the Court's [147] Order

    (a)    <u>"State Farm"</u> was likewise <u>entitled to serve 45 Requests for Production and 45 Interrogatories on the "plaintiffs (Mr. and Mrs. O'Keefe and Dancel)</u>"; **and**

    (b)    "Eleuterius" was entitled to serve <u>45 Requests for Production and 45 Interrogatories on the "plaintiffs (Mr. and Mrs. O'Keefe and Dancel)</u>" (the discovery against the agent deals with agent related matters, as opposed to insurance company related matters)

4. The facts are undisputed that **Eleuterius has not served ANY discovery requests on the Plaintiffs** in this proceeding.

5. Although <u>"State Farm" was only entitled to serve 45 Requests for Production and 45 Interrogatories on the</u> **Plaintiffs (Mr. and Mrs. O'Keefe and Dancel)**, State Farm filed a total of 59 Interrogatories and 48 Requests for Production on the Plaintiffs (Mr. and Mrs. O'Keefe and Dancel). (See "Exhibit 1" and "Exhibit 2" to Plaintiffs' Motion).

6. Although State Farm correctly articulated the intent of this Court's [147] Order on the first page of its Response (see ¶ 1 above), State Farm somehow maintains that it is allowed to serve a total of 90 Requests for Production and 90 Interrogatories on the Plaintiffs – by separately serving discovery on "Mr. and Mrs. O'Keefe" and on "Dancel"; while Mr. and Mrs. O'Keefe and Dancel combined are only entitled to serve 45 Requests for Production and 45 Interrogatories on State Farm.

7. State Farm must not be allowed to play by a separate set of rules. If Defendants' Counsel chooses to serve discovery requests on behalf of Mr. Eleuterius – **related to the agency related claims against Eleuterius** – it may do so within the parameters set by the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court enter an Order Quashing State Farm's discovery requests that violate the Court's Orders [57] [147]; and granting any and all additional relief in favor of the Plaintiffs deemed appropriate by this Honorable Court.

Respectfully submitted, this the  24th  day of September, 2009.

>                    DANIEL B. O'KEEFE,
>                    CELESTE A. FOSTER O'KEEFE, and
>                    DANCEL GROUP, INC., PLAINTIFFS
>
> By:    */s/ Christopher C. Van Cleave*
>        CHRISTOPHER C. VAN CLEAVE

Clyde H. Gunn, III, (MSB #5074)
Christopher C. Van Cleave, (MSB #10796)
W. Corban Gunn, (MSB #101752)
David N. Harris, Jr. (MSB# 100790)
CORBAN, GUNN & VAN CLEAVE, PLLC
P.O. Drawer 1916
Biloxi, Mississippi 39533-1916
Telephone: (228) 432-7826
Facsimile:  (228) 456-0998
christopher@cgvclaw.com

## **CERTIFICATE OF SERVICE**

I, undersigned counsel of record, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the EFC system which sent notification of such filing to the following:

B. Wayne Williams, Esq.
Dan W. Webb, Esq.
Roechelle R. Morgan, Esq.
Paige C. Bush, Esq.
Webb, Sanders & Williams, PLLC
363 North Broadway
Post Office Box 496
Tupelo, Mississippi 38802
(662) 844-2137 (off)

wwilliams@webbsanders.com
RRM@webbsanders.com

This the  24th   day of September, 2009.

                                                  */s/ Christopher C. Van Cleave*
                                                  CHRISTOPHER C. VAN CLEAVE