UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;                             PLAINTIFFS
and THE DANCEL GROUP, INC.

                                                                        Civil Action No.: 1:08cv600-HSO-LRA

VS.

STATE FARM FIRE AND CASUALTY COMPANY;
MARSHALL J. ELEUTERIUS; And John and Jane                                 DEFENDANTS
Doe Defendants A-H

## STATE FARM'S MOTION FOR PROTECTIVE ORDER AND FOR EXPEDITED HEARING RE: DEPOSITIONS OF BILL SAARI, ALEXIS "LECKY" KING, BRIAN LLEWELLYN, ARTHUR LEOTIS, AND RACHEL FISHER

### (EXPEDITED BRIEFING AND HEARING REQUESTED)

State Farm Fire and Casualty Company, on this urgent and necessitous matter, and for good cause as shown below, files this motion for a protective order and for expedited hearing, pursuant to Fed. R. Civ. P. 26(c)(1) and Local R. 7.2(H), regarding the depositions of Bill Saari, Alexis "Lecky" King, Brian Llewellyn, Arthur Leotis, and Rachel Fisher.

At the time of Hurricane Katrina, the O'Keefes maintained three insurance policies through State Farm – a homeowners and flood policy for their house and a business policy for the building in which their business operated. Their business, The Dancel Group, Inc. did not have a State Farm insurance policy. The O'Keefes' house and business property sustained damage during Hurricane Katrina. Plaintiffs contend that State Farm wrongfully denied coverage for these losses.

Good Faith Efforts

Plaintiffs have requested the depositions of Mr. Saari, Ms. King, Mr. Llewellyn, Mr. Leotis, and Ms. Fisher. Each of these witnesses had certain – and, in most instances, very limited – involvement in handling Plaintiffs' claims. Prior to the filing of this motion, State Farm communicated with Plaintiffs

{567735.DOC}

in a good faith effort to limit each witness's deposition to his or her involvement in and knowledge of Plaintiffs' claims. *See* State Farm Sept. 2, 2009 letter to Plaintiffs (Ex. A at 3). Plaintiffs rejected any such limitations and stated their intention to depose the witnesses about, among other things, "claims procedures utilized during Hurricane Katrina for *similar* claims" and whether Plaintiffs' claims were handled consistently "with the handling of ***other similarly situated policy holder's claims***." *See* correspondence between Plaintiffs and State Farm (Ex. B at 2) (emphasis added).[1]

A Protective Order Consistent with Prior Katrina Protective Orders Should Be Entered

While State Farm does ***not*** seek to prevent Plaintiffs from deposing these witnesses, an order limiting the deposition of each witness to his or her involvement in and knowledge of Plaintiffs' claims should be entered. Protective orders of this kind are authorized by Fed. Rule Civ. P. 26(c)(1)(D) and have been routinely entered by the Southern District of Mississippi in the Katrina litigation.

In *Gagne v. State Farm Fire & Cas. Co.*, No. 1:06-CV-711-LTS-RHW (S.D. Miss. 2006), for example, the court routinely and repeatedly issued protective orders that restricted the scope of State Farm's employees' depositions to the extent of their involvement in and knowledge of the plaintiff's claim. *See*, *e.g.*, *id.* [340], [343], [363], and [367] (Exs. C, D, E, & F). These protective orders restricted the scope of such witnesses' depositions in three respects, all of which should be followed and adopted here.

<u>First</u>, the deposition "testimony should be limited to [the witness's] involvement and knowledge of the [Plaintiff's] claim. However, to the extent that he does not have specific knowledge of the [Plaintiff's] claim, Plaintiff is permitted to ask him about his general practices for issues relevant to the [Plaintiff's] claim . . . ." Oct. 14, 2008 *Gagne* Order [340] at 2 (Ex. C); Oct. 15, 2008 *Gagne* Order [343] at 1-2 (Ex. D); Oct. 27, 2008 *Gagne* Order [363] at 1 (Ex. E).

---

[1] Plaintiffs refused to sign the Good Faith Certificate provided by State Farm, a copy of which is attached hereto as Ex. J.

