IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;   PLAINTIFFS
and THE DANCEL GROUP, INC.

Civil Action No.: 1:08cv600-HSO-LRA

VS.

STATE FARM FIRE AND CASUALTY COMPANY;
MARSHALL J. ELEUTERIUS; And John and Jane   DEFENDANTS
Doe Defendants A-H

STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY RE: USE OF
ENGINEERS, CLAIMS BY OTHER POLICYHOLDERS, STATE FARM'S HURRICANE
DEDUCTIBLE, "WINDSTORM" COVERAGE/DAMAGE, MISSISSIPPI DEPARTMENT
OF INSURANCE BULLETINS, AND "INFLATION PROTECTION" PROVISIONS

(EXPEDITED BRIEFING AND HEARING REQUESTED)

1.   Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits this motion for a protective order, pursuant to Fed. R. Civ. P. 26(c)(1)(A), (D), to forbid requests for discovery – particularly examination during depositions – concerning State Farm's policies and practices regarding the use of engineers in adjusting claims under its policies and State Farm's handling of individual claims other than those made by Plaintiffs. Requests for discovery concerning the Hurricane Deductible in State Farm's policies, whether Plaintiffs' home, business or personal property was damaged by a "windstorm" and whether such damage is covered under State Farm's policies, Mississippi Department of Insurance bulletins, and the "inflation protection" provisions of State Farm's policies should also be forbidden or restricted.

2.   As discussed more fully in the accompanying memorandum of law, incorporated herein by reference, Plaintiffs apparently seek discovery into State Farm's policies and practices regarding the use of engineers in handling claims under State Farm insurance policies even though it is undisputed that

1

an engineer was never asked to inspect the property subject to Plaintiffs' claims.[1]  Further, it appears that Plaintiffs seek discovery related to the handling of claims filed by other State Farm insureds, discovery concerning State Farm's Hurricane Deductible and a number of other topics as set forth above.

3.      State Farm objects to discovery related to all of these topics on the grounds that such discovery is irrelevant to the matters at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.  State Farm also objects to discovery on these topics because the burden and expense of providing responses will outweigh the benefits, if any, particularly when measured against the importance of the issues at stake and the amount in controversy.  Additionally, State Farm objects on the grounds that allowing discovery into utterly unrelated claims and claims handling practices that have no bearing on the dispute in Plaintiffs' individual case is constitutionally unsound under basic principles of due process.

4.      State Farm attempted to resolve these issues with Plaintiffs' counsel through the informal and formal communications, albeit without avail.

5.      Accordingly, for good cause shown, discovery into the following topics should be forbidden or strictly limited as set forth in State Farm's supporting memorandum of law: (1) State Farm's policies and practices regarding the use of engineers in handling claims under its homeowners and other policies; (2) State Farm's handling of any individual claims other than those filed by Plaintiffs; (3) the Hurricane Deductible in State Farm's policies; (4) whether Plaintiffs' home, business or personal property was damaged by "windstorm" and whether such "windstorm" damage is covered by State Farm's policies; (5) Mississippi Department of Insurance bulletins and related correspondence; and, (6) the "inflation protection" provisions of State Farm's policies.

---

[1] State Farm files this motion in anticipation of efforts by Plaintiffs to examine various current and former State Farm personnel at deposition regarding these subjects, including Juan Guavara, David Carrigan, and Lecky King, among others. Indeed, through documents produced by Plaintiffs, and the informal and formal communications between counsel, it has become clear to counsel for State Farm that Plaintiffs intend to confront State Farm witnesses at deposition with totally irrelevant documents relating to these subjects and to examine the witnesses thereon.

5.      Pursuant to Local R. 7.2(H), State Farm respectfully requests that this Court set expedited briefing and ruling on this motion, prior to October 30, 2009, the currently scheduled date of Lecky King's deposition and because the parties are currently exchanging dates for other depositions as well.

**RESPECTFULLY SUBMITTED**, this 28th day of September, 2009.

        **WEBB, SANDERS & WILLIAMS, P.L.L.C.**
        363 NORTH BROADWAY
        POST OFFICE BOX 496
        TUPELO, MISSISSIPPI 38802
        (662) 844-2137
        DAN W. WEBB, MSB # 7051
        B. WAYNE WILLIAMS, MSB #9769
        J. DOUGLAS FOSTER, MSB #100641

BY:     /s/ Dan W. Webb
        **DAN W. WEBB**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANIEL B. O'KEEFE and**
**CELESTE A. FOSTER O'KEEFE,**
**Individually and d/b/a THE DANCEL GROUP, INC.;**  **PLAINTIFFS**
**and THE DANCEL GROUP, INC.**

Civil Action No.:  1:08cv600-HSO-LRA

**VS.**

**STATE FARM FIRE AND CASUALTY COMPANY;**
**MARSHALL J. ELEUTERIUS; And John and Jane**  **DEFENDANTS**
**Doe Defendants A-H**

**STATE FARM FIRE AND CASUALTY COMPANY'S**
**MOTION FOR A PROTECTIVE ORDER RULE 26(c)(1) CERTIFICATE**

State Farm Fire and Casualty Company ("State Farm") files this certificate pursuant to Federal Rule of Civil Procedure 26(c)(1), that State Farm "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  The undersigned contacted Plaintiffs' counsel for a stipulation granting the relief in this motion but could not obtain such a stipulation.

**RESPECTFULLY SUBMITTED**, this 28th day of September, 2009.

        **WEBB, SANDERS & WILLIAMS, P.L.L.C.**
        363 NORTH BROADWAY
        POST OFFICE BOX 496
        TUPELO, MISSISSIPPI 38802
        (662) 844-2137
        DAN W. WEBB, MSB # 7051
        B. WAYNE WILLIAMS, MSB #9769
        J. DOUGLAS FOSTER, MSB #100641

  BY: /s/ Dan W. Webb
      **DAN W. WEBB**

**CERTIFICATE OF SERVICE**

I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company, do hereby certify that on September 28, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following:

**Christopher C. Van Cleave, Esq.**
**CORBAN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**Post Office Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS** the 28th day of September, 2009.

/s/ Dan W. Webb
**DAN W. WEBB**