# Webb Sanders & Williams PLLC

| | | |
|---|---|---|
| Dan W. Webb* | 363 North Broadway St. | Reagan D. Wise*** |
| B. Wayne Williams | P.O. Box 496 | Norma Carr Ruff |
| Roechelle R. Morgan** | Tupelo, Mississippi 38802-0496 | J. Wayne Doss, Jr. |
| Paul N. Jenkins, Jr. | (662) 844-2137 | J. Douglas Foster |
| | Facsimile (662) 842-3863 | |
| | E-Mail: info@webbsanders.com | |
| | | Benjamin H. Sanders |
| | | (1942-1999) |

\* Board Certified in Civil Trial Advocacy
\*\* Also Admitted in Oklahoma
\*\*\* Also Admitted in Alabama

September 23, 2009

**4962.DWW**

**VIA EMAIL**
Christopher C. Van Cleave, Esq.
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
P.O. Drawer 1916
Biloxi, Mississippi 39533-1916

RE: *Daniel B. O'Keefe, Celeste A. Foster O'Keefe, and The Dancel Group, Inc. v. State Farm Fire and Casualty Company and Marshall J. Eleuterius*
Civil Action No.: 1:08-cv-600-HSO-LRA

Dear Christopher:

As a follow up to my earlier correspondence regarding the specific scope of the depositions of witnesses and your declination to agree to limit the scope, I am also asking that, under the circumstances of this case, as to certain areas of proposed examination that we agree to an order prohibiting plaintiffs from going into certain areas: namely to preclude examination and request for discovery concerning State Farm's procedures and practices regarding the use of engineers and handling claims under its homeowners and other property policies; State Farm's handling of any individual claims other than those filed by the plaintiffs; inquiry requests for discovery concerning the so-called hurricane deductible in State Farm policies; inquiring into whether plaintiffs' home, business or personal property was damaged by "wind storm" and examination of such witnesses on interpretation and application of the Mississippi Department of Insurance's bulletins as well as the so-called inflation protection provisions of State Farm policies.

In light of the circumstances in this particular case, I think it is clear that the discovery should be limited because inquiring into these areas is clearly beyond the scope of discovery, not calculated to lead to the discovery of admissible evidence and the discovery, frankly, is not important to resolving issues that can properly be determined by the Court in this case. If we could reach an agreement on an order, we certainly would not have to waste the Court's time in that regard.

{570246.DOC}



Christopher C. Van Cleave, Esq.
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
September 23, 2009
Page 2

With respect to engineers, there is no evidence or basis to believe that any engineer inspected plaintiffs' property or was ever requested to do so, and, therefore, inquiry into areas concerning engineers has been prohibited by this Court on previous occasions. *Marion v. State Farm Fire and Cas. Co.*, 1:06-CV-969-LTS-RHW, [Doc. 200] at 7 (S.D. Miss. Feb. 13, 2008); see also *Marion*, Mar. 26, 2008, [Doc. 231] at 5. Examinations relating to claims made by other insureds are also beyond the scope of proper discovery in this case and constitute a waste of time. See *Guice v. State Farm Fire and Cas. Co.*, 1:06-CV-001-LTS-RHW, 207 WL912120, at page 1 (S.D. Miss. Mar. 22, 2007) (*Guice II*); *Guice v. State Farm Fire and Cas. Co.*, 1:06-CV-1-LTS-RHW, 206 WL2359474 (S.D. Miss. Aug. 14, 2006) (*Guice I*); *Comer v. Nationwide Mut. Ins. Co.*, 1:05-CV-436-LTS-RHW, 2006 WL1066645 (S.D. Miss. February 23, 2006). Such inquiries are also constitutionally impermissible when used as a platform to punish perceived deficiencies in a defendant's operations because they do not focus on conduct directed toward plaintiffs in a particular place. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 420 (2003). Inquiring into arguments concerning the hurricane deductible, frankly, has no place in this litigation. It has been determined as a matter of law that State Farm's policy is clear and unambiguous and that the hurricane deductible does not somehow suggested that State Farm homeowners policies provide coverage for all damage caused by a hurricane regardless of the cause of same. See *Tuepker v. State Farm Fire & Casualty Co.*, 507 F.3d 346, 351-52, 355 (2007); *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 438-40 (2007). There is also no basis to utilize any such policy provision or the inquiry of such policy provision as a basis for claims against any agent of the company. *Leonard* supra, 499 F.3d at 438, 440; accord *Payment v. State Farm Fire and Cas. Co.*, 2008 WL 5381925, at 2 (S.D. Miss. Dec. 18, 2008).

