IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL B. O'KEEFE, *et al.*** | § | **PLAINTIFFS** |
| | § | |
| **V.** | § | **Civil No. 1:08CV600-HSO-LRA** |
| | § | |
| **STATE FARM FIRE & CASUALTY** | § | |
| **COMPANY, *et al.*** | § | **DEFENDANTS** |

## ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND

Before the Court is the Motion [216] of Plaintiffs to Alter or Amend the
Findings and/or Judgment of the Court, for a New Trial on, and/or Seeking Relief
from the Court's Order [214] Granting in Part and Denying in Part Plaintiffs'
Motion to Amend [85] and Denying as Moot Plaintiffs' Motion to Expedite [173].
Defendant State Farm Fire and Casualty Company ["State Farm Fire"] has filed a
Response [235], and Plaintiffs a Rebuttal [248].  The Court, having considered the
pleadings on file, the briefs and arguments of the parties, and the relevant legal
authorities, finds that Plaintiffs' Motion should be denied.

## I.  DISCUSSION

Plaintiffs seek reconsideration of an interlocutory Order [214] of this Court,
which granted in part and denied in part their Motion to Amend [85], and denied as
moot their Motion to Expedite [173].  Plaintiffs' Motion sought, among other things,
to add State Farm Mutual Automobile Insurance Company ["State Farm Mutual"]
as an additional Defendant.  It was this portion of Plaintiffs' Motion to Amend [85]
which the Court denied.

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that

any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

Under Federal Rule of Civil Procedure 59(e)[1], there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S. D. Miss. 1990)).  The Court construes Plaintiffs' Motion for Reconsideration as one seeking relief under the third prong of the aforementioned standard, as the first and second are not applicable.

Plaintiffs rely heavily on the recent Mississippi Supreme Court decision in *Fonte v. Audubon Ins. Co.*, 8 So. 3d 161 (Miss. 2009).  *See* Pls.' Mot. to Alter or Amend, at pp. 4-6.  Plaintiffs also cited this case in support of their original Motion.  *See* Pls.' Mot. to Amend [85], at pp. 9-10, 15.  The Court considered this case and the others cited by Plaintiffs at that time, and rejected Plaintiffs' arguments in its prior ruling.  *See* Order [214], at pp. 2-4.  The Court has again reviewed these

---

[1]  Because the Order [214] was interlocutory in nature, and no final "judgment" has been issued in this case, Rule 59(e) is not technically applicable to Plaintiffs' Motion.  *See Sivori v. Epps*, No. 2:07cv79-KS-MTP, 2008 WL 2509757, *1 n.1 (S.D. Miss. June 19, 2008).  However, as Magistrate Judge Parker recognized in *Sivori*, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders.  *See id.* (citations omitted).

authorities, and again, declines to accept Plaintiffs' position that leave to amend should be granted to add State Farm Mutual as a Defendant in this case. Comparisons between Mississippi Windstorm Underwriting Association's relationship to Audubon Insurance Company in *Fonte*, and State Farm Fire's relationship to State Farm Mutual here, are not persuasive, as the Court is of the opinion that *Fonte* is distinguishable in several respects and does not dictate the result Plaintiffs suggest.

The Court has thoroughly examined each of Plaintiffs' proposed claims against State Farm Mutual and is of the opinion that none would withstand a Rule 12(b)(6) challenge. Their assertions against State Farm Mutual are not sufficiently plausible to state a claim. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The proposed amendment would therefore be futile. *See Briggs v. Mississippi,* 331 F.3d 499, 508 (5th Cir. 2003). Plaintiffs have not demonstrated any grounds justifying the relief they seek under Federal Rules of Civil Procedure 54(b) or 59(e). *See Pham*, 193 F.R.D. at 494. Plaintiffs' Motion must therefore be denied.

## II. <u>CONCLUSION</u>

The Court has considered the arguments and evidence advanced in support of and in opposition to Plaintiffs' Motion to Alter or Amend. Based upon the record, the parties' submissions, and the relevant legal authorities, Plaintiffs' Motion will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiffs' Motion [216] to Alter or Amend should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 8th day of October, 2009.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE