**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DANIEL B. O'KEEFE and**
**CELESTE A. FOSTER O'KEEFE,**
**Individually and d/b/a THE DANCEL GROUP,**
**INC.; and THE DANCEL GROUP, INC.**                                        **PLAINTIFFS**

**VS.**                                        **Civil Action No.:  1:08cv600-HSO-LRA**

**STATE FARM FIRE AND CASUALTY**
**COMPANY; MARSHALL J. ELEUTERIUS;**
**And John and Jane Doe Defendants A-H**                                        **DEFENDANTS**

<u>**ANSWER, DEFENSES & AFFIRMATIVE DEFENSES OF**</u>
<u>**STATE FARM FIRE AND CASUALTY COMPANY AND MARSHALL J.**</u>
<u>**ELEUTERIUS TO PLAINTIFFS' (THIRD) AMENDED COMPLAINT**</u>

**COMES NOW**, the Defendants, State Farm Fire and Casualty Company (State

Farm) and Marshall J. Eleuterius (Eleuterius), (hereinafter collectively referred to as

"Defendants"), by and through counsel and file this its Answer, Defenses & Affirmative

Defenses to Plaintiffs' (Third) Amended Complaint and in support of same, Defendants

would show the Court as follows:

<u>**FIRST DEFENSE**</u>

The Plaintiffs' Amended Complaint should fail as it states no claim upon which

relief can be granted pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil

Procedure.

<u>**SECOND DEFENSE**</u>

The Plaintiffs' Amended Complaint should fail based upon the insufficiency of

process and insufficiency of service of process.

1

## THIRD DEFENSE

The Plaintiffs' Amended Complaint should fail based on the failure to join all parties in interest and parties needed for just adjudication pursuant to Rules 17 and 19 of the Mississippi Rules of Civil Procedure.[1]

## FOURTH DEFENSE

Defendants plead all available statutes of limitation or other prescriptive periods, whether, general or specific.

## FIFTH DEFENSE

Defendants reserve their right to move for transfer of venue in the event it is determined a fair and impartial trial may not be had in this location, including but not limited to all rights and defenses under the United States Constitution, including the rights protected by the Due Process clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment, all applicable federal and/or state statutes and rules authorizing a change of venue for prejudicial pretrial publicity, bias or which may arise as a result of any extra judicial interference with the judicial process.

**AND NOW** having asserted the above applicable defenses and reserving the right to be heard as to each defense, Defendants answer the Plaintiffs' Amended Complaint, paragraph by paragraph, as follows:

1.     Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

---

[1] To the extent any other entity as may be revealed during discovery has any interest in the property or the proceeds from any claim that may be payable to the Plaintiffs under the homeowners and/or business policies, State Farm reserves its right to move to dismiss the claims made against it herein as a result of Plaintiffs' failure to join the same. State Farm makes this reservation at this time so as not to waive any rights it may have that may be unknown at this time and revealed at a later date, including though not limited to the Small Business Administration or any other entity, individual or otherwise.

2.    Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint therefore out of abundance of caution denies same and demand strict proof thereof.

3.    Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.    Defendants deny the allegations contained in paragraph number 4 of Plaintiffs' Amended Complaint and demand strict proof thereof.

5.    Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint therefore out of abundance of caution denies same in its entirety and demand strict proof thereof.

6.    Defendants deny jurisdiction in the First Judicial District of Harrison County Circuit Court is proper.  State Farm admits this Court has proper jurisdiction over this matter.  The remaining allegations contained in paragraph number 6 of plaintiffs' Amended Complaint do not appear to require a response of Defendants, however in the event any response is required Defendants deny, in their entirety, the remaining allegations contained paragraph 6 of Plaintiffs' Amended Complaint.  Defendants reserve and allege herein all rights and defenses under the United States Constitution, including the rights protected by the Due Process clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment, and all applicable state statutes and rules authorizing a change of venue for prejudicial pretrial publicity, bias or which may arise as a result of any extra judicial interference with the judicial process.

