IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.                                         **PLAINTIFFS**

VS.                                      Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
And John and Jane Doe Defendants A-H                               **DEFENDANTS**

**STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION TO STRIKE AND DISMISS ALLEGATIONS AND CLAIMS REGARDING
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Defendant State Farm Fire and Casualty Company ("State Farm Fire"), pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, respectfully submits this motion to strike the allegations in Plaintiffs' recently filed Amended Complaint [No. 245] regarding State Farm Mutual Insurance Company ("State Farm Mutual") and to dismiss any claims that depend on those allegations. In support of this Motion, State Farm Fire states as follows:

1.      On September 3, 2009, this Court denied Plaintiffs' motion for leave to amend their complaint in so far as Plaintiffs attempted to bring a claim against State Farm Mutual. [No. 214] Plaintiffs have not honored this Court's order and have nonetheless filed a third Amended Complaint that is both materially different than their proposed Amended Complaint and teeming with unfounded legal conclusions regarding State Farm Mutual. See No. 245, Amended Complaint, Para. Nos. 9-14, 21-56, 59-60, 66, 73 – 95 and 97 – 109. Indeed, Plaintiffs repeat the same allegation that State Farm Mutual is a "co-principal" of State Farm Fire more than 100 times in the Amended Complaint. Moreover, Plaintiffs actually added specific references to State Farm Mutual in paragraphs 99, 101, 102 and 106 of the Amended Complaint that were not

in their proposed amended complaint submitted with their motion to amend. Compare Doc. No. 245 para. 99, 101, 102 and 106 with Doc. No. 85-2 former para. 103, 105, 106 and 110. See highlighted sections, Doc. No. 245 para. 99, 101, 102 and 106 attached hereto as Exhibit G and highlighted sections, Doc. No. 85-2 para. 103, 105, 106 and 110 attached hereto as Exhibit H.

    2.    Perhaps in recognition that they were not complying with the Court's order, Plaintiffs say in the preamble to the Amended Complaint that their complaint is "subject to and without waving" their motion to reconsider the Court's September 3, 2009 Order. [No. 245, p. 1] However, the mere filing of a motion to reconsider does not allow a party to ignore the Court's order. *See In re Urban Broadcasting Corp.*, 304 B.R. 263, 271 (E.D. Va. 2004) (a party may not ignore court's order simply by filing a motion to reconsider).

    3.    Moreover, on October 8, 2009, this Court denied Plaintiffs' motion to reconsider. [No. 272] In denying Plaintiffs' motion to reconsider, the Court observed that Plaintiffs relied heavily on *Fonte v. Audubon Inc. Co.*, 8 So.3d 161 (Miss. 2009) and its theory of "co-principal" liability for claim handling. The Court found that Plaintiffs' use of the *Fonte* decision to support their "co-principal" liability theory was not persuasive and that the *Fonte* decision did "not dictate the results Plaintiffs suggest." [No. 272, p. 2-3] In sum, the Court rejected Plaintiff's theory of "co-principal" liability in connection with this case.

    4.    In response to the Court's order denying Plaintiffs' motion to reconsider, State Farm Fire requested that Plaintiffs withdraw the allegations relating to State Farm Mutual, including the claims that are based on the theory that State Farm Mutual and State Farm Fire were "co-principals." Plaintiffs flatly refused, incorrectly claiming that their Amended Complaint was in compliance with the September 3, 2009 Order. See Exhs. "A" and "B". This case is and has always been about whether the amounts that State Farm Fire paid for wind

damage in these partial loss, non slab claims[1] [was sufficient and, if not, if State Farm Fire had a legitimate or arguable reason for paying the amounts paid for covered wind damage[2].   Also, this case regards Plaintiffs' improper assertions that their company, Dancel Group, Inc., should be covered for business interruption to Dancel's operations under the O'Keefes' business policy covering loss of rental income to the building owned by the O'Keefes personally and leased to Dancel.  Plaintiffs assert Dancel's operations should be covered under the O'keefes' business policy covering loss of rental income despite the fact that Dancel had coverage for business loss income with USF&G (See Exh. "E").  Plaintiffs admit they never requested Dancel to be a named insured under the policy covering the O'Keefes' loss of rental income. Deposition excerpt of Celeste Foster attached hereto as Exh. "F".  This case has been rightly limited to date by this Court and plaintiffs latest attempt to retain allegations against the Mutual Company in the face of this court's order forbidding such should be rejected and this Motion to Strike granted in its entirety dismissing all claims in their entirety where plaintiffs allege State Farm Mutual was a co-principal with State Farm Fire which includes allegations in paragraphs numbered 9-14, 21-56, 59-60, 66, 73 – 95 and 97 – 109. This Court specifically found in its September 3, 2009 Order, that "Plaintiffs' theory for imposing liability on State Farm Mutual under an insurance policy to which State Farm Mutual was not a party has been consistently rejected."  [No. 245, p. 4]  Likewise the Court found that the proposed amended complaint did not state any "plausible" claims against State Farm Mutual.  *Id*.  The Court then denied the Plaintiffs' motion for leave to amend "to the extent Plaintiffs seek to add State Farm Mutual Automobile Insurance Company

---

[1] See Exhs. "C" – "D" showing the condition of the Plaintiffs' Celeste and Daniel O'Keefe's home and business property.

[2] State Farm paid $4,280.48 for wind damage to plaintiffs' home and $72,571.96 for wind damage to plaintiffs' business property and contents.

as a Defendant" but granted the motion "to the extent Plaintiffs seek to amend their claims against the current Defendants." *Id*.

