IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.                                                                                         PLAINTIFFS

VS.                                                 Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
And John and Jane Doe Defendants A-H                                      DEFENDANTS

**PLAINTIFFS' REPLY / REBUTTAL TO STATE FARM'S
[301] RESPONSE IN OPPOSITION TO PLAINTIFFS'
[297] MOTION TO STRIKE STATE FARM'S
[292] SUPPLEMENTAL JOINT BRIEF IN SUPPORT OF ITS MOTIONS
[254 AND 255/256] FOR PROTECTICT ORDERS TO LIMIT THE SCOPE OF
DISCOVERY AND DEPOSITIONS OF CERTAIN STATE FARM PERSONNEL**

COME NOW the Plaintiffs by and through their counsel of record and file this Reply to State Farm's [301] Response in Opposition to Plaintiffs' [297] Motion to Strike State Farm's [292] Supplemental Joint Brief, as follows:

1. State Farm's strategy in the subject pleading, as it has been in much of this litigation, is clear. State Farm apparently believes that if it makes enough false and misleading representations about Plaintiffs and/or their Counsel, perhaps the Court will be prejudiced against them and not apply the law to the <u>facts</u> in this case. State Farm's tactics are improper, and don't change the fact that its argument is contrary to the law and facts herein.

2. First, State Farm falsely accuses the Plaintiffs' Counsel of being dilatory. The undisputable <u>facts</u> in this case are that Plaintiffs first served written discovery requests in this case in April, 2009; and that State Farm did not serve any written discovery requests until August 24, 2009. The undisputable <u>facts</u> in this case are that State Farm twice noticed and

canceled, at the last minute, depositions of the Plaintiffs. The undisputable facts in this case are that State Farm has twice canceled the deposition of Lecky King (a key witness and State Farm employee) after both parties had agreed to a date for her deposition. The undisputable facts in this case are that State Farm, by its Counsel's own admission, has still not produced (nor identified on a privilege log) all the claim files within ½ mile of the Plaintiffs' home and business that State Farm concedes are discoverable and responsive to Plaintiffs' discovery requests. The facts demonstrate who real party whose conduct has been "dilatory" and/or "obstructive" in this litigation.

3. Next, after getting irrevocably caught in its blatant misrepresentation to the Court that the Plaintiffs' case does involve a "slab", State Farm tries to re-characterize the issue as having been initially advanced by the Plaintiffs as being extremely important to the issues before the Court. The facts are that State Farm first made an issue over this point, robustly arguing to the Court that Plaintiffs aren't entitled to discovery about State Farm's engineering procedures (which the facts will demonstrate required State Farm to use engineers on all claims involving "slabs") because Plaintiffs' claims allegedly do not involve slab claims. Plaintiffs merely pointed out the falsity of State Farm's representation to the Court.

4. Next, State Farm tries to discredit the Plaintiffs' entire case by suggesting Plaintiffs' claims are frivolous because one of Plaintiffs' prior experts allegedly proved 80% of their "slab" garage was caused by flood. Contrary to State Farm's argument, Plaintiffs timely designated expert Ted Biddy in this case, who proved that the entire loss was caused by wind prior to the arrival of storm surge based on a forensic engineering investigation. Mr. Hall (whose report is referenced by State Farm) merely asserted one could "assume 20% of the garage structure (excluding the roof) was damaged by wind prior to the arrival of storm surge". State Farm called

Mr. Hall's qualifications to make conclusions regarding the cause of Plaintiffs' losses into question during his deposition due to the methodology he employed. Indeed, an opinion that one could "assume" one cause of loss or another is not sufficient for the purposes of this litigation. Plaintiffs accordingly withdrew Mr. Hall as an expert (in light of the clear Daubert Motion contemplated by State Farm). State Farm is attempting to argue on one hand that Mr. Hall's report is unreliable, while suggesting to this Court that it is absolute.

