IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL B. O'KEEFE,** *et al.* § | | **PLAINTIFFS** |
| §  | | |
| V. § | Civil No. 1:08CV600-HSO-LRA | |
| § | | |
| **STATE FARM FIRE & CASUALTY** § | | |
| **COMPANY,** *et al.* § | | **DEFENDANTS** |

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DECLARATORY JUDGMENT AND FOR PARTIAL SUMMARY JUDGMENT

This cause comes before the Court upon the Motions of Plaintiffs Daniel O'Keefe, Celeste Foster O'Keefe, and The Dancel Group, Inc., for Declaratory Judgment [55] and for Partial Summary Judgment [56]. Defendant State Farm Fire & Casualty Company ["State Farm"] has filed a combined Response [65], and Plaintiffs have filed a combined Rebuttal [70]. Plaintiffs also submitted Supplemental Evidence [113], to which State Farm has filed a Supplemental Response [125], and Plaintiffs a Supplemental Reply [138]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that both of Plaintiffs' Motions should be denied without prejudice at this time.

### I. DISCUSSION

Plaintiffs seek partial summary judgment and a declaration regarding the inflation coverage provision in their insurance policy. *See* Mots., at p. 13. Plaintiffs ask the Court to declare that the policy provides inflation coverage, to determine the amount of inflation coverage available to the insureds, and to declare the appropriate method by which to determine the "factor" by which the amounts of

coverage shown on the declarations page must be multiplied. *See id.* State Farm counters that, because whether the declared policy limit is exhausted is a remaining question of material fact, Plaintiffs' Motions are "inherently premature and moot." Resp., at p. 9.

A.   <u>Motion for Partial Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).

Discovery in this case is ongoing. The Court is of the opinion that determination of the inflation question, at this stage of the proceedings, would not actually resolve any claim or any part of any claim asserted by Plaintiffs. *See* Am. Compl.; Answer to Am. Compl. A ruling on the merits of Plaintiffs' Motion would therefore be premature. The Court is not empowered to issue an advisory opinion as to how the policy will be interpreted in the event that, at some point in the future, sufficient evidence is presented that Plaintiffs' declared policy limits are exhausted. Such would need to occur before a resolution of the inflation coverage issue became necessary. Plaintiffs' Motion for Partial Summary Judgment will

therefore be denied without prejudice as premature. The Court expresses no opinion, one way or the other, as to whether Plaintiffs' interpretation is correct. The Court will revisit the inflation issue later, if and when it becomes appropriate.

B.   Motion for Declaratory Judgment

In addition to their Motion for Partial Summary Judgment, Plaintiffs seek a declaration regarding the inflation coverage provision at issue in this case. *See* Mots., at p. 13. The Court is likewise of the opinion that this Motion should be denied without prejudice.

## II.  CONCLUSION

For the reasons stated herein, the Court finds that Plaintiffs' Motions for Declaratory Judgment and for Partial Summary Judgment should be denied without prejudice at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiffs' Motions for Declaratory Judgment [55] and for Partial Summary Judgment [56] should both be, and are, hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert.

**SO ORDERED AND ADJUDGED,** this the 2nd day of November, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE