**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.**                                               **PLAINTIFFS**

VS.                                               Civil Action No. 1:08cv600 HSO-LRA

**STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
And John and Jane Doe Defendants A-H**                                **DEFENDANTS**

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR PROTECTIVE ORDER
RE: NOTICE OF RULE 30(b)(6) VIDEO DEPOSITION AND SUBPOENA *DUCES TECUM***

**(EXPEDITED BRIEFING AND HEARING REQUESTED)**

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................1

II. LAW AND ARGUMENT .....................................................................................4

    A.    EXAMINATION SHOULD BE LIMITED TO PLAINTIFFS' OWN CLAIM AND EXAMINATION REGARDING "OTHER CLAIMS" SHOULD BE STRICTLY LIMITED CONSISTENT WITH THIS COURT'S PRIOR ORDERS ..................................................................................6

    B.    EXAMINATION INTO EXPEDITED FLOOD CLAIMS HANDLING GUIDELINES SHOULD BE BARRED ..............................................7

    C.    EXAMINATION REGARDING STATE FARM'S USE OF ENGINEERS SHOULD BE LIMITED ...............................................................9

    D.    EXAMINATION REGARDING THE "INFLATION PROTECTION" PROVISIONS IN STATE FARM'S POLICY SHOULD BE LIMITED ..............10

    E.    EXAMINATION INTO THE *QUI TAM* ACTION SHOULD BE BARRED ......11

    F.    PLAINTIFFS SHOULD NOT BE ALLOWED TO SEEK SECOND-HAND DISCOVERY OF FACT WITNESSES ..............................................12

    G.    PLAINTIFFS' OVERLY BROAD, DUPLICATIVE, BURDENSOME AND OPPRESSIVE DOCUMENT REQUESTS SHOULD BE QUASHED ................13

III. CONCLUSION ....................................................................................................14

Comes now STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") and files this Motion For Protective Order Re: Notice Of Rule 30(b)(6) Video Deposition and Subpoena *Duces Tecum* (hereinafter referred to as the "Motion"),[1] and for cause would show unto the Court as follows, to wit:

## I. INTRODUCTION

State Farm respectfully files this motion for protective order and for expedited hearing on this urgent and necessitous matter pursuant to Federal Rules of Civil Procedure 26 and 30, 45 and Local Rule 7.2(H), regarding the Notice of Rule 30(b)(6) Video Deposition and Subpoena *Duces Tecum* [Doc. 298] (hereinafter referred to as the "Notice") served by the O'Keefe's and The Dancel Group, Inc. on State Farm (filed Oct. 23, 2009).[2]

As courts of this district have repeatedly made clear, Plaintiffs' 30(b)(6) deposition of State Farm should be limited to topics directly relevant to Plaintiffs' ***own*** claim for damages under their respective policies at issue in the litigation. This includes the investigation and decision of State Farm regarding coverage, denial of coverage and/or amount of payment for covered damage under the respective policies.

Yet, the Notice followed shortly upon the heels of which was an improper, untimely subpoena *duces tecum* [Doc. 309][3] is nothing more than Plaintiffs' latest attempt to harass State Farm and embark

---

[1] No separate memorandum in support is filed with this motion as the Motion speaks for itself, and all relevant authorities are cited therein.

[2] In light of the excessive number of topics and document requests included in the Notice and the Subpoena, State Farm, in an attempt to encapsulate the burdensome number of areas and demands for the convenience of the Court, will not discuss each objectionable topic or request in the body of the brief. Instead, in the interest of efficiency, State Farm presents the general substance of its arguments with a few examples in the body of the brief and then briefly addresses each topic and document request to which it objects in **Exhibit A** hereto. This exhibit is incorporated herein in full.

