IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.                                    PLAINTIFFS

VS.                                            Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
And John and Jane Doe Defendants A-H                           DEFENDANTS

### STATE FARM FIRE AND CASUALTY COMPANY'S OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA *DUCES TECUM* [Doc. 304-2]

Comes now STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") and files these Objections To, And Motion To Quash, Subpoena *Duces Tecum* [Doc. 304-2] (hereinafter referred to as the "Motion"),[1] and for cause would show unto the Court as follows, to wit:

### I. INTRODUCTION

1. State Farm respectfully files these objections and motion to quash pursuant to Federal Rules of Civil Procedure 26, 30, and 45, regarding the Subpoena *Duces Tecum* [Doc. 304-2] (hereinafter referred to as the "Subpoena") served by Plaintiffs on State Farm's registered agent for service of process on October 28, 2009.

2. The Subpoena is nothing more than Plaintiffs' latest attempt to harass State Farm by making overly broad, duplicative and unduly burdensome discovery requests that have little or no relevance to Plaintiffs' *own* claims. Indeed, as discussed below, the scope of the examination requested by Plaintiffs is so overly broad and burdensome that it is obvious the Subpoena does not represent a genuine attempt to obtain information reasonably likely to be admissible at trial, and instead, is nothing

---

[1] No separate memorandum in support is filed with this motion as the Motion speaks for itself, and all relevant authorities are cited therein.

more than a calculated effort to harass State Farm through the discovery process. In fact, the Subpoena contains the same six requests for production of documents already served on State Farm through Plaintiffs' Notice of Rule 30(b)(6) Video Deposition and Subpoena *Duces Tecum* [Doc. 298]. Such duplicative and overly broad requests for documents cannot be justified by Plaintiffs' generic and conclusory allegations regarding a "top down" conspiracy. Nor is such a broad-ranging discovery consistent with the scope of discovery contemplated by Rule 26(b)[2] or this Court's prior orders in similar Hurricane Katrina cases.

3.     Moreover, the Subpoena's six document requests should be quashed for the independent reason that Plaintiffs' have already exceeded the total number of document requests permitted by this Court's case management orders [Docs. 200 & 250].

4.     Accordingly, this Court should quash the Subpoena in its entirety.

## II.   LAW AND ARGUMENT

5.     The Federal Rules of Civil Procedure require that all discovery be limited according to (1) whether "the burden or expense of the proposed discovery outweighs its likely benefit," (2) the "needs of the case," (3) "the amount in controversy," (4) "the parties' resources," (5) "the importance of the issues at stake" in the litigation, and (6) "the importance of the proposed discovery in resolving the issues." *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).[3]

6.     Rule 45 also requires that "[a] party or attorney responsible for issuing and serving a subpoena *must* take reasonable steps to *avoid imposing undue burden or expense* on a person subject to the subpoena." Fed. R. Civ. Proc. 45(c)(1) (emphasis added). Where, as here, the issuing party has

---

[2]   All references to a "Rule" or the "Rules" herein are to the Federal Rules of Civil Procedure unless otherwise expressly stated.

[3]   "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

failed in this duty to protect the subject of a subpoena from undue burden and expense, Rule 45 authorizes the Court to quash the Subpoena. *See* Fed. R. Civ. Proc. 45(c)(3) ("On timely motion, the issuing court must quash or modify a subpoena that: . . . subjects a person to undue burden.").

7. In other Hurricane Katrina cases, this Court has not hesitated to apply this balancing approach to limit the scope discovery:

> [T]he Court will not tolerate Plaintiffs' engaging in harassment or annoyance. In short, Plaintiffs will be controlled by the limitation that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket.

*Marion v. State Farm Fire & Cas. Co.*, No. 1:06cv 969-LTS-RHW, 2008 WL 723976, at *4 (S.D. Miss. Mar. 17, 2008) (Senter, J.) (affirming magistrate judge's orders denying motions to compel filed by plaintiffs and granting motions to quash depositions filed by defendants) [Doc. 228]. As Judge Senter explained in another Katrina case, plaintiffs "do[] not have *carte blanche* in the discovery process." *Gagne v. State Farm Fire & Cas. Co.*, No. 1:06-cv-00711-LTS-RHW, Order [Doc. 469], at 1-2 (S.D. Miss. Dec. 12, 2008). Rather, Rule 26(b) discovery "requires balancing and imposes on the court the obligation to rein in overly broad, potentially abusive discovery." *BG Real Estate Servs., Inc. v. Am. Equity Ins. Co.*, No. 04-3408, 2005 U.S. Dist. LEXIS 10330, at *8 (E.D. La. May 18, 2005).

