IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.                                                 PLAINTIFFS

VS.                                                        Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
And John and Jane Doe Defendants A-H                                        DEFENDANTS

## MARSHALL J. ELEUTERIUS'S MOTION FOR SUMMARY JUDGMENT

1.  Marshall J. Eleuterius respectfully submits this motion for summary judgment pursuant to Fed. R. Civ. P. 56.[1]  Mr. Eleuterius is entitled to judgment as a matter of law for the following reasons, as set forth more fully in the accompanying Memorandum of Law, incorporated herein by reference.

2.  Plaintiffs' claims against Mr. Eleuterius are barred by the statute of limitations. Plaintiffs' negligence-based claims include failure to procure, negligence, and malpractice, and Plaintiffs' misrepresentation-based claims include misrepresentation, fraud, fraudulent misrepresentation, and fraudulent inducement.  For such claims, Mississippi imposes a three-year statute of limitations.  Miss. Code Ann. § 15-1-49(1).  Yet, from the time those claims accrued, more than *four* years has lapsed, at the least.  Accordingly, Plaintiffs failed to file suit within the prescribed period, which bars their claims as a matter of law.

---

[1] Eleuterius previously moved for summary judgment on all the claims against him, and that motion was fully briefed. [115], [116], [140], [157], [158], [163], [188], [213]. On September 3, 2009, the Court granted Plaintiffs' motion for leave to file a Third Amended Complaint, [214], and by Text Order on the same day, the Court denied Eleuterius' motion for summary judgment without prejudice and granted him leave to reassert his motion.  Eleuterius hereby reasserts and supplements his motion for summary judgment, [115], [116], and submits the within motion and memorandum of law.

{578602.DOC}

3.    Plaintiffs' negligence-based claims are also substantively defective. For the homeowners and business policies, Plaintiffs cannot demonstrate that Eleuterius failed to procure requested insurance. For the flood policy, Plaintiffs have judicially admitted that Eleuterius was prohibited from procuring the requested insurance, and Mississippi law does not hold an insurance agent liable for not procuring insurance that he was prohibiting from procuring.

4.    Plaintiffs' misrepresentation-based claims are also substantively unsound. For all such claims, Plaintiffs must demonstrate that they reasonably and detrimentally relied on an alleged misrepresentation, among other elements. The record shows that Plaintiffs cannot meet that burden. Moreover, there is a complete absence of evidence on many of the essential elements of proof for Plaintiffs' misrepresentation-based claims.

5.    Eleuterius attaches the following exhibits to this Motion and incorporates them by reference:

Exhibit A:  Excerpts from *Fowler v. State Farm Fire & Cas. Co.*, No. 1:06CV489-HSO-RHW, Hr'g Tr. (S.D. Miss. May 30, 2008) (Ozerden, J.);

Exhibit B:  The O'Keefes' homeowners policy;

Exhibit C:  Excerpts from the underwriting file for the O'Keefes' homeowners policy;

Exhibit D:  The O'Keefes' business policy;

Exhibit E:  Excerpts from the underwriting file for the O'Keefes' business policy;

Exhibit F:  The O'Keefes' flood policy;

Exhibit G:  Excerpts from the underwriting file for the O'Keefes' flood policy;

Exhibit H:  Plaintiffs' Answers to Requests for Admission;

Exhibit I:  Mar. 20, 2006 letter from C. O'Keefe's to State Farm;

Exhibit J:  Excerpts from Policy and Claim File for The Dancel Group, Inc's Business Policy from United States Fidelity and Guarantee Company;

Exhibit K:  The O'Keefes' application for business insurance;

Exhibit L:  Excerpts from State Farm's activity log for the O'Keefes' flood claim;

Exhibit M:  Plaintiffs' answers to interrogatories;

Exhibit N:  The O'Keefes' 2001 homeowners policy;

Exhibit O:  The O'Keefes' 1999 business policy;

Exhibit P:  Apr. 9, 2009 affidavit by C. O'Keefe;

Exhibit Q:  July 2, 2009 affidavit by C. O'Keefe;

Exhibit R:  *Lafleur v. State Farm Fire & Cas. Co.*, Co. A2301-2007-0082, slip op. (Miss. Cir. Ct. Jun 15, 2009);

Exhibit S:  Excerpts from deposition of The Dancel Group, Inc. corporate representative;

Exhibit T:  Excerpts from deposition of C. O'Keefe.

WHEREFORE, the Court should enter summary judgment for Eleuterius and dismiss all of Plaintiffs' claims against him in their entirety and with prejudice.

**RESPECTFULLY SUBMITTED**, this 5th day of November, 2009.

**WEBB, SANDERS & WILLIAMS, P.L.L.C.**
**363 NORTH BROADWAY**
**POST OFFICE BOX 496**
**TUPELO, MISSISSIPPI 38802**
**(662) 844-2137**
**DAN W. WEBB, MSB 7051**
**J. DOUGLAS FOSTER, MSB #100641**

BY:   /s/ Dan W. Webb
        DAN W. WEBB

## **CERTIFICATE OF SERVICE**

This will certify that the undersigned attorney for Defendant, Marshall J. Eleuterius, does hereby certify the foregoing has been electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to the following ECF participant:

**Christopher C. Van Cleave, Esq.**
**CORBAN, GUNN & VAN CLEAVE, PLLC**
**146 Porter Avenue (39530)**
**Post Office Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS,** the 5th day of November, 2009.

                                           **BY:** **/s/ Dan W. Webb**
                                                    **DAN W. WEBB**