IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

CHARLES P. LAFLEUR and
ELIZABETH K. LAFLEUR                                              PLAINTIFFS

VERSUS                                        CAUSE NO. A2301-2007-0082

STATE FARM FIRE AND CASUALTY COMPANY;
MIKE MEYERS, Individually and as Agent of
STATE FARM INSURANCE CO.; and JOHN DOES 1-10       DEFENDANTS

ORDER GRANTING SUMMARY JUDGMENT
WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS CAUSE came on to be heard on the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by Mike Meyers (hereinafter Meyers). This cause was filed by Plaintiffs seeking recovery for alleged damages arising out of destruction of or damage to their home as a result of Hurricane Katrina. Plaintiffs seek to recover from their insurer as well as Meyers, who was the insurance agent from whom Plaintiffs obtained their policies. The policies were issued by State Farm Fire and Casualty Company (hereinafter State Farm).[1] Plaintiffs originally obtained their policies on the dwelling at a time when it was not their primary residence. They obtained both a homeowners policy (in 1993) and a separate flood insurance policy (in 1995). In 2004, the dwelling became the primary residence of Plaintiffs. At that time, Plaintiffs made certain renovations to the home and moved their belongings there. At some point in May of 2005 and prior to May 25, 2005, Plaintiff Elizabeth Lafleur (hereinafter Lafleur) met with one of Meyers' employees to discuss various insurance coverages. The homeowners coverage was increased, but the flood insurance coverage was not increased. That change was effective as of June 4, 2005. On August 29, 2005, Hurricane Katrina devastated the Gulf Coast. Plaintiffs' dwelling was damaged by the storm and they made claims against their insurance for the damages

---

[1] The flood insurance policy was through the National Flood Insurance Program.

EXHIBIT R
MAILED TO ATTORNEY
FILED
JUN 1 5 2009
KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

Case 1:08-cv-00600-HSO-LRA    Document 314-22    Filed 11/05/2009    Page 2 of 11

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

Plaintiffs claim a total loss of their dwelling. The policy limits of the flood insurance were paid, amounting to $103,700.00 for the structure and $44,200.00 for contents. Plaintiffs maintain that their damage exceeds this amount; that their damage was caused by wind; and that their damage should be covered by their homeowners policy. Defendants have denied these claims and maintain that wind did not cause the damage and that the cause of the damage is not covered by the homeowners policy. Plaintiffs seek to recover on theories of negligence and gross negligence of State Farm; negligence, gross negligence and failure to procure of Meyers; breach of fiduciary duty; breach of contract; bad faith refusal to pay; intentional and/or negligent infliction of emotional distress; fraudulent misrepresentation and/or omission; negligent misrepresentation and/or omission; estoppel and detrimental reliance; negligent, grossly negligent and wanton failure to monitor and train agents; declaratory relief compelling payment under the policy; application of the valued property statute; a declaration of insurance coverage; indemnity; equitable fraud; specific performance; and punitive damages.

While the Complaint is not always clear regarding which claims are specifically directed at Meyers, it is clear that the Plaintiffs maintain that the total coverages provided should have, but did not fully reimburse them for their damage. Their position is that they should have been fully covered for any and all damage caused by a hurricane. They base this on Lafleur's conversation with Meyers' employee in May 2005. Lafleur recalls, according to her Affidavit, that this employee told her that the Plaintiffs were "covered for everything in a hurricane.". That same Affidavit states that the flood insurance was not discussed during this meeting. That coverage has apparently not been discussed by Plaintiffs with Meyers or his employees since it was originally obtained in 1995. Lafleur's Affidavit states that Plaintiffs

believed that they were "covered for any peril that damaged or destroyed our home...."

