IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
and THE DANCEL GROUP, INC.                                    PLAINTIFFS

VS.                                      Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY and MARSHALL J. ELEUTERIUS                            DEFENDANTS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE FARM'S
[291] MOTION TO STRIKE AND DISMISS ALLEGATIONS REGARDING
<u>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY</u>**

COME NOW THE PLAINTIFFS, Daniel B. O'Keefe, Celeste A. Foster O'Keefe, and The Dancel Group, Inc., by and through undersigned counsel of record, and file their *Response in Opposition to State Farm's [291] Motion to Strike . . .*, as follows:

1. There is no merit to State Farm's [291] Motion. The Plaintiffs' filed their [245] Amended Complaint in compliance with this Court's [214] Order, which directed, in pertinent part:

> IT IS, THEREFORE, ORDERED AND ADJUDGED, that Plaintiffs' Motion to Amend [85] their Complaint should be, and is, hereby GRANTED IN PART**, *to the extent Plaintiffs seek to amend their claims against the current Defendants*.

(emphasis added). In filing their [245] Amended Complaint, Plaintiffs completely REMOVED State Farm Mutual as a party Defendant. In order to ensure that the only claims for relief included in the [245] Amended Complaint were the claims ***against the existing defendants*** <u>that were contained within Plaintiffs' proposed [85-2] Amended Complaint filed in connection with their [85] Motion to Amend</u>, the following claims, paragraphs and/or words were removed and/or changed from the proposed [85-2] Amended Complaint before it was filed as the [245] Amended Complaint:

    a.    Paragraph 4, naming State Farm Mutual as a Defendant was removed;

    b.    The reference to claims against "State Farm Mutual" being incorporated into claims against the "John Doe Defendants" was removed from paragraph 6;

    c.    Changed the heading "**ADDITIONAL CLAIMS AGAINST STATE FARM FIRE and STATE FARM MUTUAL**" to "**ADDITIONAL CLAIMS AGAINST STATE FARM FIRE**";

    d.    <u>Completely removed</u> the claims titled "**ADDITIONAL CAUSES OF ACTION AGAINST STATE FARM MUTUAL**", and related paragraphs 98-100;

    e.    Plaintiffs' changed allegations against "Defendants" in paragraphs 105 and 106 of the proposed amended complaint [85-2] to allegations against "State Farm Fire and State Farm Mutual [as co-principal]" in paragraphs 102 and 103 of the [245] Amended Complaint to signify that, while Plaintiffs are contending existing Defendant State Farm Fire acted in concert with State Farm Mutual, <u>no claims are being made against State Farm Mutual</u>;

    f.    Plaintiffs changed the reference to "Said actions by the <u>State Farm Defendants</u> constitute" in paragraph 110 of the proposed amended complaint [85-2] to "Said actions by <u>State Farm Fire</u> constitute" in paragraph 106 of the filed [245] Amended Complaint to confirm no claims being made against State Farm Mutual; and

    g.    Plaintiffs <u>completely removed</u> paragraph 111 of the proposed amended complaint [85-2], which began "State Farm Mutual aided and abetted State Farm Fire's fraud by . . .", and ended "State Farm Mutual's conduct, separately considered, constitutes a breach of duty to Plaintiff".

(compare the proposed amended complaint [85-2] attached to Plaintiffs' Motion for Leave to Amend with Plaintiffs' [245] Amended Complaint).

2. The end result was that the filed [245] Amended Complaint <u>contains all the claims against the **existing defendants** that were set forth in the proposed amended complaint [85-2]</u>, but excludes the independent claims against State Farm Mutual set forth in the proposed amended complaint [85-2].  Quite simply, **<u>Plaintiffs are not making any claim *against* State Farm Mutual, and State Farm Mutual is not a named Defendant in Plaintiffs' [245] Amended Complaint</u>**.  Counsel for Plaintiffs pointed this fact out to Counsel for State Farm in the process of rejecting State Farm's demands that Plaintiffs withdraw <u>multiple allegations against the **existing defendants**</u> in their [245] Amended Complaint.  Counsel for Plaintiffs specifically advised Counsel for State Farm that filing a Motion such as that presently before the Court would be viewed as <u>frivolous</u> conduct in light of this fact. (See "Exhibit B" [291-3] to State Farm's [291] Motion, and related "Exhibit A" [291-2]).

