IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
and THE DANCEL GROUP, INC.                                              PLAINTIFFS

VS.                                                Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY and MARSHALL J. ELEUTERIUS                                      DEFENDANTS

**PLAINTIFFS' REBUTTAL TO STATE FARM'S [313] RESPONSE TO PLAINTIFS'
[306] APPLICATION FOR REVIEW OF THE
UNITED STATES MAGISTRATE JUDGE'S [280] ORDER DENYING
<u>PLAINTIFFS' [189] MOTION TO COMPEL DEPOSITONS</u>**

COME NOW the Plaintiffs, and submit their brief Rebuttal to State Farm's [313] Response, as follows:

1. State Farm continues to erroneously focus on the facts of *other* cases, rather than acknowledge the specific claims and defenses at issue in *this case* – which are the only claims that control the parameters of discovery in this case. The allegations that require the depositions of Messrs. Guevara and Carrigan are not "extraneous", as alleged by State Farm in its response. Rather, the facts clearly demonstrate they are the sole claims on which this Court bases its Jurisdiction in this cause.

2. State Farm's suggestion that the time frame represented by the emails to and from Messrs. Carrigan and Guevara presented by Plaintiffs "post-date" the inspection of Plaintiffs' NFIP claim, such that any knowledge these gentlemen possess is not "relevant", entirely misses the point. Plaintiffs are not seeking discovery related only to those emails, but offers those emails to show that Messrs. Carrigan and Guevara are the appropriate State Farm Personnel to answer questions about the subject matter on which the claims upon which this Court staked its Jurisdiction are based. State Farm has not denied, and in fact appears to concede that these two gentlemen are the

1

most knowledgeable about how State Farm drafted, implemented and applied "amended" guidelines for adjusting and paying NFIP claims, including the Plaintiffs'. Plaintiffs allege that State Farm utilized its unique application of guidelines *it created* to pay NFIP claims without proving cause of loss, and began utilizing those guidelines in its unique way long before amended guidelines were formally adopted by the Federal Government, so that State Farm could later wrongfully deny homeowner's claims (including the Plaintiffs') without conducting an adequate investigation. The fact that the only documents Plaintiffs have thus far discovered about how State Farm, through Guevara and Carrigan, developed and applied these "amended guidelines" are dated on and after September 9, 2005 does *not* mean there were no communications or actions by Messrs. Guevara and Carrigan related to this subject matter before that date. The discovery Plaintiffs are properly seeking to conduct is reasonably calculated to discover what efforts State Farm, by and through Guevara and Carrigan, made to manipulate the process for adjusting and paying NFIP claims – with an eye toward improperly avoiding liability on homeowner's claims, during the period during which Plaintiffs' NFIP claims were investigated and paid.

    3.   Ultimately, the weakness of State Farm's position, and the critical nature of the discovery that Plaintiffs are currently being denied, is evident from what State Farm's response does NOT do. The response does not, because it cannot, offer any reasonable explanation about why the depositions sought by the Plaintiffs are not reasonably related to the sole claims on which this Court staked its Jurisdiction in this cause.

      WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request this Court Reverse the Magistrate Judge's [280] Order denying Plaintiffs' [189] Motion to Compel Depositions of Juan Guevara and Dan Carrigan, and Order that State Farm make those witnesses available for deposition forthwith. Plaintiffs further request any additional relief deemed appropriate by this Court.

Respectfully submitted, this the 17th day of November, 2009.

>DANIEL B. O'KEEFE,
>CELESTE A. FOSTER O'KEEFE, and
>DANCEL GROUP, INC., PLAINTIFFS
>
>By:    */s/ David N. Harris, Jr.*
>       DAVID N. HARRIS, JR.

Clyde H. Gunn, III, (MSB #5074)
Christopher C. Van Cleave, (MSB #10796)
W. Corban Gunn, (MSB #101752)
David N. Harris, Jr. (MSB# 100790)
CORBAN, GUNN & VAN CLEAVE, PLLC
P.O. Drawer 1916
Biloxi, Mississippi 39533-1916
Telephone: (228) 432-7826
Facsimile:  (228) 456-0998
christopher@cgvclaw.com

**CERTIFICATE OF SERVICE**

I, undersigned counsel of record, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the EFC system which sent notification of such filing to the following:

B. Wayne Williams, Esq.
Dan W. Webb, Esq.
Roechelle R. Morgan, Esq.
Paige C. Bush, Esq.
Webb, Sanders & Williams, PLLC
363 North Broadway
Post Office Box 496
Tupelo, Mississippi 38802
(662) 844-2137 (off)

wwilliams@webbsanders.com
RRM@webbsanders.com

This the 17th day of November, 2009.

*/s/ David N. Harris, Jr.*
DAVID N. HARRIS, JR.