# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL B. O'KEEFE,** *et al.* | § | **PLAINTIFFS** |
| | § | |
| V. | § | Civil No. 1:08CV600-HSO-LRA |
| | § | |
| **STATE FARM FIRE & CASUALTY** | § | |
| **COMPANY,** *et al.* | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS FOR DECLARATORY JUDGMENT AND FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause comes before the Court upon the Motions of Plaintiffs Daniel O'Keefe, Celeste Foster O'Keefe, and The Dancel Group, Inc. ["Plaintiffs"], for Declaratory Judgment [58] and for Partial Summary Judgment [60], and upon the Cross Motion of Defendant State Farm Fire & Casualty Company ["State Farm"] for Partial Summary Judgment [68]. State Farm has filed a combined Response [67] to Plaintiffs' Motions, and Plaintiffs have filed a combined Rebuttal [78]. Plaintiffs have filed a Response [79] to State Farm's Cross Motion, and State Farm a Reply [88]. State Farm also filed a Record Supplement [231] as to all three Motions, to which Plaintiffs filed a Supplemental Rebuttal [238], and State Farm a Supplemental Reply [252]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that both of Plaintiffs' Motions should be denied, and that State Farm's Cross Motion should be granted.

I. BACKGROUND

Plaintiffs advance claims under three separate insurance policies–State

Farm Business Policy No. 98-33-7526-2, which covered property and operations in New Orleans, Louisiana ["New Orleans Business Policy"]; State Farm Business Policy No. 99-B5-9935-5, which covered property and operations in D'Iberville, Mississippi ["D'Iberville Business Policy"]; and State Farm Homeowner's Policy No. 24-CD-9277-6, which covered the O'Keefes' property at 12901 Hanover Drive, Ocean Springs, Mississippi ["Homeowner's Policy"].  *See* Am. Compl. [245], at p. 3.

Plaintiffs seek partial summary judgment and a declaration as to the coverage of business operations of The Dancel Group, Inc. ["Dancel"], under the D'Iberville Business Policy.  *See* Mots., at pp. 1-2.  Plaintiffs ask the Court to declare that the Policy affords coverage, under Section I, Coverage C, for actual loss of business income suffered by Dancel due to Hurricane Katrina.  *See id.* at pp. 3-4. State Farm counters that Coverage C of the D'Iberville Business Policy only provides coverage for the named insureds, in particular the O'Keefes' own business operations at the insured location in D'Iberville.  State Farm states that it has already paid the O'Keefes $22,764.00 under Coverage C for loss of rents they would have received from Dancel as tenant of the property.  *See* Resp., at pp. 5, 9-10. State Farm asserts that partial summary judgment is appropriate in its favor because Dancel is not an insured under this Policy.  *See* State Farm's Cross Mot. at p. 23.  State Farm also contends that it is entitled to dismissal of Plaintiffs' claims related to Coverage B, Business Personal Property, under this Policy, *see id.*,  as such coverage is clearly excluded on the face of the Business Policy, *see id.*; *see also* D'Iberville Business Policy, attached as Ex. "1" to Pls.' Mots.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, an opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp. 2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not

rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

"The interpretation of an insurance policy is a question of law, not one of fact." *Corban v. United Services Auto. Ass'n,* - - - So. 3d - - - -, 2009 WL 3208704, *4 (Miss. Oct. 8, 2009) (*quoting Noxubee County Sch. Dist. v. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004)). "[I]n interpreting an insurance policy, [a court] should look at the policy as a whole, consider all relevant portions together and, whenever possible, give operative effect to every provision in order to reach a reasonable overall result." *Id.* (*quoting J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998)).

