## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DANIEL B. O'KEEFE and
CELESTE A. FOSTER O'KEEFE,
Individually and d/b/a THE DANCEL GROUP, INC.;
and THE DANCEL GROUP, INC.                                              **PLAINTIFFS**

VS.                                             Civil Action No. 1:08cv600 HSO-LRA

STATE FARM FIRE AND CASUALTY
COMPANY; MARSHALL J. ELEUTERIUS;
and John and Jane Doe Defendants A-H                                    **DEFENDANTS**

### STATE FARM FIRE AND CASUALTY COMPANY'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS'
### CLAIMS RELATING TO THE NATIONAL FLOOD INSURANCE PROGRAM

1.  State Farm Fire and Casualty Company ("State Farm") respectfully submits this motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56, as to all of Plaintiffs' claims relating to the National Flood Insurance Program ("NFIP").

2.  State Farm, acting in its capacity as a fiscal agent of the federal government under the NFIP, issued the O'Keefes a federal flood insurance policy for their Mississippi residence. Plaintiff, The Dancel Group, Inc. did not have a federal flood insurance policy issued through State Farm. Following significant damage, including by flood, to the O'Keefes' house and personal property as a result of Hurricane Katrina, State Farm paid the O'Keefes the coverage limits – a total of $350,000 – under their federal flood insurance policy.

3.  Notwithstanding these facts, Plaintiffs advance various claims, both contractual and extra-contractual (*e.g.*, fraud and negligence), seeking an assortment of different relief, including compensatory damages, extra-contractual damages, punitive damages and attorney fees, that arise out of alleged conduct by State Farm relating to the NFIP. The complained-of conduct ranges from State Farm's adjustment of the O'Keefes' NFIP policy (under which the O'Keefes were paid the coverage limits of $350,000) to State Farm's purported exercise of its First Amendment right to lobby the Federal

Emergency Management Agency ("FEMA") to adopt amended claims handling guidelines following Hurricane Katrina (which guidelines applied to certain NFIP claims, but not to Plaintiffs').

4. As discussed more fully in the accompanying memorandum of law, which State Farm hereby refers to and incorporates herein, Plaintiffs' claims based on allegations relating to the NFIP fail as a matter of law.

5. As an initial matter, any contractual claims based on the O'Keefes' NFIP policy fail because the undisputed facts show that the O'Keefes were paid an amount equal to the coverage limits – a total of $350,000 – under their policy. No claim for compensatory damages in contract can lie under such circumstances.

6. Further, to the extent that Plaintiffs' extra-contractual or tort claims are based on State Farm's adjustment of the O'Keefes' NFIP policy, they are also defective as a matter of law. The Fifth Circuit has held that the comprehensive regulatory regime implemented by Congress in its creation of the NFIP pre-empts extra-contractual and tort claims against a NFIP insurer such as State Farm here. *See, e.g.*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005) (rejecting tort claims based on state law); *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) (finding that federal tort claims are also precluded).

7. In addition, to the extent that Plaintiffs' extra-contractual or tort claims are based on State Farm's purported lobbying of FEMA regarding post-Hurricane Katrina guidelines for handling NFIP claims, those, too, should be dismissed for at least three independent reasons. First, regardless of whether they were the product of State Farm's purported lobbying, the amended claims handling guidelines that were adopted by FEMA following Hurricane Katrina became part of the NFIP's regulatory regime, and, as discussed above, claims against NFIP insurers based on NFIP policies are pre-empted. Second, even if federal law permitted Plaintiffs to challenge NFIP regulations through extra-contractual or tort claims against an NFIP insurer (which it does not), the amended guidelines

about which Plaintiffs complain did not apply to the O'Keefes' NFIP claim. Indeed, they were not in effect when the O'Keefes' claim was handled, and even if they had been in effect, they would not have altered the manner in which the O'Keefes' claim was paid. Thus, Plaintiffs cannot show that State Farm's purported lobbying activities had any effect on them, much less a tortious one. <u>Third</u>, State Farm's purported lobbying of FEMA – even if it had resulted in guidelines that impacted the O'Keefes (which it did not) – is protected conduct under the First Amendment of the United States Constitution and cannot provide the basis for the imposition of liability against State Farm here.

    8.    State Farm attaches the following exhibits to this Motion and incorporates them herein by reference:

    Exhibit 1:  The O'Keefes' NFIP policy (policy number 24-RC-0482-5), bearing bates numbers FL-CP-24-Z204-136 100000-100025;

    Exhibit 2:  Excerpts of the claim file relating to the O'Keefes' NFIP policy, bearing bates numbers FL24- Z204-136 100000-100035B, 100047, 100070-74, 100081;

    Exhibit 3:  FEMA Memorandum re Hurricane Katrina – Flood Claim Handling Standards, dated Sept. 21, 2005;

    Exhibit 4:  Plaintiffs' Response to State Farm's First Set of Interrogatories and Requests for Production, dated October 2, 2009; and

    Exhibit 5:  Mar. 30, 2006 Proposal for Storm Damage Repair, prepared for the O'Keefes;

    Exhibit 6:  Nov. 24, 2009 report of State Farm expert Gary Dailey;

    Exhibit 7:  Post-Storm Photographs of the O'Keefes' Property.

WHEREFORE, the Court should enter summary judgment in favor of State Farm and dismiss with prejudice all of Plaintiffs' allegations and claims relating to the National Flood Insurance Program, set forth in Plaintiffs' Third Amended Complaint [245] in paragraphs 40-44, 53, 77-85, 87-92, 96, 99-108, 109-13.

**RESPECTFULLY SUBMITTED**, this 3rd day of December, 2009.

> WEBB, SANDERS & WILLIAMS, P.L.L.C.
> 363 NORTH BROADWAY
> POST OFFICE BOX 496
> TUPELO, MISSISSIPPI 38802
> (662) 844-2137
> DAN W. WEBB, MSB # 7051
> B. WAYNE WILLIAMS, MSB #9769
> J. DOUGLAS FOSTER, MSB #100641
>
> BY:    /s/ Dan W. Webb
>            DAN W. Webb

## CERTIFICATE OF SERVICE

I, Dan W. Webb, one of the attorneys for Defendant, State Farm Fire and Casualty Company, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following ECF participant:

**Christopher C. Van Cleave, Esq.**
**CORBIN, GUNN & VAN CLEAVE, PLLC.**
**146 Porter Avenue (39530)**
**Post Office Drawer 1916**
**Biloxi, Mississippi 39533-1916**

**THIS** the 3rd day of December, 2009.

> /s/ Dan W. Webb
> DAN W. Webb