Second, with respect to questions about such general practices, "[t]he Court cautions that the scope of the questioning is still rather narrow. Plaintiff must first establish the foundation that this witness performed a particular duty or took a particular action in the [Plaintiff's] claim before proceeding to question the witness regarding how she would typically perform such duty or take such action." Oct. 28, 2008 *Gagne* Order [367] at 2 (Ex. F).

Third, the witness "is not required to answer any questions about State Farm's corporate policies and practices. These areas of inquiry are best pursued in a Rule 30(b)(6) deposition. Nor is [the witness] required to testify as to his 'personal knowledge' of State Farm's corporate practices and policies, which is really nothing more than a backdoor attempt at eliciting 30(b)(6) testimony from a deponent who has not been designated as such." Oct. 14, 2008 *Gagne* Order [340] at 2 (Ex. C); Oct. 15, 2008 *Gagne* Order [343] at 1-2 (Ex. D); Oct. 27, 2008 *Gagne* Order [363] at 2 (Ex. E).

Here, a protective order similar to three respects outlined above of those entered by the court in *Gagne* is fully appropriate.

Bill Saari

Mr. Saari is an independent adjuster with Worley Claims. He had no involvement in Plaintiffs' flood or business policy claims and was only peripherally involved with Plaintiffs' homeowners claim. In fact, while there are **ninety-two** entries in the activity log for Plaintiffs' homeowners claim file, Mr. Saari made only **two** of those entries. On March 20, 2006, Mr. Saari noted receiving a fax from Plaintiffs regarding their claim and calling Plaintiffs to advise them to send their engineering report and contractor's repair estimate to State Farm.

> A = received 2nd fax from insured in reference to her claim. Called Ms. PH and reviewed ltr. Advised her to send in engineering report she obtained, contractors bid on repairs. Advised that we will correct discrepancies on estimate when reconciled with her contractor's. ALE will only be extended from date of loss to date of denial ltr. Advised Ms. PH that as soon as we get her information from Eng. report and contractors bid the claim will be refered [sic] to the field for reconcile of scope with contractor. Submitting for certified copy of policy to send to insured.

{567735.DOC}3

      C = gave insured all contact #'s and mailing address.
      T = 1.  Review engineering report from INSURED.
            2.  Review contractors estimate (possible TASC)
            3.  Explain to insured ALE is extenced [sic] from a covered loss and ends on   date of denial ltr. (insured is in a 1 year lease)

Homeowners Activity Log, at 100280 (Ex. G). That same day, Mr. Saari made a second entry.

      A = Certified policy request submitted to Julie Whatley (HOT9) to be mailed to insured at 10265 Rodriguez St. D'Iberville, MS 39540

*Id.* Mr. Saari's deposition should be limited to his involvement in and knowledge of the O'Keefes' homeowners claims.

      Alexis "Lecky" King

Ms. King is a State Farm employee who served as a catastrophe team manager following Hurricane Katrina. A review of Plaintiffs' homeowners, flood, and business claims files reveals that Ms. King's involvement and knowledge of Plaintiffs' claims is minimal. Indeed, her involvement was limited to Plaintiffs' flood claim. Ms. King made a *single* activity log entry on September 19, 2005, which reads, "Authority given while adjuster in field. Draft written by field TM. Okay to close." Flood Activity Log at 100039 (Ex. H). Further, Ms. King's name appears only one other time in the claim file. On September 7, 2005, Ms. Fisher made an entry referencing the same communication Ms. King related on her September 19 entry: "Reviewed claim and photos with Lecky King. She does feel that this home can be evaluated as a total loss." *Id.* at 100040. As evidenced by these two activity log entries, Ms. King's involvement with Plaintiffs' flood claim was minimal.

To be sure, the scope of Ms. King's deposition should not include inquiries regarding State Farm's involvement in the drafting and implementation of the amended claims handling guidelines that were adopted by the Federal Emergency Management Agency ("FEMA") after Hurricane Katrina. As State Farm set forth in its response in opposition to Plaintiffs' motion to compel, *see* [217] (respectfully incorporated herein by reference in the interests of brevity and judicial economy), the courts in this

District and others have routinely prohibited such discovery and Plaintiffs' flood claim was adjusted *before* these guidelines were discussed with or adopted by FEMA. Thus, the communications related to the adoption of these guidelines are not relevant to Plaintiffs' claims and are beyond the scope of permissible discovery. *See generally* [217], *passim*. For all these reasons, Ms. King's deposition should be limited to her involvement in and knowledge of Plaintiffs' flood claim.