Examination into whether plaintiffs' home, business or property of any kind was damaged by a "wind storm" also should be barred for reasons generally mentioned above. The Mississippi Supreme Court and Court of Appeals for the Fifth Circuit have determined that damage is caused by wind storm if it is directly caused by wind. See *Broussard v. State Farm Fire & Casualty Co.*, 523 F.3d 618 (5th Cir. 2008); *Kemp v. Am. Universal Ins. Co.*, 391 F.2d 533, 535 (5th Cir. 1968); e.g., *Lunday v. Lititz Mut. Ins. Co.*, 276 So.2d 696, 699 (Miss. 1973); *Lititz Mut. Ins. Co. v. Boatner*, 254 So.2d 765, 767 (Miss. 1971). Examinations related to the Mississippi Department of Bulletins and interpretations of same shall also be precluded. See e.g. *Huynh v. State Farm Fire & Casualty Co.*, 1:06CV1061-LTS-RHW, 2008 WL 80759, at 1 (S.D. Miss. Jan. 7, 2008); accord *Payment*, supra at 1; *Fowler v. State Farm Fire and Cas. Co.*, 1:06CV489-HSO-RHW, 2008 WL 3050417 at 4 (S.D. Miss. July 25, 2008); *McIntosh v. State Farm Fire and Cas. Co.*, 1:06CV1080-LTS-RHW, 2008 WL 1776409 at 2, (S.D. Miss. April 14, 2008).

The inflation protection provision in State Farm's policies should, frankly, not be inquired into for the reasons aforesaid. Moreover, you have a pending motion for partial summary judgment relating to that and it does not seem that additional discovery on that point would be necessary and there has been no evidence suggesting that there is any basis here implicating "inflation protection" provisions of the policy or that there is any basis for the legal arguments concerning its interpretation. Moreover, witnesses could have no legal knowledge that could be appropriately inquired into concerning these matters.

{570246.DOC}

Christopher C. Van Cleave, Esq.
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
September 23, 2009
Page 3

For reasons outlined above, will you agree to so limit the depositions and discovery in this case so as to prohibit the need for us to more frequently involve the Court during the course of depositions and to allow us to deal with real issues to the extent they exist concerning the plaintiffs' claims against State Farm? Please let me hear back from you by noon tomorrow, September 24, 2009. Also, if you will not agree to so limit the discovery, will you please execute the attached Certificate of Good Faith?

Cordially,

WEBB SANDERS & WILLIAMS PLLC

Dan W. Webb
For the Firm
Writer's Direct E-mail: dwebb@webbsanders.com
DWW/lfc
Enclosure:   *As Stated Above*

{570246.DOC}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANIEL B. O'KEEFE, CELESTE A().**                                        **PLAINTIFFS**
**FOSTER O'KEEFE, and THE DANCEL**
**GROUP, INC.**

**VS.**                                   **CIVIL ACTION NO.1:08CV600-HSO-LRA**

**STATE FARM FIRE AND CASUALTY**                   **DEFENDANTS**
**COMPANY and MARSHALL J.**
**ELEUTERIUS.**

## GOOD FAITH CERTIFICATE

The below signed counsel certifies that they have conferred with opposing counsel, in good faith, to resolve certain issues regarding upcoming scheduled depositions and supplementation of certain of plaintiffs' discovery responses and that it is necessary to file the following motions:

      Defendants' Motion for Protective Order to Limit Discovery

Counsel further certify that:

     \_\_\_\_\_ 1.     The Motion is unopposed by all parties.

     \_\_\_\_\_ 2.     The Motion is unopposed by the Defendant, State Farm Fire and Casualty Company.

     \_\_\_\_\_ 3.     The Motion is unopposed by the Plaintiffs.

     __4__.     The Motion is opposed by the Plaintiffs.

THIS, the _____ day of September, 2009.

_____
**ATTORNEY FOR PLAINTIFFS,**
**The Dancel Group, Inc., and Daniel B.O'Keefe**
**and Celeste A. Foster O'Keefe**
**CHRISTOPHER VAN CLEAVE, MSB# 10796**

**/S/**_____
**ATTORNEY FOR DEFENDANTS,**
**State Farm Fire and Casualty Company and**
**Marshall J. Eleuterius**
**DAN W. WEBB, MSB # 7051**
**B. WAYNE WILLIAMS, MSB #9769**
**J. DOUGLAS FOSTER, MSB#100641**