7.    State Farm admits that Daniel and Celeste O'Keefe had the following policies in effect on August 29, 2005: State Farm Business Policy No. 99-B5-9935-5, insuring property located at 10265 Rodriguez Street, D'Iberville, Mississippi; State Farm Homeowners Policy No. 24-CD9277-6, insuring property located at 12901 Hanover Drive, Ocean Springs, Mississippi; State Farm Business Policy No. 98-33-7526-2, insuring property located at 1126 St. Charles Avenue, New Orleans, LA. Said policies of insurance are attached hereto as Exhibits "1," "2," and "3," respectively.  Eleuterius admits that Daniel and Celeste O'Keefe had policies 24-CD9277-6 and 99-B5-9935-5 in effect on August 29, 2005, however, as to business Policy No. 98-33-7526-2, Eleuterius is without information sufficient to either admit or deny said allegations and therefore, denies same and demand strict proof thereof from Plaintiffs.  Defendants deny all other allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint and demand strict proof thereof from Plaintiffs. State Farm further states that on August 29, 2005, the dwelling located in Ocean Springs, Mississippi was insured under a flood dwelling policy, also subject to all terms, conditions, definitions and exclusions stated therein.

8.    Defendants are without information sufficient to either admit or deny said allegations contained in paragraph number 8 of Plaintiffs' Complaint and therefore, denies same and demand strict proof thereof from Plaintiffs.

9.    All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case.  However, without waiving any right to have these allegations stricken from the Third Amended Complaint or otherwise dismissed, to the

extent Plaintiffs' allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

10.    All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case.  However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiffs' allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

11.    All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

12.    All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these

allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

13.    Defendants admit that plaintiffs' residence is located at 12901 Hanover Drive, Ocean Springs, Mississippi and that plaintiffs' residence was insured by State Farm on August 29, 2005 under Policy No. 24-CD9277-6.  Defendants admit they possess a copy of the policy and further admit a copy was timely provided to plaintiffs.  Defendants deny the remaining allegations contained in paragraph 13 and demand strict proof thereof.

14.    Defendants admit that plaintiffs' residence is located at 12901 Hanover Drive, Ocean Springs, Mississippi and that plaintiffs' residence was insured by State Farm on August 29, 2005 under Policy No. 24-CD9277-6.   Defendants deny the remaining allegations contained in paragraph 14 and demand strict proof thereof.

15.    Eleuterius admits he provided plaintiffs with both a flood policy (Policy No. 24-RC-0482-5) and a homeowner policy (Policy No. 24-CD-9277-6) as requested.  Eleuterius denies the remainder of paragraph number 15 and demands strict proof thereof.

16.    Eleuterius denies plaintiffs' allegations contained in paragraph number 16 of Plaintiffs' Amended Complaint and demands strict proof thereof.

17.    Eleuterius admits he was and is unable to obtain "excess flood insurance" for plaintiffs.  Eleuterius denies the remaining allegations contained in paragraph number 17 of Plaintiffs' Amended Complaint and demands strict proof thereof.

18.     Defendants admit plaintiffs purchased a federal flood insurance policy and a homeowner insurance policy.  Defendants deny the remaining allegations contained in paragraph number 18 of Plaintiffs' Amended Complaint and demands strict proof thereof. Defendants would further state that the Policy No. 24-CD-9277-6, is the best evidence of the terms and conditions contained therein and is attached hereto as Exhibit "2"

19.     Defendants deny the allegations contained in paragraph number 19 of Plaintiffs' Amended Complaint and demands strict proof thereof.

20.     Eleuterius denies the allegations contained in paragraph number 20 of Plaintiffs' Amended Complaint and demands strict proof thereof.

21.     State Farm admits that Daniel and Celeste O'Keefe had the following policies in effect on August 29, 2005: State Farm Business Policy No. 99-B5-9935-5, insuring property located at 10265 Rodriguez Street, D'Iberville, Mississippi and State Farm Business Policy No. 98-33-7526-2, insuring property located at 1126 St. Charles Avenue, New Orleans, LA.  Eleuterius admits that Daniel and Celeste O'Keefe had policy No. 99-B5-9935-5 in effect on August 29, 2005, however, as to business Policy No. 98-33-7526-2, Eleuterius is without information sufficient to either admit or deny said allegations and therefore, denies same and demand strict proof thereof from Plaintiffs.  Defendants deny all other allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint and demand strict proof thereof from Plaintiffs.