5.  With their motion to amend, Plaintiffs had argued that State Farm Mutual's "involvement" was "specifically described in the proposed amended Complaint." [Motion to Amend, No. 85, p. 3] Similarly, Plaintiffs argued that "Plaintiffs' proposed Amended Complaint asserts claims that State Farm Mutual acted as the 'co-principal' of State Farm Fire." [Reply Supporting Motion to Amend, No. 108, p. 1] Despite the Court's September 3, 2009 Order, Plaintiffs did not remove these proposed allegations when they filed their Amended Complaint and have even refused to remove them after the Court's October 8, 2009 denial of their motion to reconsider and request by State Farm to do so to avoid court involvement.

6.  To be sure, Plaintiffs' allegations regarding State Farm Mutual amount to unfounded legal conclusions rather than any well-pleaded facts. However, Plaintiffs are clearly signaling to this Court and to State Farm Fire that they intend to continue with their sideshow attack of State Farm Mutual. This litigation began more than 3 years ago in state court and it involves multiple insurance claims over two states, including a claim against the O'Keefe Plaintiffs' Mississippi insurance agent. State Farm Fire respectfully requests that Plaintiffs' unnecessary efforts to increase the costs and complexity of this lawsuit be rejected.

7.  Under Rule 12(f) of the Rules of Federal Civil Procedure, the Court may strike from a pleading any "immaterial" or "impertinent" matters. *Cambridge Toxicology Group, Inc., v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (trial court properly invoked Rule 12(f) to address plaintiff's efforts to circumvent court's prior orders and to pursue duplicative litigation.) Rule 12(f) motions are particularly useful vehicles to remove "unnecessary clutter from the case." *Briggs & Stratton Corp. v. Kohler Co.*, 405 F. Supp. 2d 986, 989 (W.D. Wis. 2005) (*quoting*

*Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Striking extraneous and irrelevant matters relating to State Farm Mutual will ensure that such matters do not "lead into tributaries away from the main stream of litigation" and thus "avert[s] unnecessary expenditures of large amounts of time, money and effort." *See Slick Airways, Inc. v. American Airlines, Inc.*, 15 F.R.D. 175, 178 (D.N.J. 1954).

8. State Farm Mutual is not a party to this litigation and the allegations directed against this company serve no just purpose. Indeed, a motion to strike is especially apt when the extraneous matters relate to a non-party to the litigation. *See, e.g., Terry v. Village of Glendale Heights*, 1988 WL 87049, at *2 (N.D. Ill. Aug. 15, 1988) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1383 (2d ed. 1969) ("[a]llegations charging persons not parties to the lawsuit with unlawful actions not connected to the actions of the defendants are usually prejudicial to the defendants and appropriately stricken"); *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1152-53 (C.D. Cal. 2003) (granting motion to strike references to "the business practices of other banks" because such allegations are "immaterial and unnecessary" and "serve to prejudice Union Bank since they seek to associate it with practices that are not at issue in this case.").

9. Plaintiffs have no valid grounds to continue their attacks on State Farm Mutual. The Court has denied Plaintiffs leave to file an Amended Complaint against State Farm Mutual and Plaintiffs should not be allowed to circumvent that order with their new Amended Complaint that contains more than 100 allegations relating to State Farm Mutual. Those allegations are immaterial and impertinent and should be stricken.

10. Further, since their unfounded allegations regarding State Farm Mutual are so interwoven with all of Plaintiffs' allegation, Plaintiffs in effect, assert that many of their claims

against State Farm Fire depend on the allegations that were inserted unilaterally into the proposed amended complaint to become part of the Amended Complaint as filed on September 24, 2009.  Repeatedly and improperly ignoring this Court's prior orders they allege that State Farm Fire and State Farm Mutual were "co-principals".  Therefore, all those claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth in the Court's October 8, 2009 Order, Plaintiffs allege no facts to support such conclusory assertions. As a result, any claims that rely on and/or which are inextricably interwoven with such baseless assertions fail as a matter of law. [3]

WHEREFORE, State Farm Fire and Casualty Company respectfully requests that the Court enter an order striking all allegations in the Amended Complaint relating to State Farm Mutual Automobile Insurance Company and dismissing any and all claims including all those claims  against the remaining Defendants that depend on those allegations, including but not limited to the allegations contained in paragraphs numbered 9-14, 21-56, 59-60, 66, 73 – 95 and 97 – 109.

Dated this 20th day of October, 2009

---

[3] As the bases for the relief requested herein are fully stated in the foregoing motion, State Farm Fire requests that it be excused from any requirement to file a brief in support of this motion.

RESPECTFULLY SUBMITTED,

WEBB, SANDERS & WILLIAMS, P.L.L.C.
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802
(662) 844-2137
DAN W. WEBB, MSB 7051
B. WAYNE WILLIAMS, MSB 9769
J. DOUGLAS FOSTER, MSB #100641

By: /s/Dan W. Webb
    DAN W. WEBB
    Counsel for Defendant State Farm Fire
    and Casualty Company

## CERTIFICATE OF SERVICE

I, Dan W. Webb, one of the attorneys for Defendant, Defendants Fire and Casualty Company, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participant:

**Christopher C. Van Cleave, Esq.**
**CORBIN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**P.O. Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS,** the 20th day of October, 2009.

/s/Dan W. Webb
**DAN W. WEBB**