5. State Farm next falsely represents that Plaintiffs have willfully violated the Order of this Court. In support of this accusation, State Farm falsely represents that this Court's prior [250] Order constitutes a ruling that none of State Farm's proffered discovery requests were substantively objectionable, and that Plaintiffs were compelled to answer them all without asserting any objections. State Farm boldly asserts, despite the total absence of merit, that its prior, four (4) page [244] Motion to Compel sought to have the Court over-rule any objections Plaintiffs *might* have to the substance of the 35 separate Interrogatories served on Dancel and to the 24 separate Interrogatories served on the O'Keefes (as well as the numerous Requests for Production served on each party). The facts are that such was not the nature of the Court's [250] Order, nor the underlying pleadings. Clearly, State Farm's [244] Motion to Compel did not contain the text of a single Interrogatory or Request for Production – which would have been required if same were truly a Motion to Compel responses to specific, substantive discovery requests propounded pursuant to F.R.C.P. 37 and Uniform District Court Rule 37.1. Contrary to State Farm's false assertion, the Court's [250] Order merely required Plaintiffs to file responses to all of the discovery requests served on Dancel and on the O'Keefes – which Plaintiffs did within the time mandated by the Court.

6. State Farm next falsely asserts that specific objections, contained within the discovery responses State Farm omitted from its [292] Supplemental Joint Brief, have already been overruled by the Court. Contrary to the State Farm's false assertions, the Court has <u>not</u> ruled on the specific objections, set forth in Plaintiffs' timely and appropriate responses to the subject discovery requests, that same are objectionable, in part, because their number exceeds the number of requests permitted by this Court. Plaintiffs' <u>prior</u> argument regarding the number of requests was based on Plaintiffs' understanding of the prior Order of this Court that State Farm could only serve a total of 45 Interrogatories on Dancel and the O'Keefes, jointly – just as Dancel and the O'Keefes, jointly, only served a total of 45 Interrogatories on State Farm. The Court's [250] Order confirmed that State Farm could serve up to 45 Interrogatories <u>each</u> on Dancel and the O'Keefes. The discovery responses incorporated into Plaintiffs' [297] Motion to Strike include objections that the <u>substance</u> of the discovery requests served on Dancel, and <u>separately</u> those served on the O'Keefes, exceeds the limits imposed by the Court. For example, Interrogatory No. 3 to the O'Keefes is a compound request that seeks detailed information about claims made under **three** separate insurance policies:

> **INTERROGATORY NO. 3:** <u>Identify all witnesses, facts, documents and/or evidence of any kind</u> that supports your position that any Loss claimed by you was not caused by water damage meaning flood, waves, surface water, tidal water, overflow of a body of water or spray from any of these, whether driven by wind or not, or some combination of these causes <u>under Coverages A, B and C</u> of **your homeowners policy**, **D'Iberville Policy <u>and</u>** the **New Orleans Policy**.

(emphasis added). Similarly, Interrogatory No. 6 to the O'Keefes is a compound request that sought to inquire about all insurance policies the individual Plaintiffs ever had, from any entity, under **three** separate types of coverage:

> **INTERROGATORY NO. 6:** Identify <u>all policies of insurance</u>, including the <u>property insured location and the named insured</u>, for <u>each and every</u> **homeowners**

4

>**policy**, **flood policy <u>and</u>** business policy <u>you have ever had</u>, including policies of insurance provided through insurers other than State Farm.

(emphasis added). Due to the <u>compound</u> nature of the <u>substance</u> of these and similar interrogatories, Plaintiffs asserted appropriate objections that, <u>separately</u>, the discovery requests propounded to Dancel and to O'Keefe exceeded the permissible number. Notwithstanding these objections, Plaintiffs answered the discovery requests, however, subject to and without waiving their objections. These substance based objections were *not* addressed in the Court's [250] Order Denying Plaintiffs' Motion to Quash – and are not ripe for consideration in the context of the present pleadings before the Court.