[3] The *subpoena duces tecum* [Doc. 309] should be quashed in its entirety. State Farm is preparing a separate motion to quash the subpoena *duces tecum*. Plaintiffs have used the entirety of their Rule 34 Production Requests to State Farm and this subpoena is nothing more than an attempt to circumvent this court's scheduling order. Additionally, plaintiffs demand production of the subpoenaed documents within thirty days, which, if plaintiffs had any production requests remaining, violates the time permitted for response under Rule 34. Also, service on State Farm's agent for such is improper.. See *Syngenta Crop Protection, Inc. v. Monsanto, Co.*, 908 So. 2d 121 (Miss. 2005). See also, Exh. A, at 68-71. As such, the subpoena *duces tecum* should be quashed in its entirety.

1

on a massive fishing expedition by questioning State Farm about other policyholders' unrelated claims, as well as documents, procedures and personnel that had nothing whatsoever to do with the adjustment of Plaintiffs' own business and homeowners claims. As remarked by another court in this District during another Hurricane Katrina case in which the plaintiffs were represented by Mr. Van Cleave, "it appears that Plaintiffs would be satisfied with nothing less than a full-blown search warrant for State Farm offices and personnel . . . ." *Marion v. State Farm Fire & Cas. Co.*, No. 1:06cv969-LTS-RHW, 2008 WL 723976, at \*4 (S.D. Miss. Mar. 17, 2008) (Senter, J.).

Indeed, as discussed below, the scope of the examination requested by Plaintiffs is so overly broad and burdensome that it is obvious that the Notice does not represent a genuine attempt to obtain information reasonably likely to be admissible at trial, and instead, is nothing more than a calculated effort to harass State Farm through the discovery process. Such numerous and overly broad topics for examination cannot be justified by Plaintiffs' generic and conclusory allegations regarding a "top down" conspiracy. Nor is such a broad-ranging inquiry consistent with the scope of discovery contemplated by Rule 26(b)[4] or this Court's prior orders in similar Hurricane Katrina cases.

Moreover, many topics of examination included in the Notice are more appropriately and efficiently addressed through other discovery mechanisms, such as Rule 33 interrogatories and Rule 34 requests for the production of documents. However, since Plaintiffs have already used their allotted number of interrogatories and document requests, they apparently opted to use the Notice as a vehicle for circumventing this Court's case management orders. (*See* Order of Aug. 24, 2009 [Doc. 200] and of

---

[4] All references to a "Rule" or the "Rules" herein are to the Federal Rules of Civil Procedure unless otherwise expressly stated.

Sept. 25, 2009 Order [Doc. 250] (limiting Plaintiffs to 45 interrogatories and 45 requests for production).)[5] Plaintiffs have not moved for leave of the Court to go beyond the prescribed limits.

Similarly, as set forth below, the Notice also represents a backdoor attempt to elicit indirect, second-hand discovery of fact witnesses from a Rule 30(b)(6) deponent that should be rejected. State Farm's Rule 30(b)(6) witness should not be required to provide fact-based testimony regarding the actions or knowledge of particular individuals who are available for fact depositions.

Finally, Plaintiffs' six document requests should be quashed in their entirety. These requests are overly broad, duplicative with past document requests and Plaintiffs have already far exceeded the number of requests permitted by the case management orders [Docs. 200 & 250]; not to mention, State Farm has already produced all documents relevant to the O'Keefes' claim. Indeed, in addition to the six formal document requests contained in the Notice, Plaintiffs have improperly buried additional requests for documents within their proposed topics for examination by requesting State Farm to "produce at the deposition" all documents relating to a given topic. (*See* Notice at 8, 13, 15.) Such hidden and duplicative requests are improper and should be quashed in their entirety. Plaintiffs have also improperly served a separate subpoena upon State Farm containing six requests for production *identical* to those contained in the Notice. (*See* Subpoena issued Oct. 28, 2009 [Doc. 304-2].) Aside from the obviously duplicative nature of these six requests, the service of a subpoena directly on State Farm's registered agent for service of process in Mississippi rather than on counsel of record for State Farm in this case is not only improper, but provides yet another example of Plaintiffs' wasteful and abusive discovery practices.