8. To determine the relevance of discovery, courts must focus on the parties' "actual claims and defenses." Fed R. Civ. P. 26(b)(1), 2000 advisory committee note. Irrelevance is grounds for quashing or limiting discovery. *See Micro Motion, Inc. v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990). Courts have also held that a party cannot "unilaterally alter the scope of discovery merely by including extraneous allegations in the complaint." *Vives v. City of N.Y.*, 02 CIV 6646, 2003 U.S. Dist. LEXIS 1833, at *2 (S.D.N.Y. Feb. 10, 2003); *see also In re Harmonic, Inc. Sec. Litig.*, No. C 00-2287 PJH, 2006 U.S. Dist. LEXIS 90450, at *57 (N.D. Cal. Dec. 11, 2006) ("given the fact that these allegations are irrelevant to the [plaintiffs'] claims, the court finds that defendants would be

3

prejudiced if they were compelled to respond to these allegations, or to any discovery propounded by plaintiffs beyond those raised in the [relevant] claims").

9. Here, as set forth below, the Subpoena is completely duplicative of past document requests served by Plaintiffs on State Farm. It is also overly broad, unduly burdensome and procedurally improper in light of this Court's case management orders.

10. First, the document requests contained in the Subpoena are overbroad, vague and ambiguous, and unduly burdensome in their own right. (*See* Pl's Subpoena *Decus Tecum* [Doc. 304-2], Ex. A, Requests 1-6.) For example, Plaintiffs ask for "[a]ny and all documents relating to the above areas of inquiry." (*See id.*, Request 1.) Yet, there are no "the above areas of inquiry" listed in, or attached to, the Subpoena – making this request completely nonsensical. Further, even assuming, for reasons explained below, that "the above areas of inquiry" refers to the 144 separate topics of examination listed in Plaintiffs' Notice of Rule 30(b)(6) Video Deposition and Subpoena *Duces Tecum* [Doc. 298], such an assumption does not save this request, since requesting all documents relating in any way to 144 separate topics of inquiry – most of which are themselves overly broad and unduly burdensome – makes the request itself overly broad and unduly burdensome without curing its vagueness and ambiguity. It is not the job of State Farm or this Court to guess what sort of documents Plaintiffs are truly seeking.

11. Similarly, request number six demands production of State Farm's audited financial statements for 2005 through 2008. (*See* Pl's Subpoena *Decus Tecum* [Doc. 304-2], Ex. A, Request 6.) Courts of this District, however, have rejected similar requests in the context of Hurricane Katrina litigation, particularly where, as here, the documents requested are publicly available. *See*, *e.g.*, *Gagne v. State Farm Fire & Cas. Co.*, No. 1:06cv711, slip op. [Doc. 69], at 4 (S.D. Miss. July 20, 2007) (granting in part and denying in part State Farm's motion to quash 30(b)(6) deposition and motion for protective order; "Plaintiffs seek testimony and documents regarding the financial condition of State Farm from

2000 to the present. The motion for protective order is granted as to this topic. Plaintiff can obtain this information from the publicly available annual reports."). State Farm's audited financial statements are publicly available documents, so there is no reason why State Farm should be required to locate them for Plaintiffs. State Farm's financial condition is also totally irrelevant to any of the matters at issue here.

12. Second, all six of the document requests included in the Subpoena are repeated *verbatim* from Plaintiffs' Notice of Rule 30(b)(6) Video Deposition and Subpoena *Duces Tecum*. (*See* Pl's Notice of 30(b)(6) Deposition [Doc. 298], at 20-21.) Thus, the six document requests in the Subpoena are completely duplicative of requests already served on State Farm. The six requests for documents in the Subpoena also overlap with several informal document requests buried in proposed topics for examination listed in Plaintiffs' Notice of Rule 30(b)(6) Video Deposition and Subpoena *Duces Tecum*. (*See*, *e.g.*, Pl's 30(b)(6) Deposition [Doc. 298], Topic 49 at 8; Topics 31-32 at 15.) Further, the Subpoena overlaps with numerous Rule 34 document requests served on State Farm at the outset of discovery in this case. Accordingly, the Subpoena is duplicative with prior requests for production and requiring State Farm to respond will serve no useful purpose.

13. Third, all of the requests for production in the Subpoena should be quashed because Plaintiffs have already exceeded the number of document requests permitted by this Court's case management orders. (*See* Aug. 24, 2009 Order [Doc. 200] & Sept. 25, 2009 Order [Doc. 250] (limiting Plaintiffs to 45 interrogatories and 45 requests for production).) Indeed, excluding the requests for production contained in Plaintiffs' Notice of Rule 30(b)(6) Video Deposition and Subpoena *Duces Tecum* mentioned above, to date Plaintiffs have served State Farm with a total of 44 of requests for production of documents that contained 95 sub-parts. Thus, the Subpoena represents an improper end-run around this Court's case management orders, and on this basis alone, the Subpoena should be quashed.