Lafleur's deposition was taken in this cause on October 8, 2008. She testified that she did not ask the agent to increase the flood insurance coverage in 2005. She states that she asked the agent if there was adequate coverage and the agent showed her the coverages that Plaintiffs had and advised that Plaintiffs were covered in the event of a hurricane. She agrees that at the May 2005 meeting she was primarily concerned with increasing the homeowners coverage. Lafleur admits that she knew the limits on both policies and that Plaintiffs are in the best position to determine the value of their home and its contents. She testified that their claims against Meyers are that "we believe he should have advised us to increase our flood coverage."

Plaintiffs responses to the Requests for Admissions propounded to them reflect that they admit that they did not request any increase in their flood insurance coverage prior to August 29, 2005. They maintain in those responses that they bought the amount of flood insurance recommended by Meyers and that neither Meyers nor his staff ever suggested any increase in that amount of coverage. Their answer to Interrogatory No. 4 states that Meyers failed to procure adequate insurance coverage as they believed that they were covered for everything, but their losses exceeded the compensation received by them.

A motion pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure looks to the pleadings to determine whether, accepting as true the allegations and all inferences favorable to a plaintiff, there is any set of facts upon which plaintiff could reasonably recover. If so, the motion must be denied. *See, e.g. Missala Marine Services, Inc. v. Odom*, 861 So.2d 290 (Miss. 2003); *Brewer v. Burdette*, 768 So.2d 920 (Miss. 2000); *et al.* If the allegations of Plaintiffs' Complaint in this case are accepted as true and Plaintiffs are given

3

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

the benefit of all reasonable inferences, they have stated a claim upon which recovery could reasonably be had against Meyers. The Rule 12(b)(6) Motion must, therefore, be denied.

However, Rule 12(b)(6) also provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ...." The parties have presented matters outside the pleadings. In fact, the parties have had some time now since the filing of the Motion and since the Motion was heard to continue discovery and to supplement this and other motions. Additionally, the Motion itself seeks summary judgment in the alternative. Rule 56(c) of the Mississippi Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In *Young v. Wendy's International, Inc.*, 840 So.2d 782 (Miss. Ct. App. 2003), the Court reiterated the familiar rule that the burden of showing that there is no genuine issue of material fact is on the movant. *Id.* at 783, ¶5, *citing Tucker v. Hinds*, 558 So.2d 869, 872 (Miss. 1990). The opinion further reminds litigants that the non-moving party "must bring forward 'significant probative evidence demonstrating the existence of a triable issue of fact.'" *Id.* at 784, ¶5, *quoting Newell v. Hinton*, 556 So.2d 1037, 1042 (Miss. 1990). The Court held:

> Furthermore, the plaintiff must show that the party charged is the party actually responsible for the wrong, with reasonable certainty or definiteness. *Berry v. Brunt*, 252 Miss. 194, 172 So.2d 398, 401 (Miss. 1965). Also noted by the *Berry* court was that "it is not enough that this shall be left to conjecture or to inferences so loose that it cannot be dependently told where conjecture ceases and cogent inferences begins." *Id.* (citing *McCain v. Wade*, 181 Miss. 664, 180 So.2d 748 (1938)).

*Id.* at 784, ¶6.

Case 1:08-cv-00600-HSO-LRA   Document 314-22   Filed 11/05/2009   Page 5 of 11

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

There has been nothing presented to the Court which in any way raises any genuine issue of material fact with regard to any of the claims made by Plaintiffs against Meyers other than the alleged misrepresentation by Meyers or his staff concerning coverage for hurricane damage and the alleged failure to procure sufficient flood insurance coverage. There has, in fact, been nothing presented by Plaintiffs showing that they may even have any other claims against Meyers. Summary judgment is clearly in order as to all claims other than the two (2) stated.