3. As Counsel for Plaintiffs pointed out in the referenced correspondence, State Farm *chose not to challenge* the Plaintiffs' proposed claims against the *existing Defendants* in its response to Plaintiffs' Motion to Amend, and then <u>elected not to seek a timely review</u> of the Court's [214] Order allowing Plaintiffs to <u>file the amended claims set forth in their proposed amended complaint against the existing Defendants</u>.  (See "Exhibit B" [291-3] to State Farm's [291] Motion).  Clearly, by asking this Court to strike "all of the claims" set forth in Paragraphs 9-14, 21-56, 59-60, 66, 73-95, and 97-109, what State Farm Fire is *really* trying to do is seek an "end-run" around its failure to timely challenge Plaintiffs' efforts to file amended claims against the existing defendant, ***State Farm Fire***.  Contrary to State Farm's Fire's conclusory allegation, none of the claims against State Farm Fire are <u>dependant</u> upon State Farm Mutual. Rather, under Mississippi law, State Farm Fire is obviously potentially individually liable to the Plaintiffs for

3

all of the claims asserted against it – all of which were asserted in accordance with the [214] Order of this Court.

4.  State Farm Fire's "12(b)(6) Motion" is nothing more than an improper attempt to have this Court revisit issues it already ruled on in GRANTING IN PART Plaintiffs' Motion to Amend – *"to the extent Plaintiffs seek to amend their claims against the current Defendants"*. (214, emphasis added).  State Farm Fire failed to object to the amended claims *against State Farm Fire* in its response to Plaintiffs' [85] Motion to Amend, and failed to seek a timely review and/or reconsideration of this Court's [214] Order Granting in Part in Plaintiffs' Motion to Amend.  This Court has already ruled that the amended claims *against the existing Defendants State Farm Fire and Eleuterius* in Plaintiffs' [245] Amended Complaint state claims for which relief may be granted, and State Farm Fire has not offered any justifiable reason for the Court to revisit that ruling at this juncture.

5.  Plaintiffs ask that they be excused from the necessity of filing a separate Memorandum of Authorities, in light of the concise nature of this Motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court enter an Order DENYING State Farm Fire's [291] Motion, and granting any and all additional relief in favor of the Plaintiffs deemed appropriate by this Honorable Court.

Respectfully submitted, this the 6th day of November, 2009.

                                **DANIEL B. O'KEEFE, CELESTE A. FOSTER O'KEEFE, AND THE DANCEL GROUP, INC., PLAINTIFFS**

                                By: */s/ Christopher C. Van Cleave*
                                  CHRISTOPHER C. VAN CLEAVE (MSB #10796)

CLYDE H. GUNN, III (MSB #5074)
CHRISTOPHER C. VAN CLEAVE (MSB #10796)

W. CORBAN GUNN (MSB #101752)
DAVID N. HARRIS, JR. (MSB #100790)
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
P.O. Drawer 1916
Biloxi, MS 39533-1916
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
Email: christopher@cgvclaw.com

**CERTIFICATE OF SERVICE**

I, undersigned counsel of record, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the EFC system which sent notification of such filing to the following:

B. Wayne Williams, Esq.
Dan W. Webb, Esq.
Roechelle R. Morgan
Paige C. Bush, Esq.
Webb, Sanders, & Williams, PLLC
363 North Broadway
Post Office Box 496
Tupelo, Mississippi 38802
(662) 844-2137 (off)
wwilliams@webbsanders.com
RRM@webbsanders.com

**Attorneys for State Farm Fire & Casualty Company
And Marshall J. Eleuterius**

Respectfully submitted, this the 6th day of November, 2009.

            DANIEL B. O'KEEFE, CELESTE A. FOSTER
            O'KEEFE, AND THE DANCEL GROUP, INC.,
            PLAINTIFFS

         By:*/s/ Christopher C. Van Cleave*
          CHRISTOPHER C. VAN CLEAVE (MSB #10796)