In resolving whether one is an insured under an insurance contract, a court must first determine whether the policy provision is ambiguous. *See Steinwinder v. Aetna Cas. and Sur. Co.*, 742 So. 2d 1150, 1153 (Miss. 1999) (*citing J & W Foods Corp.*, 723 So. 2d at 552). This is accomplished by reading the policy as a whole. *See id.* Ambiguity exists when a policy can be logically interpreted in two or more ways, and one logical interpretation provides for coverage. *See Corban,* 2009 WL 3208704, *5 (*quoting United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008)). If a policy is clear and unambiguous, it must be interpreted as written. *See Corban,* 2009 WL 3208704, *5 (*quoting Martin*, 998 So. 2d at 963).

III.  DISCUSSION

A.   Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs seek summary judgment on the scope of coverage of the D'Iberville Business Policy, arguing that Dancel qualifies as an insured.  The O'Keefes own the insured property, located at 10265 Rodriquez Street, D'Iberville, Mississippi.  *See* Deed of Trust [74].  They applied for and obtained the subject D'Iberville Business Policy, which identifies the insured location as 10265 Rodriguez Street, D'Iberville, Mississippi, 39540-4820.  *See* D'Iberville Business Policy, attached as Ex. "1" to Pls.' Mots.

There can be no dispute that the named insureds on the D'Iberville Business Policy are the O'Keefes, not Dancel.  *See id*. at p. 1.  The Policy defines the words "you" and "yours" as "the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy."  *See id*. at p. 3. Reading the Policy as a whole, the only other provision which arguably defines who or what would constitute another insured appears within a separate and distinct coverage provision of the Policy, entitled  Section II, Comprehensive Business Liability.  However, business liability is not at issue in this case; thus, the definition appearing within that portion of the Policy does not apply to the question posed here.

Even assuming it applied, this section provides as follows:

WHO IS AN INSURED
1. If you are Designated in the Declarations as:
   a. an individual, you and your spouse are insureds but only with respect to the conduct of a business of which you are

        the sole owner;
b.    a partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds but only with respect to the conduct of your business;
c.    an organization other than a partnership or joint venture, you are an insured. Your executive officers, directors and trustees are insureds but only with respect to their duties as your officers, directors or trustees. Your stockholders are also insureds but only with respect to their liability as stockholders.

*Id.* at p. 29.

In addition to the fact that business liability is not at issue here, the designated insureds on the Policy are clearly individuals, Celeste A. Foster and Daniel O'Keefe. Dancel was undeniably a corporation, and thus not a business of which the O'Keefes were sole owners. *See* Secretary of State Filings, attached as Ex. "A" to State Farm's Cross Mot. While the O'Keefes may have been shareholders of the corporation, they were not "sole owners" themselves. Dancel would not qualify as an insured under this provision.

Reviewing the subject Policy as a whole, the Court is of the opinion that the D'Iberville Business Policy is unambiguous on this particular point. Any interpretation qualifying Dancel as an insured under the loss of business income provision of the Policy would be unreasonable. *See Mississippi Farm Bureau Cas. Ins. Co. v. Britt*, 826 So. 2d 1261, 1266 (Miss. 2002) (explaining that "[t]here is an ambiguity in an insurance contract when the policy can be interpreted as having two or more *reasonable* meanings") (emphasis added). A contract that is unambiguous on the four corners of the document will be enforced. *See Zumwalt v. Jones County Bd. of Sup'rs*, - - - So. 3d - - - -, 2009 WL 2883068, *11 (Miss. Sept. 10,

2009). A plain reading of this policy demonstrates that the O'Keefes' D'Iberville Business Policy afforded coverage to them for the loss of their own personal business income, rather than for any loss of income suffered directly by Dancel itself, a separate corporate entity clearly not named as an insured. Plaintiffs have not demonstrated that they are entitled to judgment as a matter of law on this claim. Their Motion for Partial Summary Judgment must be denied.

B.  Plaintiffs' Motion for Declaratory Judgment

In addition to their Motion for Partial Summary Judgment, Plaintiffs seek a declaration regarding Coverage C, for actual loss of business income, under the subject D'Iberville Business Policy. *See* Mots., at p. 3. For the same reasons stated in subsection A, this Motion must be denied.