Brian Llewellyn

Mr. Llewellyn is a claims representative in State Farm's Business Interruption Unit. He was only briefly involved in the handling of Plaintiffs' loss of rental income claim under the O'Keefes' business policy. Indeed, Mr. Llewellyn is responsible for only *eight* of the *one hundred twenty-seven* entries in the activity log for Plaintiffs' business claim file. His entries relate to the O'Keefes' loss of income claim and to whether their policy covers the business interruption losses incurred by The Dancel Group as a result of the damage to their property. Business Activity Log at 100100, 100103-04 (Ex. I). His involvement in the claim ended prior to any resolution on Plaintiffs' loss of income dispute. His deposition should be limited to his involvement in and knowledge of Plaintiffs' loss of income claim.

Arthur Leotis

Mr. Leotis is a claims representative in State Farm's Special Handling Unit. He was assigned to investigate whether the O'Keefes intended to purchase a business policy for The Dancel Group when they purchased their State Farm business policy from Defendant Marshall Eleuterius. Mr. Leotis's involvement in Plaintiffs' claims was limited to this investigation. In fact, he made only one entry in the activity log for Plaintiffs' business claim file. His *single* entry on April 27, 2006, reads, "SHU assignment received. File assigned to Arthur Leotis, 601-261-2815." Ex. I at 100092. He was not involved in nor does he have knowledge of Plaintiffs' claims under the homeowners or flood policies, as a review of Plaintiffs' homeowners and flood claims files reveals. His deposition should be limited to his involvement in and knowledge of the O'Keefes' claims under their business policy.

Rachel Fisher

Ms. Fisher is a State Farm claims representative who was assigned to handle Plaintiffs' homeowners, flood, and business claims. Ms. Fisher should not be required to answer questions about her involvement in or knowledge of "similar claims," which are not relevant to this litigation. Likewise, she should not be required to testify as to State Farm's corporate policies and practices or her "personal" knowledge of such practices and policies. Her deposition should be limited to her involvement in and knowledge of the adjustment and payment of the Plaintiffs' homeowners, flood, and business claims.

Conclusion

For the foregoing reasons, and to protect State Farm the witnesses from needless annoyance, oppression, and undue burden, and consistent with the prior practices of the Southern District of Mississippi in the Katrina litigation, State Farm respectfully requests that this Court issue a protective order restricting the scope of each witness's deposition as follows:

> The testimony of the witness shall be limited to his or her involvement in and knowledge of Plaintiffs' claims. To the extent that the witness does not have specific knowledge of Plaintiffs' claims, Plaintiffs are permitted to ask the witness about his or her general practices for issues relevant to Plaintiffs' claims, provided that Plaintiffs first establish the foundation that the witness performed a particular duty or took a particular action with respect to their claims before proceeding to question the witness regarding how he or she would typically perform such duty or take such action. The witness is not required to answer any questions about State Farm's corporate policies and practices, nor is the witness required to testify as to his or her "personal knowledge" of State Farm's corporate practices and policies.

Pursuant to Local R. 7.2(H), State Farm respectfully requests that this Court set expedited briefing and ruling on this motion, prior to October 30, 2009, the currently scheduled date of Lecky King's deposition.

In the interests of brevity and judicial economy, State Farm further requests that this Court waive the requirement of the filing of a separate memorandum of law inasmuch as this motion addresses the relevant rules and authorities.

**RESPECTFULLY SUBMITTED**, this 28th day of September, 2009.

**WEBB, SANDERS & WILLIAMS, P.L.L.C.**
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802
(662) 844-2137
DAN W. WEBB, MSB # 7051
B. WAYNE WILLIAMS, MSB #9769
J. DOUGLAS FOSTER, MSB #100641


BY: /s/ Dan W. Webb
**DAN W. WEBB**

# CERTIFICATE OF SERVICE

I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company, do hereby certify that on September 28, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following:

**Christopher C. Van Cleave, Esq.**
**CORBAN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**Post Office Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS** the 28th day of September, 2009.

/s/ Dan W. Webb
**DAN W. WEBB**