22.     Defendants deny the allegations contained in paragraph number 22 of Plaintiffs' Amended Complaint and demands strict proof thereof.

23.     State Farm admits that Policy No. 98-33-7526-2 was issued through Mr. Barrios' office.  Defendants deny the allegations contained in paragraph number 23 of Plaintiffs'

Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

24.    State Farm admits The Dancel Group Inc. did not have business interruption coverage under either policy number 98-33-7526-2 or 99-B5-9935-5. State Farm denies the remaining allegations contained in paragraph number 24 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

25.    State Farm admits that Daniel and Celeste O'Keefe had the following policies in effect on August 29, 2005: State Farm Business Policy No. 99-B5-9935-5, insuring property located at 10265 Rodriguez Street, D'Iberville, Mississippi; State Farm Homeowners Policy No. 24-CD9277-6, insuring property located at 12901 Hanover

Drive, Ocean Springs, Mississippi; State Farm Business Policy No. 98-33-7526-2, insuring property located at 1126 St. Charles Avenue, New Orleans, LA. Defendants would further state that the policies noted herein are the best evidence of the terms and conditions contained therein. State Farm denies the remaining allegations in paragraph number 25 and demands strict proof thereof. Further, all claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

26.    State Farm denies the allegations as worded contained in paragraph 26 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

27.    State Farm denies the allegations as worded contained in paragraph 27 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against

State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

28.    State Farm admits that Daniel and Celeste O'Keefe had the following policies in effect on August 29, 2005: State Farm Business Policy No. 99-B5-9935-5, insuring property located at 10265 Rodriguez Street, D'Iberville, Mississippi; State Farm Homeowners Policy No. 24-CD9277-6, insuring property located at 12901 Hanover Drive, Ocean Springs, Mississippi; State Farm Business Policy No. 98-33-7526-2, insuring property located at 1126 St. Charles Avenue, New Orleans, LA. Defendants would further state that the policies noted herein are the best evidence of the terms and conditions contained therein. State Farm denies the remaining allegations in paragraph number 28 and demands strict proof thereof. Further, all claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

29.    State Farm admits that Daniel and Celeste O'Keefe had the following policies in effect on August 29, 2005: State Farm Business Policy No. 99-B5-9935-5, insuring property located at 10265 Rodriguez Street, D'Iberville, Mississippi; State Farm Homeowners Policy No. 24-CD9277-6, insuring property located at 12901 Hanover Drive, Ocean Springs, Mississippi; State Farm Business Policy No. 98-33-7526-2, insuring property located at 1126 St. Charles Avenue, New Orleans, LA.  Defendants would further state that the policies noted herein are the best evidence of the terms and conditions contained therein.  Defendants deny the remaining allegations as worded in paragraph number 29 and demands strict proof thereof.  Further, all claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case.  However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

30.    State Farm admits that Daniel and Celeste O'Keefe had the following policies in effect on August 29, 2005: State Farm Business Policy No. 99-B5-9935-5, insuring property located at 10265 Rodriguez Street, D'Iberville, Mississippi; State Farm Homeowners Policy No. 24-CD9277-6, insuring property located at 12901 Hanover Drive, Ocean Springs, Mississippi; State Farm Business Policy No. 98-33-7526-2, insuring property located at 1126 St. Charles Avenue, New Orleans, LA.  Defendants would further state that the policies noted herein are the best evidence of the terms and

conditions contained therein.  State Farm denies the remaining allegations as worded in paragraph number 30 and demands strict proof thereof.  Further, all claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

31.    State Farm denies the allegations as worded contained in paragraph 31 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

32.    State Farm admits that Daniel and Celeste O'Keefe had the following policy in effect on August 29, 2005: State Farm Business Policy No. 99-B5-9935-5, insuring property located at 10265 Rodriguez Street.  Defendants would further state that the policy noted herein is the best evidence of the terms and conditions contained therein. State Farm denies the remaining allegations as worded in paragraph number 32 and

demands strict proof thereof.  Further, all claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

33.    State Farm denies the allegations as worded contained in paragraph 33 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

34.    State Farm denies the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended

Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

35.    State Farm denies the allegations as worded contained in paragraph 35 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

36.    State Farm denies the allegations contained in paragraph 36 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

37.    State Farm denies the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm

Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

38.     State Farm denies the allegations contained in paragraph 38 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

39.     State Farm denies the allegations contained in paragraph 39 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can

be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

40.    State Farm denies the allegations as worded contained in paragraph 40 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

41.    State Farm denies the allegations as worded contained in paragraph 41 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

42.    State Farm denies the allegations as worded contained in paragraph 42 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been

dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

43.    State Farm denies the allegations as worded contained in paragraph 43 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

44.    State Farm denies the allegations as worded contained in paragraph 44 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated

herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

45.    State Farm denies the allegations contained in paragraph 45 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

46.    State Farm denies the allegations contained in paragraph 46 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

47.    State Farm denies the allegations contained in paragraph 47 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in

this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

48.     State Farm denies the allegations contained in paragraph 48 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

49.     State Farm denies the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can

be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

50.    State Farm denies the allegations contained in paragraph 50 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

51.    State Farm denies the allegations contained in paragraph 51 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

52.    State Farm denies the allegations as worded contained in paragraph 52 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been

dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

53.    State Farm denies the allegations contained in paragraph 53 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

54.    State Farm denies the allegations contained in paragraph 54 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can

be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

55.     State Farm denies the allegations as worded contained in paragraph 55 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

56.     State Farm denies the allegations contained in paragraph 56 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. Defendants would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

57.    State Farm admits the Mississippi Supreme Court accepted interlocutory appeal in a case styled *Corban v. United States Automobile Association*, Cause No. 2008-IA-00645-SCT.  State Farm further admits it filed an amicus brief in same.  State Farm denies the remaining allegations contained in paragraph 57 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.   Defendants would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

58.    State Farm denies as worded the allegations contained in paragraph 58 of Plaintiffs' Amended Complaint and demands strict proof thereof.  State Farm would further state the applicable polices at issue are the best evidence of the terms and conditions contained therein.

59.    State Farm denies the allegations as worded contained in paragraph 59 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the

case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.  State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

60.     State Farm denies the allegations as worded contained in paragraph 60 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

61.     Eleuterius denies the allegations as worded contained in paragraph 61 of Plaintiffs' Amended Complaint and demands strict proof thereof.

62.     Eleuterius denies the allegations as worded contained in paragraph 62 of Plaintiffs' Amended Complaint and demands strict proof thereof.

63.     Eleuterius denies the allegations as worded, including all sub-parts, contained in paragraph 63 of Plaintiffs' Amended Complaint and demands strict proof thereof.

64.    Eleuterius denies the allegations as worded contained in paragraph 64 of Plaintiffs' Amended Complaint and demands strict proof thereof.

65.    Eleuterius denies the allegations as worded contained in paragraph 65 of Plaintiffs' Amended Complaint and demands strict proof thereof.

66.    Eleuterius denies the allegations contained in paragraph 66 of Plaintiffs' Amended Complaint and demands strict proof thereof.

67.    Eleuterius denies the allegations contained in paragraph 67 of Plaintiffs' Amended Complaint and demands strict proof thereof.

68.    Eleuterius denies the allegations contained in paragraph 68 of Plaintiffs' Amended Complaint and demands strict proof thereof.

69.    Eleuterius admits he obtained for plaintiffs all the insurance plaintiffs requested. Eleuterius denies the remaining allegations contained in paragraph 69 of Plaintiffs' Amended Complaint and demands strict proof thereof.

70.    Eleuterius denies the allegations as worded contained in paragraph 70 of Plaintiffs' Amended Complaint and demands strict proof thereof.

71.    Eleuterius denies the allegations as worded contained in paragraph 71 of Plaintiffs' Amended Complaint and demands strict proof thereof.

72.    Defendants deny the allegations as worded contained in paragraph 72 of Plaintiffs' Amended Complaint and demands strict proof thereof.  Defendants would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

73.    Defendants deny the allegations, including all sub-parts, contained in paragraph 73 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims

against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. Defendants would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

74.    Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. Defendants would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

75.    Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action,

should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

76.    State Farm denies the allegations contained in paragraph 76 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

77.    State Farm denies the allegations contained in paragraph 77 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended

Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

78.    State Farm denies the allegations contained in paragraph 78 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

79.    State Farm denies the allegations contained in paragraph 79 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

80.    State Farm denies the allegations contained in paragraph 80 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm

Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

81.     State Farm denies the allegations contained in paragraph 81 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

82.     State Farm denies the allegations contained in paragraph 82 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can

be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

83.     State Farm denies the allegations as worded contained in paragraph 83 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

84.     State Farm denies the allegations contained in paragraph 84 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

85.     State Farm denies the allegations contained in paragraph 85 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in

this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

86.    State Farm denies the allegations contained in paragraph 86 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

87.    State Farm denies the allegations contained in paragraph 87 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended

Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

88.    State Farm denies the allegations contained in paragraph 88 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

89.    State Farm is uncertain what plaintiffs mean by "actions".  Out of an abundance of caution, however, State Farm denies the allegations contained in paragraph 89 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

90.    State Farm denies the allegations contained in paragraph 90 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

91.    State Farm denies the allegations contained in paragraph 91 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

92.    State Farm denies the allegations as worded contained in paragraph 92 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the

case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

93.    State Farm denies the allegations as worded contained in paragraph 93 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

94.    State Farm denies the allegations contained in paragraph 94 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended

Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

95.    State Farm denies the allegations as worded contained in paragraph 95 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied. State Farm would further state that the applicable insurance policies are the best evidence of the terms and conditions contained therein.

96.    Defendants deny plaintiffs are entitled to any additional contractual benefits or any other damages of any kind in this action. Defendants deny as worded the allegations contained in paragraph 96 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations and damages claim made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right

35

to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

97.     State Farm denies the allegations contained in paragraph 97 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

98.     State Farm denies the allegations contained in paragraph 98 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

99.     State Farm denies the allegations contained in paragraph 99 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

100.    State Farm denies the allegations contained in paragraph 100 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

101.    State Farm denies the allegations contained in paragraph 101 of Plaintiffs' Amended Complaint and demands strict proof thereof. All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case.

However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

102.    State Farm denies the allegations contained in paragraph 102 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

103.    State Farm denies the allegations contained in paragraph 103 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

104.    State Farm denies the allegations contained in paragraph 104 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

105.    State Farm denies the allegations contained in paragraph 105 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

106.    State Farm denies the allegations contained in paragraph 106 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case.

However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

107.    State Farm denies the allegations contained in paragraph 107 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

108.    State Farm denies the allegations contained in paragraph 108 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

109.    Defendants deny the allegations contained in paragraph 109 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

110.    Defendants deny the allegations contained in paragraph 110 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

111.    Defendants deny the allegations contained in paragraph 111 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case.

However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

112.    Defendants deny the allegations contained in paragraph 112 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

113. Defendants deny the allegations contained in paragraph 113 of Plaintiffs' Amended Complaint and demands strict proof thereof.  All claims against State Farm Mutual Automobile Insurance Company "State Farm Mutual" have been dismissed in this action, should be stricken from this pleading, and the allegations made herein as to State Farm Mutual do not call for a response from any party currently in the case. However, without waiving any right to have these allegations stricken from the Amended Complaint or otherwise dismissed, to the extent Plaintiff's allegations stated herein can be construed as a basis to assert any liability against State Farm Fire and Casualty Company and/or Marshall J. Eleuterius such allegations are denied.

As to the unnumbered paragraph beginning "WHEREFORE PREMISES CONSIDERED" Defendants deny that the Plaintiffs are entitled to judgment for actual and compensatory damages, additional living expenses, loss of business income, extra-contractual damages, and/or other incidental and consequential damages plaintiffs seek, contractual damages, actual losses, pre-judgment and post-judgment interest, punitive damages, costs of litigation, attorney fees and costs of court.  State Farm further denies that the Plaintiffs are entitled to relief of and from Defendants in any amount whatsoever.

**AND NOW**, having answered the Plaintiffs' Amended Complaint paragraph by paragraph, and having moved this Court for an order dismissing this action against State Farm pursuant to Rule 12(b)(6), State Farm affirmatively alleges as follows, to-wit:

**AND NOW COMES**, Defendants to assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that no coverage exists for the Plaintiffs' losses caused or contributed to by any of the following: "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not" pursuant to Business Policy No. 99-B5-9935-5, Business Policy No. 98-33-7526-2 and Homeowners Policy No. 24-CD-9277-6, and in accordance with Plaintiffs' homeowners policy's terms, conditions, definitions and exclusions stated therein.

### SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

### THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively pleads that the homeowners and business policies issued by State Farm under which the Plaintiffs are making the subject claims are the best evidence of the policies' contents and are pled herein as though copied in their entirety. Defendants specifically plead all terms, conditions and exclusions, without limitation, of Plaintiffs' homeowners and business policies. Further, Defendants specifically deny any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policies.

## FOURTH AFFIRMATIVE DEFENSE

Without waiving any other defenses elsewhere asserted herein, Defendants would aver and plead that any allegation contained in the Plaintiffs' Amended Complaint which has not been specifically admitted is hereby denied.

## FIFTH AFFIRMATIVE DEFENSE

Defendants aver that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or its agents or representatives, without limitation.

## SIXTH AFFIRMATIVE DEFENSE

Defendants deny that the Plaintiffs were injured to the nature and extent claimed and contests damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that they have not breached any duty of good faith and fair dealing which exists in favor of the Plaintiffs. As such, Defendants aver that the Plaintiffs may not assert a claim for extra-contractual damages, including punitive damages, as there is insufficient evidence to meet the burden of proof necessary to

sustain the underlying claims for damages under State Farm's policies at issue or otherwise, and without actual damages against Defendants, extra-contractual damages, including punitive damages, are not recoverable.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that they have not acted in bad faith in their dealings with the Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that they have not engaged in any conduct which entitles Plaintiffs to recover punitive damages or extra-contractual damages of any kind and affirmatively plead all conditions precedent under the policies which the Plaintiffs have listed in the Amended Complaint and under which Plaintiffs are suing Defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead any award of punitive or exemplary damages or extra- contractual damages of any type, whether compensatory or otherwise, are precluded because Defendants clearly had at minimum, legitimate and/or arguable reasons for their conduct and/or decisions in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Mississippi.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendants under the

Constitution of the United States of America.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the Constitutional safeguards provided to Defendants under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi Law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate governmental interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that every element of the Plaintiffs' claims for punitive damages must be proved beyond a reasonable doubt because without such proof, said claim would violate Defendants' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants aver that the Plaintiffs' claim for punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of

the United States on the following grounds:

A.     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiffs satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

F.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same

or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution;

G.    The procedures pursuant to which punitive damages are awarded violate the dormant provisions of the Commerce clause of the United States Constitution, Article I, Section 8.  Non-resident defendants are assessed punitive damages by Mississippi courts on a disparate and unequal basis in violation of the commerce clause, and the dormant provisions related thereto, of the United States Constitution.

<u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

Defendants aver that Plaintiffs' claim of punitive damages violates the due process clause of Article 3, Section 14 of the Constitution of Mississippi on the following grounds:

A.    It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

C.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.    The award of the punitive damages in this action constitutes a deprivation

of property without due process of law; and

F.     It is a violation of the due process clause to impose punitive damages against these Defendants which are penal in nature, yet compels a defendant to disclose potentially incriminating documents and evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants aver that the award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants aver that the award of punitive damages against Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article Three, Section 16 of the Constitution of Mississippi and the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants aver that the award of punitive damages against Defendants in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman*, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed. 2d 674 (2001) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513, 155 L.Ed. 2d 585, 71 U.S.L.W. 4282 (2003), on the following grounds:

A.     It is a violation of these Defendants' rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve

this goal;

B.      It is a violation of due process to subject these Defendants to punitive damages without providing these Defendants fair notice of the conduct that will subject them to punishment and the severity of the penalty that may be imposed;

C.      It is a violation of due process to punish these Defendants with the intent of changing its lawful conduct in other states; and

D.      It is a violation of these Defendants' right to due process to impose punitive damages which are grossly excessive.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants aver that a jury award of mental anguish damages in this case would violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Mississippi.  In particular, a mental anguish damage award will violate these constitutional provisions because Mississippi jurors are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants affirmatively plead that State Farm's rate structure and policy forms at issue were properly filed with and approved by the Mississippi Commissioner of Insurance in accordance with § 83-2-1, *et seq.* Mississippi Code of 1972, Annotated (as amended).   Judicial review of the Commissioner's decisions is permitted only as provided by § 83-2-31 or by § 11-51-95, Mississippi Code of 1972, Annotated (as amended), and other applicable law.  This time for appeal or to petition for writ of

50

certiorari under those provisions has expired. Accordingly the Commissioner's prior decision is no longer subject to judicial review.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs' claims constitute an improper attempt to achieve *de novo* judicial review or otherwise to collaterally attack the Mississippi Commissioner of Insurance's prior decisions contrary to procedures established by settled Mississippi law. Plaintiffs' claims, therefore, are barred by the separation of powers provisions of the Constitution of the State of Mississippi.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs' attempt to rewrite a binding contract to cover damages which are excluded seeks to impose a premium rate structure that has not been filed with or approved by the Mississippi Commissioner of Insurance in accordance with § 83-2-1, *et seq.*, Mississippi Code of 1972, Annotated (as amended), and as such, violates Mississippi law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs' attempt to abridge and/or rewrite a binding contract interfere with the exclusive or primary jurisdiction of the Commissioner of Insurance of Mississippi, and as such, violates Mississippi law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that State Farm has relied upon prior approval of its premium rates and policy forms by the Commissioner of Insurance of Mississippi and upon acceptance by its policyholders of policies offered in accordance with approved rates and policy forms and specifically pleads the filed rate doctrine.

51

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs' claims are barred by the applicable statute of limitations, promissory estoppel, judicial estoppel, waiver, merger or by the doctrine of laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that granting the relief sought by Plaintiffs would result in unjust enrichment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiffs' Amended Complaint improperly seeks to affect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States of America and the State of Mississippi.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs' claims are barred by the principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel to the extent same may be applicable, separately or jointly.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively pleads that any attempt to rewrite or abridge the clear and unambiguous policy language contained in the policies issued by State Farm to Plaintiffs and attached hereto as Exhibit "1," "2," and "3," would violate the prohibition against laws that impair the obligations of contracts in violation of Article Three, Section 16 of the Constitution of Mississippi and similar protections contained in the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiffs' Amended Complaint improperly seeks to deprive Defendants of equal protection of the law in contravention of the Constitution of the United States.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiffs' Amended Complaint does not present a justiciable case or controversy between Plaintiff and the Defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiffs have failed to join all parties which may have an interest in this action, including any and all mortgagees holding a lien on the subject property, appropriate representative(s) of the federal and/or state government, and any other persons or entities which may claim any right, title or interest in or to the proceeds of any claim payable pursuant to the homeowners or business polices issued by State Farm to Plaintiffs.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiffs' Amended Complaint improperly attempts to require State Farm to provide insurance coverage under a homeowners and/or business policy for losses for which State Farm received no premiums and would violate State Farm's protections under the Constitution of Mississippi and the Constitution of the United States.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiffs' Amended Complaint improperly seeks to interfere with interstate commerce in contravention of the Commerce

Clause of the Constitution of the United States.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively pleads that no fiduciary duty exists under Mississippi law between Defendants and Plaintiffs.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead Rule 11 of the Mississippi Rules of Civil Procedure and the Mississippi Litigation Accountability Act as Plaintiffs' claims have no factual or legal basis against Defendants under Mississippi law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The Standard Flood Insurance Policy limits liability with respect to other policies of flood insurance. If a loss covered by the Standard Flood Insurance Policy is also covered by other flood insurance whether collectible or not, State Farm will pay only the proportion of the loss that the limit of liability that applies under the Standard Flood Insurance Policy bears to the total amount of flood insurance covering the loss, as per Article VII(C). State Farm as homeowners and business insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiffs under any flood insurance policy.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs have only sued for damages arising from Hurricane Katrina. No amounts can be paid for any prior, unrepaired damages, or for any subsequent damages caused by a subsequent hurricane. Furthermore, each separate loss, building and contents, is subject to its own separate deductible and Plaintiffs' burden of proof includes

establishing the existence and amount of each separate loss prior to and/or subsequent to Hurricane Katrina, if any.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively plead the doctrine of payment, accord and satisfaction, recoupment and set-off to the extent the same may be applicable.  Further, State Farm as homeowners and business insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiff under any flood insurance policy.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively plead election of remedies to the extent applicable.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs are charged with knowledge of the terms and conditions, including all coverage available, and exclusions contained in, the policies of insurance issued to Plaintiffs by State Farm and attached as Exhibits "1," "2," and "3," hereto.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs are charged with knowledge of the purpose of the National Flood Insurance Program, specifically that homeowners and/or business policies of insurance do not provide coverage for "flood" damages.  There can be no reasonable reliance, as a matter of law, on a person failing to know this, the terms of the homeowners or business policy, the terms of the National Flood Insurance Program policy and/or the law related thereto.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead all terms and conditions contained in the policies attached as Exhibits "1," "2," and "3," hereto, including but not limited to application of the Duties After Loss and Other Insurance provisions of the policy.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that to the extent Plaintiffs have received funds from other sources as a result of their damages claimed from Hurricane Katrina, herein, and the same may be required to be repaid as a result of any recovery hereunder, that State Farm is not required to make such payment on behalf of the insured, or is entitled to a set-off for the same.  In this regard, without limitation, State Farm as homeowners and/or business insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiff under the flood insurance policy.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that its agent has no affirmative duty to advise an insured, including the Plaintiffs herein, of the coverage provided by an insurance policy, including the policy attached hereto as Exhibits "1," "2," and "3."

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the Plaintiffs have the burden of proving a loss insured and its amount by the policy attached hereto as Exhibits "1," "2," and "3," occurred causing damage to property insured by the policy attached hereto as Exhibits "1," "2," and "3."

### FORTY-NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead the applicable laws of Louisiana, including but not limited to, all applicable statutes of limitation and any other prescriptive periods.

## FIFTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages against State Farm in this action would violate the due process clause of the United States Constitution, in accordance with the decision of the United States Supreme Court in *Phillip Morris v. Williams*, 127 S.Ct. 1057 (February 20, 2007), where any such award of punitive damages is made in order to punish State Farm for harm inflicted on nonparties.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendant Eleuterius affirmatively pleads he fulfilled his duties to plaintiffs under any and all applicable laws.

**WHEREFORE, PREMISES CONSIDERED,** State Farm and Marshall J. Eleuterius requests that the instant Amended Complaint be dismissed as against State Farm and Marshall J. Eleuterius and further requests that all costs be assessed to the Plaintiff.

**RESPECTFULLY SUBMITTED,** this the 12th day of October, 2009.

> **WEBB, SANDERS & WILLIAMS, P.L.L.C.**
> **363 NORTH BROADWAY**
> **POST OFFICE BOX 496**
> **TUPELO, MISSISSIPPI  38802**
> **(662) 844-2137**
> **DAN W. WEBB, MSB 7051**
> **B. WAYNE WILLIAMS, MSB 9769**
> **J. DOUGLAS FOSTER, MSB #100641**
>
>
> **By**:    */s/ Dan W. Webb*
>          DAN W. WEBB

57

## <u>CERTIFICATE OF SERVICE</u>

I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company and Marshall J. Eleuterius, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following ECF participant:

**Attorneys for Plaintiffs:**

**Christopher C. Van Cleave, Esq.**
**CORBIN, GUNN & VAN CLEAVE, P.L.L.C.**
**146 Porter Avenue (39530)**
**P.O. Drawer 1916**
**Biloxi, Mississippi 39533-1916**

THIS, the 12th day of October, 2009.

BY: */s/ Dan W. Webb*
**DAN W. WEBB**