7. State Farm continues to falsely assert that Plaintiffs have not identified the documents they may use in depositions taken in this matter, and seeks to impugn Counsel for Plaintiffs' integrity and professionalism in all discovery matters. Contrary to State Farm's false representations, the Plaintiffs have identified the documents they may use in this litigation – as being any of the documents produced in this litigation. Such **is** the standard practice. As set forth in Plaintiffs' <u>appropriate</u> objections, State Farm's request that Plaintiffs identify the exact documents among those that have been produced in this litigation that will be used in each deposition to be taken in this cause exceeds the scope of permissible discovery. Counsel for Plaintiffs have not yet fully prepared to take specific depositions in this case, and have not yet decided which documents (among those Plaintiffs' have identified as documents that "may" be used) will be utilized in specific depositions. Final decisions about specific documents that will be used during depositions will not be made until the final hours (likely late on the night and into the early morning) before taking depositions in this matter. State Farm cannot, as it attempts to do through the subject discovery request, dictate Counsel for Plaintiffs' work schedule, and force Counsel for Plaintiffs to prepare in detail for each deposition prior to even serving written

answers to discovery in this cause. Certainly, State Farm did not identified in advance the documents it intended to use in the four depositions it has taken, nor has it identified the documents it intends to use in the **fifteen additional depositions it has scheduled and/or is attempting to schedule** during the next five weeks.

8. The truth of the matter is that State Farm is trying to end run the fact it waited until August of 2009 to serve written discovery in this case. State Farm would clearly prefer a *carte blanche* Order from this Court, allowing it to serve any discovery requests it pleases without being subjected to appropriate objections. The subject [250] Order from the Court was of course not a blank check, and no amount of false accusations and unwarranted personal attacks by State Farm can change the fact that State Farm has filed inappropriate pleadings, and sought inappropriate relief from the Court.

9. What State Farm's [301] Response does not do, and what State Farm apparently hoped would get lost in the fray of its scurrilous accusations, is that its [292] Supplemental Joint Brief far exceeds the limited authority the Court granted for supplemental briefing on State Farm's "expedited" motions to limit discovery – which had already been briefed and argued. As set forth in Plaintiff's [292] Motion to Strike, State Farm's [292] Supplemental Brief should be stricken.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court expeditiously enter an Order STRIKING State Farm's improper [292] Supplemental Joint Brief from the Record in this cause, and granting any and all relief in favor of the Plaintiffs, including but not limited to an Order that State Farm shall pay Plaintiffs' costs and expenses, including reasonable attorneys' fees, for having to respond to State Farm's improper Motion.

Respectfully submitted, this the 27th day of October, 2009.

                                               **DANIEL B. O'KEEFE, CELESTE A. FOSTER O'KEEFE, AND THE DANCEL GROUP, INC., PLAINTIFFS**

                      By: */s/ Christopher C. Van Cleave*
                            CHRISTOPHER C. VAN CLEAVE (MSB #10796)

CLYDE H. GUNN, III (MSB #5074)
CHRISTOPHER C. VAN CLEAVE (MSB #10796)
W. CORBAN GUNN (MSB #101752)
DAVID N. HARRIS, JR. (MSB #100790)
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
P.O. Drawer 1916
Biloxi, MS 39533-1916
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
Email: christopher@cgvclaw.com

**CERTIFICATE OF SERVICE**

I, undersigned counsel of record, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the EFC system which sent notification of such filing to the following:

B. Wayne Williams, Esq.
Dan W. Webb, Esq.
Roechelle R. Morgan
Paige C. Bush, Esq.
Webb, Sanders, & Williams, PLLC
363 North Broadway
Post Office Box 496
Tupelo, Mississippi 38802
(662) 844-2137 (off)
wwilliams@webbsanders.com
RRM@webbsanders.com

**Attorneys for State Farm Fire & Casualty Company
And Marshall J. Eleuterius**

Respectfully submitted, this the 27th day of October, 2009.

                                      DANIEL B. O'KEEFE, CELESTE A. FOSTER
                                      O'KEEFE, AND THE DANCEL GROUP, INC.,
                                      PLAINTIFFS

                      By:*/s/ Christopher C. Van Cleave*
                         CHRISTOPHER C. VAN CLEAVE (MSB #10796)