Accordingly, this Court should issue a protective order significantly limiting the scope of examination to topics directly relevant to Plaintiffs own insurance claims, consistent with the scope of

---

[5] To date, the total number of interrogatories served on State Farm is 44 with 73 sub-parts, and the total number of requests for production of documents served on State Farm is 44 with 95 sub-parts.

3

examination allowed for Rule 30(b)(6) witnesses in other Hurricane Katrina cases. The protective order should also quash all the requests for production included with the Notice and the Court should quash the subpoena *duces tecum* which is filed out of time, consists primarily of improper duplication in its entirety. That Subpoena is also an attempt to avoid the limitations of Rules 33, 34 and the Case Management Order herein. Plaintiffs' demonstrated, ongoing, repeated attempts to abuse the discovery process should be rejected.

## II. LAW AND ARGUMENT

The Federal Rules of Civil Procedure require that all discovery be limited according to (1) whether "the burden or expense of the proposed discovery outweighs its likely benefit," (2) the "needs of the case," (3) "the amount in controversy," (4) "the parties' resources," (5) "the importance of the issues at stake" in the litigation, and (6) "the importance of the proposed discovery in resolving the issues." *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).[6]

The Rules authorize the Court to "make any order which justice requires to protect a party," including ordering that discovery not be had, or be had only subject to appropriate limitations. 6 James W. Moore, et al. *Moores Federal Practice* § 26.105[1][6] (3d ed. 2007). The Fifth Circuit also recognizes that Rule 26(c) gives courts broad discretion to enter protective orders when appropriate. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

In other Hurricane Katrina cases, this Court has not hesitated to apply this balancing approach to limit the scope of discovery:

> [T]he Court will not tolerate Plaintiffs' engaging in harassment or annoyance. In short, Plaintiffs will be controlled by the limitation that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

---

[6] "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

4

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket.

*Marion*, No. 1:06cv969-LTS-RHW, 2008 WL 723976, at *4 (Senter, J.) (affirming magistrate judge's orders denying motions to compel filed by plaintiffs and granting motions to quash depositions filed by defendants) [Doc. 228]. As Judge Senter explained in another Katrina case, plaintiffs "do[] not have *carte blanche* in the discovery process." *Gagne v. State Farm Fire & Cas. Co*., No. 1:06-cv-00711-LTS-RHW, Dec. 12, 2008 Order [Doc. 469], at 1-2 (S.D. Miss. Dec. 18, 2008). Rather, discovery "requires balancing and imposes on the court the obligation to rein in overly broad, potentially abusive discovery." *BG Real Estate Servs., Inc. v. Am. Equity Ins. Co*., No. 04-3408, 2005 U.S. Dist. LEXIS 10330, at *8 (E.D. La. May 18, 2005).

To determine the relevance of discovery, courts must focus on the parties' "actual claims and defenses." Fed R. Civ. P. 26(b)(1), advisory committee note. Irrelevance is grounds for quashing or limiting discovery. *See, e.g*., *Micro Motion Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990). Like other forms of discovery, depositions may be disallowed or restricted to certain topics if they are irrelevant or unduly burdensome. *See, e.g*., *In re Angeline Refining Co.,* 890 F.2d 1312, 1320-21 (5th Cir. 1989). Courts have also held that a party cannot "unilaterally alter the scope of discovery merely by including extraneous allegations in the complaint." *Vives v. City of N.Y*., 02 CIV 6646, 2003 U.S. Dist. LEXIS 1833, at *2 (S.D.N.Y. Feb. 10, 2003); *see also In re Harmonic, Inc. Sec. Litig*., No. C 00-2287 PJH, 2006 U.S. Dist. LEXIS 90450, at *57 (N.D. Cal. Dec. 11, 2006) ("given the fact that these allegations are irrelevant to the [plaintiffs'] claims, the court finds that defendants would be prejudiced if they were compelled to respond to these allegations, or to any discovery propounded by plaintiffs" related to those allegations).

Here, the Notice contains no less than 150 separate topics of examination and requests for the production of documents – many with multiple subparts – that sweep well beyond matters relevant to the

handling of Plaintiffs' own insurance claims. Indeed, even if cost and burden were not issues (and they are), it would simply be impossible to prepare a witness to intelligently answer questions on behalf of State Farm on all of these topics. It is, therefore, entirely appropriate for this Court to issue an order limiting the topics of examination and corresponding documents requests contained in the Notice to matters directly *relevant* to Plaintiffs' ***own*** claims and the property and polices at issue.

### A. Examination Should Be Limited To Plaintiffs' Own Claim and Examination Regarding "Other Claims" Should Be Strictly Limited Consistent With This Court's Prior Orders

As set forth in briefing for State Farm's pending motions for protective orders (*see* [Docs. 254, 255, 256, 281, 283, 292]), this Court long ago recognized that the losses and claims resulting from Hurricane Katrina are unique and that discovery in Katrina litigation should focus on developing facts relevant to a plaintiff's ***own*** insurance claim without broad-ranging discovery into the claims brought by other insureds. *See*, *e.g.*, *Guice v. State Farm Fire & Cas. Co.*, No. 1:06CV001, 2007 WL 912120, at *1-2 (S.D. Miss. Mar. 22, 2007) ("*Guice II*") ("[t]he forces exerted by Hurricane Katrina varied substantially from one location . . . to another; . . . and . . . claims were handled by Defendant in a variety of ways."); *Comer v. Nationwide Mut. Ins. Co.*, No. 1:05 CV 436, 2006 WL 1066645, at *2 (S.D. Miss. Feb. 23, 2006) ("Each property owner in Mississippi . . . is uniquely situated. No two property owners will have experienced the same losses . . . each individual claim will require particular evidence to establish the cause of and the extent of the loss."); *Marion*, 2008 WL 723976, at *3 ("In the end . . . this case is about the Marions' claim, the denial of that claim, and how it relates to the terms of the Marions' insurance policy."); *Marion*, Feb. 13, 2008 [Doc. 200] at 5 (Order Granting in Part Plaintiffs' Motion to Compel; "In prior cases, the Court has been very specific in what it has required State Farm to produce with respect to the claim files of other insureds." (citing *Muller v. State Farm*, No. 1:06-cv-95 [Doc. 44])); *Leonard v. Nationwide Ins. Co.*, No. 1:05-cv-00475 [Doc. 136] at 1-2 (S.D. Miss. June 27, 2006) (evidence of handling of other claims may be probative if the other property is within a

"reasonably close physical proximity" and the adjustment process includes adjusters who handled the claim at issue."). In fact, in a recent Hurricane Katrina case, Judge Senter underscored this fundamental point of law: "as should be clear by now, the sole focus of the trial of this cause of action is Plaintiffs' and Defendants' contractual relationship, and any liability arising there from." *Bossier v. State Farm Fire & Cas. Co.*, 1:08cv408-LTS-RHW, slip op. [Doc. 166], at 3 (S.D. Miss. Oct. 9, 2009) (Senter, J.).

There is nothing about the instant case that would suggest a deviation from these prior orders is warranted. Nevertheless, the Notice continues Plaintiffs' effort to seek broad discovery regarding the handling of claims belonging to other State Farm policyholders without regard to whether the properties or claims of these policyholders have anything in common with Plaintiffs' own claims and are located within "reasonably close physical proximity" to Plaintiffs' property and were adjusted by the same State Farm personnel. (*See*, *e.g.* Notice of Rule 30(b)(6) Depo. & Subpoena [Doc. 298], Topics 71 & 72, at 10; Topics 42 & 43, at 16.) As such, the topics of examination and document requests in the Notice seeking discovery regarding the claims of other State Farm insureds are overly broad and unduly burdensome. Indeed, given the impossibility of preparing a witness to testify meaningfully about any one of the numerous insurance claims filed by other insureds that would be covered by the Notice, it seems likely that including these topics in the Notice was not part of any genuine effort to collect useful evidence, but rather, is a continuation of Plaintiffs' efforts to harass State Farm through the discovery process.

Accordingly, the scope of any examination or discovery regarding claims filed by other State Farm insureds should be tightly limited along the lines of this Court's prior orders in Hurricane Katrina cases as outlined herein.

**B.**     **Examination into Expedited Flood Claims Handling Guidelines Should Be Barred**

Numerous topics in the Notice address State Farm's involvement in drafting and implementing amended claims handling guidelines that were adopted by the Federal Emergency Management Agency

7

("FEMA") after Hurricane Katrina. (*See*, *e.g*., [Doc. 298] Topics 7-14 at 12.) The scope of this 30(b)(6) deposition, however, should not include inquiries regarding the amended National Flood Insurance Program ("NFIP") guidelines.

First, Plaintiffs have already affirmatively represented to this Court that they "are not contesting the manner in which their NFIP claims were handled." ([Doc. 189] at 3 (emphasis added).) Thus, discovery into the amendment of these guidelines is utterly irrelevant and abusive on this basis alone.

Second, this Court has already ruled on this issue and denied Plaintiffs' motion to compel depositions relating to the drafting, administration, and application of the expedited flood claim procedures adopted by FEMA after Hurricane Katrina. "The Court finds that this issue has been considered by other judges in other Katrina-related cases, and relief was denied. The undersigned finds no material distinction in these rulings, and the motion to compel the depositions [#189] is denied." (*See* Oct. 13, 2009 Order [Doc. 280] at 1-2.)

Third, as State Farm set forth in its pending motion for protective order regarding the deposition of Lecky King and other individuals, the courts in this District and others have routinely prohibited such discovery, and further, Plaintiffs' flood claim was adjusted (and the policy limits awarded) ***before these guidelines were discussed with or adopted by FEMA***. (*See* [Docs. 254 & 283] (respectfully incorporated herein by reference in the interests of brevity and judicial economy).) Thus, communications related to the adoption of these guidelines are totally irrelevant to Plaintiffs' claims and beyond the scope of permissible discovery. (*See generally* [Docs. 254 & 283], *passim*.)

Indeed, Plaintiffs' request to examine State Farm on these matters is just another attempt by Plaintiffs' counsel to obtain discovery that has been denied repeatedly by the courts in this district, including by this Court in its October 13, 2009 Order [Doc. 280]. *See*, *e.g*., *Lagasse v. State Farm Fire & Cas. Co*., No. 1:07-cv-00761-LTS-RHW, Jan. 15, 2009 Order [Doc. 232] (S.D. Miss. Jan. 15, 2009);

8

*Lagasse*, Dec. 2, 2008 Order [Doc. 158]; *Marion v. State Farm Fire & Cas. Co.*, 2008 WL 723976, at *1 (S.D. Miss. Mar. 17, 2008); *Marion*, No. 1:06-cv-969-LTS-RHW, Feb. 13, 2008 Order [Doc. 200].

Therefore, in accordance with all of these previous rulings, the scope of the 30(b)(6) deposition should not include matters concerning the drafting and implementation of FEMA's amended flood claims handling guidelines.

C.      **Examination Regarding State Farm's Use of Engineers Should Be Limited**

For the same reasons set forth in State Farm's pending motion for protective order [Docs. 255 & 256] regarding examination of State Farm personnel about the use of engineers, Plaintiffs' effort to depose State Farm's 30(b)(6) witness on this topics should be barred. (*See*, *e.g*., [Doc. 298] topics 2-8 at 18-19; topic 11 at 20.).

Indeed, in *Marion*, this Court specifically barred inquiry into State Farm's use of engineers. *Marion v. State Farm Fire & Cas. Co.*, 1:06-cv-969-LTS-RHW, [Doc. 231] at *5 (S.D. Miss. Mar. 26, 2008) (granting protective order to limit scope of examination of Fed. R. Civ. Proc. 30(b)(6) witness; "Plaintiffs seek information regarding policies and procedures for the use of engineers. [I]nformation relating to the [alleged] alteration of engineering reports is irrelevant to this lawsuit because no engineer was assigned to the Plaintiffs' property claim.")

Accordingly, discovery into State Farm's procedures relating to use of engineers in the claims handling process is irrelevant to this case, not likely to lead to the discovery to admissible evidence, and should not be permitted. Instead, discovery related to engineering issues should be limited to one question: whether the adjuster handling Plaintiffs' claims determined an engineer was necessary and the reasons for that determination. Further, such inquiry is properly directed to fact witness who made that determination.

9

**D.     Examination Regarding The "Inflation Protection" Provisions In State Farm's Policy Should Be Barred**

As explained in State Farm's pending motion for protective order [Docs. 255, 256, 281, 292], the inflation protection provisions are not implicated in this case because the only potentially relevant evidence on this topic is the straight-forward language of State Farm's policy. (*See* [Doc. 256] at 15-16.) Moreover, under the clear and unambiguous language of State Farm's policy, there can be no issue with regard to inflation coverage until Plaintiffs establish a loss exceeding their declared policy limits, which so far they have failed to do. (*See id.*)

Indeed, this Court recently held that Plaintiffs' motion for declaratory judgment and partial summary judgment on the issue of inflation coverage was "premature," since there was no evidence that the declared policy limit of Plaintiffs' homeowners policy had been exhausted. *See O'Keefe, et al. v. State Farm Fire & Cas Co., et al.*, No. 1:08cv600-HSO-LRA, [Doc. 308], at 2-3 (S.D. Miss. Nov. 2, 2009) (Ozerden, J.) ("The Court is of the opinion that determination of the inflation question, at this stage of the proceedings, would . . . be premature. The Court is not empowered to issue an advisory opinion as to how the policy will be interpreted in the event that, at some point in the future, sufficient evidence is presented that ***Plaintiffs' declared policy limits are exhausted***. ***Such would need to occur before a resolution of the inflation coverage issue became necessary***.) (emphasis added).

Thus, there is simply no genuine dispute in this case implicating the "inflation protection" provisions. *See Id.*; s*ee also,* [Doc. 65] at 7-13 (State Farm's Consolidated Memo. of Law in Opp'n to Pl's Mot. for Dec. J. & Partial Summ. J. re: Inflation Coverage Provision).) Rather, the only potentially relevant evidence on this topic is the language of State Farm's policy and matters that are already subject to discovery, i.e. information directly bearing on the alleged cause of Plaintiffs' losses or the total value of such losses.

Accordingly, because discovery regarding policies, procedures or practices related to the "inflation protection" provision in State Farm's homeowners' policy is irrelevant to the matters at issue in this case and unlikely to lead to the discovery of admissible evidence, this Court should bar discovery of such matters in the context of the Rule 30(b)(6) deposition of State Farm. (*See*, *e.g*., [Doc. 298] topics 68 at 10; 39 at 16.

E.     **Examination into the *Qui Tam* Action Should Be Barred**

One of many of the more egregious examples of the abusive discovery tactic here is the inclusion of topics in the Notice related to *in camera* submissions in the *qui tam* case is beyond the pale. (*See*, *e.g*., Pl's Rule 30(b)(6) Notice [Doc. 298], Topic 15-18, at 13.) By Court order, the submission was directed to be made *in camera* to the Court in that case,. *See United States ex rel. Rigsby v. State Farm Ins. Co.,* Case No. 1:06cv433 [Doc. 343] at 10-11 (S.D. Miss. Aug. 10, 2009) ("*so **I** may know* the outer limits of the potential claims involved in this action, I will require State Farm to submit, *in camera*, a list containing the name of the insured, the address of the property, and the amount of flood insurance paid, for all SFIP claims that meet the following criteria.") (emphasis added).) Further, the reason for requiring the submission in the first place was purely to aid the Court. (*See id*.) Plaintiffs may not use a 30(b)(6) deposition to play "20 Questions" in an effort to figure out what information was or was not submitted *in camera* in an entirely different case and, in so doing, frustrate the intent to the Court's order to have that information submitted only to the Court. If there is discovery of any *qui tam* issues that action is where that discovery should take place, if at all.

Moreover, Plaintiffs have not shown what possible relevance this information could have to their case. Nor have they provided any basis for concluding that allowing discovery into the *qui tam* action is appropriate. Instead, this is nothing more than a further example of the sprawling nature of the discovery Plaintiffs have sought from the beginning of this action and provides yet another example of why this Court must rein-in Plaintiffs' abuse of the discovery process.

11

**F.     Plaintiffs Should Not Be Allowed to Seek Second-Hand Discovery of Fact Witnesses**

Several of the topics listed in the Notice improperly seek second-hand discovery of fact witnesses. (*See, e.g.,* Pl's 30(b)(6) Notice [Doc. 298], Topics 22, 23, 26, 34, 35, at 5-6; Topics 29, 30, 33, at 15.)

It is hornbook law that the 30(b)(6) procedure must "be distinguished from the situation in which a party wants to take the deposition of a specific individual associated with the corporation or organization." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2103 (2d ed. 2008). In *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373 (E.D. Pa. 2006), the court denied the plaintiffs' motion to compel a 30(b)(6) witness to relay the knowledge of another corporate employee in lieu of directly deposing that corporate employee. "Plaintiffs have proposed the use of a Rule 30(b)(6) witness to discover facts within an [in-house] attorney's knowledge without asking counsel directly." *Id*. at 380. The court was "not persuaded" by this "inventive maneuver." *Id*. "Such a Rule 30(b)(6) request is the functional equivalent of deposing [the fact witness], and the Court will not allow plaintiffs to do indirectly by means of a Rule 30(b)(6) deposition what they cannot do directly." *Id*. at 385. Because the plaintiffs had more direct "sources of the same information," the court denied the plaintiffs' motion. *Id*. at 383. Such a request "is exceptional and need only be imposed if, unlike this case, the information sought is unavailable through other means." *Id*. at 390.

Thus, for example, in *Perkins v. State Farm Fire & Casualty Co*., 1:07-cv-116-LTS-RHW (S.D. Miss. June 12, 2008) (*Perkins* [Doc. 117]), this Court denied plaintiffs' request for a 30(b)(6) witness from State Farm to testify about, among other things, "the nature of the participation of each [person involved in making decisions on plaintiff's claim], dates of participation, compensation, nature of any contracts under which they made such decisions, nature of communication and professional interaction between such persons, [and] conclusions reached by each person . . . ." *Id*. at 7. In rejecting plaintiffs' request for such a 30(b)(6) witness, this Court found "that the individuals involved in handling Plaintiffs'

claims are the ones to whom these inquiries should be directed, rather than the corporate representative, and will grant the motion to quash as to these items." *Id*. A similar result is warranted here. Plaintiffs' backdoor attempt to elicit discovery of fact witnesses indirectly from a 30(b)(6) witness is improper and should be not be permitted.[7]

### G. Plaintiffs' Overly Broad, Duplicative, Burdensome and Oppressive Document Requests Should Be Quashed

The document requests contained in the Notice are overbroad, unduly burdensome and duplicative with other requests. (*See* Pl's Rule 30(b)(6) Notice [Doc. 298], Topics 1-6, at 20-21.) For example, Plaintiffs ask for "[a]ny and all documents relating to the above [one-hundred-and-forty-four (144)] areas of inquiry." (*See id*., Topic 1, at 20.) Further, all six of the document requests included in the Notice are repeated ***verbatim*** in a second, separate subpoena served on State Farm's registered agent for service of process five days after the original Notice of Rule 30(b)(6) Video Deposition and Subpoena *Decus Tecum* was served on State Farm's counsel. (*See* 10/28/2009 Subpoena [Doc. 304].) Aside from being overly broad, duplicative and unduly burdensome, such requests are also pointless, since State Farm has already produced documents relevant to the O'Keefe's claim. They are however clear evidence of the abuse of discovery engaged in by Plaintiffs in this case

In addition to these formal document requests included with the Notice and repeated in the second subpoena, Plaintiffs have also improperly buried several other requests for documents in their proposed topics for examination by requesting State Farm to "produce at deposition" all documents relating to a given topic. (*See*, *e.g*., Pl's 30(b)(6) Notice [Doc. 298], Topic 49, at 8; Topics 31-32, at 15.)

---

[7] To the extent that Plaintiff is attempting, by this backdoor line of questioning of a 30(b)(6) witness, and the use of a subpoena *duces tecum* to circumvent the Case Management Orders' [Docs. 57, 200, 250] limitation of no more than ten fact witness depositions, the supplemental 30(b)(6) notice is improper and should be quashed or a protective order entered for this additional reason.

These "hidden" requests for production are also overly broad, burdensome and duplicative. Thus, they should be quashed in their entirety.

Finally, all of the requests for production in the Notice and in second subpoena should be quashed because Plaintiffs have already exceeded the number of document requests permitted by the Case Management Orders. (*See* Aug. 24, 2009 Order [Doc. 200] & Sept. 25, 2009 Order [Doc. 250] (limiting Plaintiffs to 45 interrogatories and 45 requests for production).) Thus, each request in the Notice and the second subpoena represents an improper end run around this Court's case management orders – providing an independent basis for quashing these requests.

### III. CONCLUSION

For the foregoing reasons, and for good cause shown, this urgent and necessitous Motion should heard on an expedited basis, granted and a protective order issued and the subpoena *duces tecum* served on its agent for service of process be quashed in its entirety.. Counsel for State Farm has tried to informally resolve this matter with Plaintiffs' counsel, but those efforts have been unavailing. (*See* Exhibits B & C, hereto (Letter from Counsel for State Farm to Counsel for Plaintiffs & Reply thereto).) RESPECTFULLY SUBMITTED, this 4th day of November, 2009.

>WEBB, SANDERS & WILLIAMS, P.L.L.C.
>363 NORTH BROADWAY
>POST OFFICE BOX 496
>TUPELO, MISSISSIPPI 38802
>(662) 844-2137
>DAN W. WEBB, MSB # 7051
>B. WAYNE WILLIAMS # 9769
>ROECHELLE R. MORGAN, MSB # 100621
>J. DOUGLAS FOSTER # 100641
>
>BY: /s/ Dan W. Webb
>     Dan W. Webb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.                                     PLAINTIFFS

VS.                                    Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
And John and Jane Doe Defendants A-H                           DEFENDANTS

### STATE FARM FIRE AND CASUALTY COMPANY'S
### MOTION FOR A PROTECTIVE ORDER RULE 26(c)(1) CERTIFICATE

State Farm Fire and Casualty Company ("State Farm") files this certificate pursuant to Federal Rule of Civil Procedure 26(c)(1), that State Farm "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  The undersigned contacted Plaintiffs' counsel for a stipulation granting the relief in this motion but could not obtain such a stipulation.

**RESPECTFULLY SUBMITTED**, this 4th day of November, 2009.

BY: /s/ Dan W. Webb
Dan W. Webb

WEBB, SANDERS & WILLIAMS, P.L.L.C.
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802
(662) 844-2137
DAN W. WEBB, MSB # 7051
B. WAYNE WILLIAMS # 9769
ROECHELLE R. MORGAN, MSB # 100621
J. DOUGLAS FOSTER # 100641

## **CERTIFICATE OF SERVICE**

I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company, do hereby certify that on November 4, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following:

Attorney for Plaintiffs

**Christopher C. Van Cleave, Esq.**
**CORBAN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**P.O. Drawn 1916**
**Biloxi, Mississippi 39533-1916**

**THIS,** the 4th of November, 2009.

/s/ Dan W. Webb
Dan W. Webb