14. Similarly, unlike a Rule 34 request for the production of documents, the Subpoena demands that State Farm produce documents less than 30 days after the Subpoena was served. (*See* Pl's Subpoena *Duces Tecum* [Doc. 304-2] (demanding production by 11/19/2009 at 9:00 a.m.).) Thus, by using a Rule 45 subpoena rather than a Rule 34 request for documents, Plaintiffs are not only seeking to skirt this court's case management orders limiting the number of document requests Plaintiffs can serve, but also to deny State Farm adequate time to produce the requested documents. Use of a Rule 45 subpoena in this manner is not permissible. Indeed, courts have held that Rule 45 subpoenas are not properly directed *to parties* in litigation, particularly where, as here, the Subpoena is used as part of an effort to circumvent limitations on party discovery ordered by the Court. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 & n.1 (3rd ed. 1998) ("Discovery of documents from a party is not accomplished pursuant to Rule 45"); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("While the language of Rule 45, since amended, may still not be crystal clear, it is apparent to this Court that *discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45*.") (emphasis added); *Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 WL 695230, 2 & n. 3 (M.D. La. 2008) ("[T]he Court agrees with [defendant] that Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties *and are 'clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34*.'") (listing cases; emphasis added; citation omitted). That Plaintiffs resorted to service of the Subpoena directly on State Farm's registered agent for service of process in Mississippi, rather than on counsel of record for State Farm, only provides further evidence of Plaintiffs' wasteful and abusive discovery practices. Accordingly, whether Plaintiffs resorted to service of this Rule 45 subpoena in an effort to circumvent this Court's case management orders or in an effort to deny State Farm adequate time to respond, or both, the Subpoena is procedurally improper and should be quashed for this reason alone.

### III. CONCLUSION

15. For the foregoing reasons, and for good cause shown, the Subpoena should be quashed in its entirely pursuant to Rule 45(c)(A). Counsel for State Farm has tried to informally resolve this matter with Plaintiffs' counsel, but those efforts have thus far been unavailing. (*See* Exhibit A, hereto (Letter from Counsel for State Farm to Counsel for Plaintiffs).)

RESPECTFULLY SUBMITTED, this 4th day of November, 2009.

**WEBB, SANDERS & WILLIAMS, P.L.L.C.**
**363 NORTH BROADWAY**
**POST OFFICE BOX 496**
**TUPELO, MISSISSIPPI 38802**
**(662) 844-2137**
**DAN W. WEBB, MSB # 7051**
**B. WAYNE WILLIAMS # 9769**
**ROECHELLE R. MORGAN, MSB # 100621**
**J. DOUGLAS FOSTER # 100641**

BY: /s/ Dan W. Webb
    Dan W. Webb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.                               PLAINTIFFS

VS.                                                      Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
And John and Jane Doe Defendants A-H                     DEFENDANTS

### STATE FARM FIRE AND CASUALTY COMPANY'S
### MOTION FOR A PROTECTIVE ORDER RULE 26(c)(1) CERTIFICATE

State Farm Fire and Casualty Company ("State Farm") files this certificate pursuant to Federal Rule of Civil Procedure 26(c)(1), that State Farm "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The undersigned contacted Plaintiffs' counsel for a stipulation granting the relief in this motion but could not obtain such a stipulation.

**RESPECTFULLY SUBMITTED**, this 4th day of November, 2009.

BY: /s/ Dan W. Webb
    Dan W. Webb

WEBB, SANDERS & WILLIAMS, P.L.L.C.
363 NORTH BROADWAY
POST OFFICE BOX 496
TUPELO, MISSISSIPPI 38802
(662) 844-2137
DAN W. WEBB, MSB # 7051
B. WAYNE WILLIAMS # 9769
ROECHELLE R. MORGAN, MSB # 100621
J. DOUGLAS FOSTER # 100641

{578747.DOC}

## **CERTIFICATE OF SERVICE**

     I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company, do hereby certify that on November 4, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following:

 Attorney for Plaintiffs

**Christopher C. Van Cleave, Esq.**
**CORBIN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**P.O. Drawn 1916**
**Biloxi, Mississippi 39533-1916**

**THIS,** the 4th of November, 2009.

                                                        /s/ Dan W. Webb
                                                        Dan W. Webb