As to the negligent procurement of or failure to procure insurance claim, an agent can be found liable for negligent procurement in certain circumstances. *See, e.g. Lovett v. Bradford*, 676 So.2d 893, 896 (Miss. 1996); *Taylor Machine Works, Inc. v. Great American Surplus Lines Ins. Co.*, 635 So.2d 1357, 1362 (Miss. 1994); *et al.* The parties do not dispute that Meyers did indeed obtain the type and dollar amounts of insurance requested by Plaintiffs with regard to the insurance policies. The record reveals nothing that Meyers did or failed to do which defeated any coverage provided by either the homeowners or the flood policies. Plaintiffs do not maintain that Meyers failed to obtain the stated amounts of coverage. They argue that they should have been advised to obtain a larger amount of flood coverage. The record is clear that Plaintiffs never requested any increase in the amount of coverage under their flood policy. Nor did they ever discuss the flood insurance policy amounts with Meyers or his employees after 1995. Plaintiffs provide nothing indicating what amount of flood coverage they maintain should have been obtained by Meyers. Nor do they provide anything showing the total amount of flood damage caused to the home or the amount of flood damage which they allege should have been covered but which was not covered due to any alleged insufficiency in the amount of coverage which existed. In fact, it

5

Case 1:08-cv-00600-HSO-LRA    Document 314-22    Filed 11/05/2009    Page 6 of 11

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

appears from the pleadings and testimony that Plaintiffs really maintain that the damage to their home was not caused by flood, but was caused by wind and tornadic activity before the waters arrived at their home. All that Plaintiffs can say is that Meyers' employee told them that they had "adequate coverage" and that they had coverage in the event a hurricane occurred. The record is clear that Plaintiffs did indeed have insurance coverage in the event of a hurricane. There is nothing to indicate that Plaintiffs were ever told that they would be covered for one hundred percent (100%) of all losses regardless of cause or amount.

In *Owens v. Mississippi Farm Bureau Casualty Insurance Company*, 910 So.2d 1065 (Miss. 2005), the Mississippi Supreme Court found that an agent's duty to explain the availability of certain amounts of uninsured motorist coverage was limited to the statutorily mandated requirements and that an agent has no duty to advise concerning any optional or greater coverage. *Id.* at 1074-75, ¶¶33-35. *See also Alley v. Northern Insurance Company*, 926 So.2d 906, 909, ¶¶6-7 (Miss. 2006) ("insurance agents should not be required to inform insureds of optional coverage."). The United States District Courts in Mississippi have addressed an agent's duty concerning amounts of coverage. In *Thomas v. State Farm Mutual Automobile Insurance Co.*, 796 F.Supp. 231 (S.D. Miss. 1992), the plaintiffs alleged that State Farm's agent had a duty to recommend policy limits to its applicants. The District Court found that there is no such cause of action in Mississippi. *Id.* at 237. In *Wood v. Allstate Insurance Co.*, No. 3:97CV017-B-A, 1997 U.S. Dist. LEXIS 14862 (N.D. Miss. 1997), the plaintiff also claimed that the agent did not properly advise her with regard to the amount of insurance that she should have. The Court held that the agent "owed no duty to recommend adequate policy limits under Mississippi law." *Id.*

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

The general rules concerning construction of insurance contracts and the insured's knowledge of its contents must next be addressed. As stated in *Oaks v. Sellers*, 953 So.2d 1077 (Miss. 2007):

> In *Stephens v. Equitable Life Assur. Soc'y of the United States*, 850 So.2d 78, 82 (Miss. 2003), this Court addressed the issue of knowledge of the content of insurance policies by holding:
>
>> Furthermore, this Court has held that whether an insured reads the entire insurance policy, the "knowledge of its contents would be imputed to them as a matter of law." *Cherry v. Anthony*, 501 So.2d 416, 419 (Miss. 1987) (citing *Atlas Roofing Mfg. Co. v. Robinson & Julienne, Inc.*, 279 So.2d 625, 629 (Miss. 1973)). This Court has held that:
>>
>>> [A] written contract cannot be varied by prior oral agreements. Moreover, as an evidentiary matter, parol evidence to vary the terms of a written contract is inadmissible. Finally, a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract. *Godfrey, Bassett & Kuykendall Architects, Ltd. V. Huntington Lumber & Supply Co.*, 584 So.2d 1254, 1257 (Miss. 1991) (citations omitted).
>
> Likewise, in *Andrus v. Ellis*, 887 So.2d 175, 180 (Miss. 2004), this Court held:
>
>> In Mississippi, a person is charged with knowing the contents of any document that he executes." *Russell v. Performance Toyota, Inc.*, 826 So.2d 719, 725 (Miss. 2002) (citing *J.R. Watkins Co. v. Runnels*, 252 Miss. 87, 172 So.2d 567, 571 (1965)....

*Id.* at 1082, ¶17. Plaintiffs had the homeowners coverage for approximately twelve (12) years and the flood insurance coverage for approximately ten (10) years at the time of Hurricane Katrina. There is no testimony that the types of coverages changed or the provisions of the policies changed, only that the amounts of coverage and the amount of the hurricane deductible changed. Plaintiffs had substantial time to review the provisions of the policies and be aware of them prior to the storm. They made their own decisions with regard

Case 1:08-cv-00600-HSO-LRA   Document 314-22   Filed 11/05/2009   Page 8 of 11

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

to the amounts of coverage they desired. This included the decision not to discuss any change in the amount of the flood policy in the May 2005 meeting with Meyers' employee.

This Court has found no Mississippi cases which directly address any duty of an agent to procure "adequate" coverage (other than in the automobile insurance/uninsured motorist area) or coverage to pay such that the loss would not exceed the amounts to be paid (as claimed in Plaintiffs' discovery answers). Nor were any such Mississippi cases provided by the parties. The Supreme Court of New York did speak to a request for "full coverage." In *Stone v. Rullo Agency, Inc.*, 834 N.Y.S.2d 588 (N.Y. 2007), Stone sued the insurance agent for failure to obtain full coverage for certain artwork. The policy did not provide replacement value coverage for the artwork which Stone had not listed on his application for insurance. The Court held that, even though the agent may have known of the existence of the artwork, Stone is presumed to know the provisions of his policy once he received it. This knowledge, according to the New York Court, required dismissal of the claims. *Id.* at 1186-87. The New Hampshire Supreme Court also considered an agent's duty when asked to obtain "full coverage." The case of *Dewyngaerdt v. Bean Insurance Agency, Inc.*, 151 N.H. 406, 855 A.2d 1267 (2004) involved an agent who was requested to obtain a policy that provided "full coverage." The agent recommended a certain policy, which was obtained. That policy excluded coverage for "wrongful cutting" (of trees). When Dewyngaerdt was sued for wrongful cutting, the coverage was denied. The New Hampshire Court reviewed the duties of an insurance agent in obtaining coverage.

> [A]n insurance agent does not have an affirmative duty to inform or to advise an insured regarding the availability or sufficiency of insurance coverage unless a special relationship exists between the agent and the policyholder. ***
>
> [A]n insurance agent owes clients a duty of reasonable care and diligence, but absent a special relationship, that duty does not include an affirmative, continuing obligation

Case 1:08-cv-00600-HSO-LRA    Document 314-22    Filed 11/05/2009    Page 9 of 11

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

> to inform or to advise an insured regarding the availability or sufficiency of insurance coverage. ***
>
> We have held that where a specific request is made for a particular type of insurance coverage, an insurance agent owes a duty to the insured to procure such coverage. *** [Plaintiff's] request for "full coverage," however, was too broad and too vague to constitute a *specific request* for the particular coverage of "wrongful cutting."
>
> "A request for 'full coverage,' 'the best policy,' or similar expressions does not place an insurance agent under a duty to determine the insured's full insurance needs, to advise the insured about coverage, or to use his discretion and expertise to determine what coverage the insured should purchase." *Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 377 S.E.2d 343, 347 (S.C.Ct.App. 1988); *cf. Boston Camp. Distrib. Co. v. Lumbermens Mut. Cas. Co.*, 361 Mass. 769, 282 N.E.2d 374, 376 (Mass. 1972) (insured's request for "insurance coverage from A to Z, second to none," did not make insurance agent liable when policy excluded a particular type of coverage); *Banes v. Martin*, 965 S.W.2d 383, 385 (Mo. Ct. App. 1998) (insurance agent had no duty to advise insured of a particular type of coverage, despite insured's request for "full coverage"). Imposing a duty to inform or to advise an insured regarding the sufficiency of insurance coverage based upon the general request for "full coverage" would violate the policy concerns we expressed in *Sintros*. See *Sintros*, 148 N.H. 478 at 481. Any potential insured would be able to make one broad request for "full coverage" and convert agents into risk managers with guarantor status; creating a duty to advise simply based upon the general request for "full coverage" could afford insureds the opportunity to insure after the loss by merely asserting that they would have purchased the additional coverage had it been offered. *See id.* Additionally, holding an insurance agent negligent for failing to advise an insured about every possible detail and exclusion in a policy whenever the general request for "full coverage" is made would remove any burden from the insured to read and to determine the adequacy of his or her own insurance coverage. *See id.* at 484.

*Id.* 151 N.H. at 407-09, 855 A.2d at 1269-70.

When considered with the decisions in *Oaks, supra,* and *Owens, supra,* the reasoning and opinion of the New Hampshire court are persuasive. A request for adequate coverage is too broad to create a duty to obtain specific amounts of coverage. Such a request by an insured is too general to give the agent notice of any special need beyond the desires of any insured for appropriate coverage. Placing such a duty on an agent would require an agent to be prescient with regard to how much loss any insured might sustain in every potential

Case 1:08-cv-00600-HSO-LRA    Document 314-22    Filed 11/05/2009    Page 10 of 11

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

situation. Any such duty appears to be directly contrary to *Owens, supra,* which found no duty of an agent to explain greater available coverage above that statutorily mandated. As stated in *Dewyngaerdt, supra,* such a general request for the right amount of coverage would allow an insured to obtain coverage, pay the premium for that specific coverage, and then, if the limits are insufficient to pay the full loss, to claim that the agent should have obtained more coverage for the insured.

The fact remains that the only misrepresentation testified to by Lafleur or contained in her Affidavit is that Meyers' employee told her that Plaintiffs were covered for hurricanes. Her Affidavit says that the agent told her: "Your homeowners covers wind, and your flood covers the water." The homeowners policy does cover wind and the flood policy does cover water. There is coverage for hurricanes provided. The fact that the insurer and the Plaintiffs do not agree on what damage was caused by wind and what by water and do not agree on the interpretation of the provisions of the policies does not mean that Meyers or his employee misrepresented anything to Plaintiffs. The statements alleged by Lafleur as being attributable to Meyers (through his employee) do not constitute misrepresentations. There is nothing in the statements which is in error. There is not even an allegation that Meyers or his employee ever told Lafleur that there would be one hundred percent (100%) coverage for any and all losses caused by hurricane or anything related to a hurricane. Whether State Farm has correctly interpreted its policy or correctly determined the cause of damage sustained by Plaintiffs is not at issue on this Motion. Nor is such interpretation or determination the responsibility of Meyers.

Plaintiffs have shown no duty in this record with regard to the procurement of a particular amount of coverage sufficient to completely cover all losses such that there is no

Charles P. Lafleur, et al. v. State Farm Fire and Casualty Co., et al.
Cause No. A2301-2007-0082

out-of-pocket expense. They have shown no misrepresentation made by Meyers or his staff. Nor have they established any failure to procure the type or the amount of insurance requested by them. There is no genuine issue of material fact such as would preclude summary judgment in this case as to the claims against Meyers. It is, therefore,

ORDERED that the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by Mike Meyers be and it is hereby granted, and finding no just reason for delay, pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, this cause is dismissed as to Mike Meyers.

ORDERED this the 11th day of June, 2009.

_____
CIRCUIT COURT JUDGE

11