C.  State Farm's Cross Motion for Partial Summary Judgment

    1.  Dancel's Claims under the D'Iberville Business Policy

State Farm's Cross Motion seeks summary judgment on the claims asserted against it by Dancel with respect to the D'Iberville Business Policy.[1] State Farm asserts that Dancel is not a named insured under the subject Policy, and that summary judgment in its favor is therefore appropriate. *See* State Farm's Cross Mot., at pp. 20-22.

As discussed above, it is beyond dispute that Dancel is not a named insured on the D'Iberville Business Policy. *See* D'Iberville Business Policy, attached as Ex.

---

[1] As noted previously, there are two Business Policies identified in the Amended Complaint. However, in Plaintiffs' Motions and State Farm's Cross Motion, the parties only address the D'Iberville Business Policy.

"1" to Pls.' Mots.  As the Court has already stated, a plain reading of this policy demonstrates that the O'Keefes' D'Iberville Business Policy afforded coverage to them for the loss of their own income, rather than for any loss of income suffered directly by Dancel itself.

Dancel's claims against State Farm are based in contract.  The elements of a breach of contract claim are: (1) the existence of a valid and binding contract; (2) breach of the contract by the defendant; and (3) money damages suffered by the plaintiff.  *See Guinn v. Wilkerson*, 963 So. 2d 555, 558 (Miss. Ct. App. 2006).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).  In this case, State Farm has demonstrated that it had no contract with Dancel as to the Policy at issue here.  State Farm has met its burden of showing that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law as to Dancel's claims against it on the D'Iberville Business Policy.  Partial summary judgment is appropriate in State Farm's favor on this issue.  *See* FED. R. CIV. P. 56.

    2.    <u>O'Keefes' Claim for Business Personal Property under Coverage B on the D'Iberville Business Policy</u>

State Farm argues that the D'Iberville Business Policy does not provide the O'Keefes Coverage B, business personal property coverage.  *See* State Farm's Cross Mot., at p. 22.  It maintains that such property is unambiguously excluded from coverage as a matter of law.  *See id.*  Section I of the Policy states, in relevant part,

that:

> [w]hen a limit of insurance is shown in the Declarations for Coverage B, we will pay for accidental direct physical loss to business personal property at the premises described in the Declarations caused by an insured loss.

D'Iberville Business Policy at p. 4, attached as Ex. "1" to Pls.' Mots.

The Declarations page, at Section I, Coverage and Limits, Coverage B "Business Personal Property," contains a place for listing a limit of insurance. *See* D'Iberville Business Policy at p. 1, attached as Ex. "1" to Pls.' Mots. However, this section clearly reads "Excluded." *Id.* In their Response, Plaintiffs concede that Business Personal Property under Coverage B of this Policy is excluded, though Plaintiffs do argue that, under Coverage C, they can recover compensation for contents. *See* Pls.' Resp., at p. 10. However, this issue is not before the Court.

State Farm has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on the Section I, Coverage B, Business Personal Property, issue as to the D'Iberville Business Policy. Partial summary judgment is therefore appropriate on this question. *See* FED. R. CIV. P. 56.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiffs' Motions for Declaratory Judgment [58] and for Partial Summary Judgment [60] should be denied, and that State Farm's Cross Motion for Partial Summary Judgment [68] should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiffs'

Motions for Declaratory Judgment [58] and for Partial Summary Judgment [60] should both be, and are, hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Defendant State Farm Fire & Casualty Company's Cross Motion for Partial Summary Judgment [68] should be, and is, hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that all claims asserted by Plaintiff Dancel Group, Inc., against Defendant State Farm Fire & Casualty Company under the D'Iberville Business Policy are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that all claims asserted by Plaintiffs against Defendant State Farm Fire & Casualty Company arising under Section I, Coverage B, Business Personal Property, of the D'Iberville Business Policy are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED,** this the 20th day of November, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE